BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
Logan Starr (SBN 305598)
1330 Broadway, Suite 1630
Oakland, California 94612
Tel. (510) 444-9300
Fax (510) 444-9301
E-mail: bryan@bryanschwartzlaw.com
            logan@bryanschwartzlaw.com

*Attorneys for Individual and Representative
Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAVOYA, LLC, and DOES 1 through 50 inclusive,<br><br>Defendants. | **CASE NO.: 3:18-cv-06510**<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>**(1) Failure to Pay Minimum Wage Compensation for All Hours Worked in violation of Fair Labor Standards Act, 29 U.S.C. § 206;**<br><br>**(2) Failure to Pay Overtime in Violation of Fair Labor Standards Act, 29 U.S.C. § 207;**<br><br>**(3) Failure to Pay Minimum Wage Compensation for All Hours Worked in Violation of Cal. Labor Code §§ 1194 and 1197, and IWC Wage Orders;**<br><br>**(4) Failure to Pay Overtime in Violation of Cal. Labor Code §§ 510, 1194, and 1198, and IWC Wage Orders;**<br><br>**(5) Failure to Reimburse Business Expenses in Violation of Cal. Labor Code § 2802;**<br><br>**(6) Failure to Provide and/or Authorize Meal and Rest Periods / Unpaid Wages in Violation of Cal. Labor Code §§ 226.7 and 512, and IWC Wage Orders;** |

CLASS & COLLECTIVE ACTION COMPLAINT

(7) **Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Labor Code § 226;**

(8) **Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in Violation of Cal. Labor Code §§ 201-203; and**

(9) **Unlawful and/or Unfair Business Practices in Violation of Cal. Business & Professions Code § 17200, *et seq.***

**DEMAND FOR JURY TRIAL**

## I.   **PRELIMINARY STATEMENT**

1.     This is a collective and class action to recover unpaid wages brought by individual and representative Plaintiff Billy Alabsi, on his own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative class members work or worked for Defendant Savoya, LLC ("Savoya" or "Defendant") as drivers ("Drivers"). Savoya provides chauffeured ground transportation services to high-end clients nationwide and across the globe.

2.     The Collective Class is made up of all persons who worked for Savoya as Drivers in the United States at any time within three years prior to this action's filing date through the date of trial in this action (the "Collective Class Period").

3.     The California Class is made up of all persons who worked for Savoya as Drivers in the State of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

4.     The California Itemized Wage Statement Subclass is made up of all California Class Members who are currently working for Savoya or who were working for Savoya at some point within the year preceding this action's filing date.

5.     The California Waiting Time Penalties Subclass is made up of all California Class Members who no longer work for Savoya and have not worked for Savoya for more than 72 hours within three years prior to this action's filing date through the final disposition of this action.

6.     During the Collective Class Period and the California Class Period, Savoya willfully misclassified its Drivers as independent contractors, a decision which resulted in the denial of overtime compensation and minimum wage payments to Savoya's Drivers nationwide. Savoya's California Drivers were additionally deprived of lawful meal and rest breaks, reimbursement for business expenditures incurred and required by their jobs, and other payments consistent with the requirements of California wage and hour laws. Savoya's Drivers are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

1

7.     Plaintiff seeks relief for the Collective Class pursuant to the Fair Labor Standards Act to remedy Savoya's failure to pay the appropriate overtime and minimum wage compensation, in addition to restitutionary relief.

8.     Plaintiff seeks relief for the California Class (and each Subclass) pursuant to applicable state law, rules, regulations, and Wage Order 9-2001 of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy Savoya's failure to: pay appropriate overtime and minimum wage compensation; provide or authorize meal and rest periods or pay meal and rest period premium wages; provide lawful itemized wage statements; reimburse all necessary business expenses; pay waiting time and itemized wage statement penalties; and correct all of the foregoing deficiencies, in addition to restitutionary and injunctive relief.

## II.     THE PARTIES

9.     Individual and Representative Plaintiff Billy Alabsi has worked as a Driver for Savoya for approximately two years in San Francisco, California, where he also resides. He has not driven for Savoya since August 10, 2018. Plaintiff Alabsi brings his claims on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Alabsi is attached as Exhibit A.

10.     Defendant Savoya, LLC is a Delaware corporation with its principal place of business in Dallas, Texas. Savoya does business in California and nationwide, where it provides chauffeured transportation services for corporate and individual clients.

11.     Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff Alabsi. When their true names and capacities are ascertained, Plaintiff Alabsi will amend this complaint by inserting their true names and capacities herein. Plaintiff Alabsi is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff Alabsi and the putative class herein alleged were proximately caused by such Defendants.

12.     Plaintiff Alabsi is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative

2

partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff Alabsi is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

### III.     JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 206, 207, 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

### IV.     DESCRIPTION OF ILLEGAL PAY PRACTICES

15.     Savoya operates a chauffeured limousine and luxury car transportation business. Upon information and belief, Savoya derives all or nearly all of its revenue from the provision of transportation services. Savoya relies on dozens of Drivers in California and hundreds of Drivers nationwide to chauffer its clients. Notwithstanding that Savoya's core business is providing chauffer services, Savoya considers the Drivers who provide those services independent contractors rather than employees.

16.     Savoya pays its Drivers for each trip according to a predetermined Inclusive Rate Schedule, which provides for flat-fee payments based on distance or hourly payments for trips lasting more than two hours.

17.     Savoya retains and exercises extensive control over the day-to-day work of its Drivers, who are assigned specific customers, locations, and times for picking them up and dropping them off each day. Although, nominally, Drivers have the right to decline assignments, in practice, Drivers who decline jobs are penalized by not receiving future jobs from Savoya.

18.     Savoya enforces a strict dress code for its Drivers, requiring them to wear a black suit, black tie, black belt, black socks, and black shoes.

3

19.     Savoya requires its Drivers to provide their own vehicles, which must be black (except for vans and motor coaches), less than three years old, and free of any visible damage to the exterior or interior. Savoya maintains a list of approved sedans and sport utility vehicles. Savoya requires that Drivers adopt environmentally responsible maintenance procedures, including the recycling of used oil, batteries, antifreeze, and tires.

20.     Savoya also requires that the vehicle interiors follow specified standards. Savoya requires that its Drivers' vehicles be stocked with an umbrella, bottled water, newspaper, maps, GPS device, and a detailing kit. Vehicles further must be free of magazines, tissues, candy, promotional materials, or any items hanging from the rearview mirror. Vehicles must be designated as non-smoking and have a neutral odor, although no visible air fresheners are permitted.

21.     Savoya further dictates how Drivers must behave prior to and during trips. Specifically, when waiting for the client, Drivers are required to use tablets with computer-generated signage; hand written signs are prohibited. During the trip, Savoya requires that Drivers not speak unless spoken to, that they confirm radio and temperature preferences with the passenger during the first five minutes of the trip, and that they never discuss rates with passengers.

22.     Savoya closely monitors Drivers during trips, requiring that Drivers keep the Savoya app loaded and that they use status update buttons indicating when the driver is onsite, when the passenger is onboard, and when the passenger is dropped off.

23.     Savoya mandates that its Drivers purchase and maintain liability insurance coverage in a minimum amount set by Savoya. Coach buses and mini-buses require a minimum $5 million liability policy and all other vehicles require a minimum $1 million liability policy. Drivers must list Savoya as an Additional Insured on the policy. Drivers must select an insurance carrier with an A.M. Best rating of A-VII.

24.     Savoya maintains the right to terminate Drivers, without cause, upon 30 days notice.

4

25.     Upon information and belief, many Drivers work full time for Defendant and do not have alternate sources of revenue.

26.     Drivers for Savoya do not have the opportunity to share in the profits or losses of any independent business as a result of their managerial skills.

27.     Savoya's classification of Class Members as independent contractors was "willful," as that term is defined in Labor Code § 226.8(i)(4).

28.     As a result of Savoya's misclassification of its Drivers as independent contractors, Savoya has failed to reimburse California Class Members for employment-related expenses, including: costs of obtaining their vehicles; operation costs associated with the vehicle such as fuel, maintenance, repair, cleaning, and licensing; insurance premiums; costs of purchasing and maintaining service for cellular phones and tablets required by Savoya; and costs of keeping vehicle stocked with umbrella, bottled water, and newspapers.

29.     As a result of Savoya's misclassification of its Drivers as independent contractors and the long hours Savoya has required its Drivers to work, Savoya has willfully and knowingly failed to pay premium overtime compensation to Plaintiff and similarly situated Class Members for hours worked in excess of 40 hours per week. Savoya has similarly willfully and knowingly failed to pay premium overtime compensation to California Class Members for work in excess of 8 hours per day.

30.     As a result of Savoya's misclassification of Class Members as independent contractors and the long hours Savoya have required the Class Members to work, and taking into account the employment-related expenses and deductions the Class Members are forced to bear, Savoya has failed to pay minimum wage compensation to Plaintiff and similarly situated Class Members for all hours worked.

31.     Savoya additionally failed to pay class Class Members for all hours worked by requiring Drivers to arrive at jobs 15 minutes early, referred to as "spot time," but failing to provide Drivers with any compensation for that time.

32.     Savoya further failed to pay Class Members for all hours worked by requiring Drivers to attend mandatory meetings, but failing to provide Drivers with any compensation for that time.

33.     Drivers in California rarely have the opportunity to take uninterrupted, off-duty meal or rest breaks, and Savoya had no policies in place to provide such breaks to Drivers or to pay premiums when such breaks are missed.

34.     As a result of Savoya's misclassification of Class Members as independent contractors, Savoya has failed to itemize the total hours worked and overtime hours on wage statements furnished to Plaintiff and similarly situated Class Members.

35.     Plaintiff is informed, believes, and on that basis alleges that as a result of Savoya misclassifying Class Members as independent contractors, Savoya has not properly maintained payroll records showing the actual hours worked each day by the Class Members, including Plaintiff.

36.     As a result of Savoya misclassifying the Class Members as independent contractors, Savoya has willfully and knowingly failed to pay Drivers, upon termination of their employment, all accrued compensation due.

## **COLLECTIVE ACTION ALLEGATIONS**

37.     Plaintiff Alabsi brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class:** all persons who worked for Savoya as Drivers in the United States at any time within three years prior to this action's filing date through the final disposition of this case.

38.     Upon information and belief, Savoya suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without overtime compensation, and at a rate sometimes below the minimum wage.

39.     Savoya's unlawful conduct has been widespread, repeated, and consistent.

6

40.     Upon information and belief, Savoya knew that Plaintiff and the Collective Class performed work that required payment of overtime pay. Savoya has operated under a scheme to deprive these employees of the appropriate overtime compensation.

41.     Upon information and belief, Savoya knew that Plaintiff and the Collective Class were not paid the minimum wage for all hours worked. Plaintiff and the Collective Class Members routinely earned below minimum wage as a result of the expenses and deductions that Savoya required them to bear.

42.     Savoya misclassified Plaintiff and the Collective Class Members as independent contractors who were not offered the protection of federal minimum wage and overtime laws. Savoya misrepresented to these employees that they were independent contractors and therefore not entitled to minimum wages or overtime pay.

43.     Savoya's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

### V.     CLASS ACTION ALLEGATIONS

44.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45.     Plaintiff brings all claims alleged herein under California law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all persons who worked in California as Drivers for Savoya during the Class Period. Plaintiff seeks to pursue his claims on behalf of the following defined class and subclasses:

**California Class:** All persons who worked for Savoya in the State of California in the last four years through the final disposition of this case as Drivers for Savoya.

**Waiting Time Penalties Subclass**: All California Class members who no longer work for Savoya and have not worked for Savoya for more than 72 hours within three years prior to this action's filing date through the final disposition of this action.

**Itemized Wage Statement Subclass**: All California Class Members who are currently working for Savoya or were working for Savoya at some point within the year preceding the filing of the initial Complaint in this action.

7

46.     Numerosity: The Proposed Class and Subclasses are so numerous that joinder of all members is impracticable. Plaintiff Alabsi is informed and believes, and on that basis alleges, that during the relevant time period, Savoya employed dozens of Drivers who are geographically dispersed and who satisfy the definition of the Class Members and the Subclasses. The names and addresses of the Class Members are available to Savoya. Notice can be provided to Class members via first-class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

47.     Typicality: Plaintiff Alabsi's claims are typical of the Class Members and each of the Subclass Members. Plaintiff Alabsi, like other Class Members and Subclass Members, was subjected to Savoya's common, unlawful policies, practices, and procedures. The claims of Plaintiff Alabsi are typical of the claims of the Class Members and Subclass Members whose contracts misclassified them as independent contractors. Savoya's common course of unlawful conduct has caused Plaintiff Alabsi and similarly situated Class Members (and where applicable, Subclass Members), to sustain the same or similar injuries and damages caused by the same practices of Savoya, including not receiving overtime and minimum wage compensation, meal and rest breaks, accurate wage statements, reimbursements for all necessary business expenses, all wages due upon termination, and similar compensation provided by state and federal wage law. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class Members and the Subclass Members.

48.     Plaintiff Alabsi is typical of the proposed Waiting Time Penalties Subclass, in that he no longer works for Savoya, has not worked for Savoya for more than 72 hours, and is owed unpaid minimum wage and overtime compensation, meal and rest break premiums, and reimbursement for business expenses.

49.     Plaintiff Alabsi is typical of the proposed Itemized Wage Statement Penalties Subclass, in that he worked for Savoya within one year prior to the filing of this suit, and Davoya failed to issue him accurate itemized wage statements.

50.     Adequacy: Plaintiff Alabsi is a member of the Class and each of the Subclasses, does not have any conflicts of interest with other Class Members or Subclass Members, and will

8

prosecute the case vigorously on behalf of the Class and Subclasses. Plaintiff Alabsi will fairly and adequately protect the interests of the Class Members and Subclass Members. Plaintiff Alabsi has retained counsel competent and experienced in complex class actions, and federal and California wage and hour litigation.

51.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

52.   <u>Commonality for the Class:</u> There are questions of law and fact common to Plaintiff Alabsi and the Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)   Whether Savoya can show that Drivers are free from its direction and control when performing work for Savoya, as required to treat Drivers as independent contractors under California law;

(b)   Whether Savoya can show that Drivers perform work outside the usual course of its business, *i.e.*, providing chauffeured transportation services, as required to treat Drivers as independent contractors under California law;

(c)   Whether Savoya can show that Drivers are customarily engaged in an independently established trade or business, as required to treat Drivers as independent contractors under California law;

(d)   Whether Savoya maintained the right to control Drivers, including a right to terminate Drivers at will;

(e)   Whether Savoya has failed to pay Class Members overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

9

(f)     Whether Savoya has failed to pay Class Members appropriate minimum wage compensation for all hours worked;

(g)     Whether the Class Members have necessarily incurred employment-related expenses and losses in carrying out their duties for Savoya, and whether Savoya has failed to properly indemnify Class Members for those expenses and losses in violation of California Labor Code section 2802;

(h)     Whether Savoya failed to make available to Class Members adequate off-duty meal periods, and failed to pay premiums for missed meal periods in violation of California Labor Code sections 226.7 and 512 and IWC Wage Order 9-2001;

(i)     Whether Savoya unlawfully failed to provide timely ten-minute rest breaks to Class Members in violation of California Labor Code section 226.7, and IWC Wage Order 9-2001, and pay premiums when such breaks were missed;

(j)     Whether Savoya has knowingly and intentionally failed to provide Class Members with an itemized statement showing total hours worked with each payment of wages, as required by California Labor Code section 226 and IWC Wage Order 9-2001;

(k)     Whether Savoya has violated California Labor Code section 1174 and IWC Wage Order 9-2001 by failing to maintain documentation of the actual hours worked each day by Class Members;

(l)     Whether the above-described violations of California law constituted unlawful, unfair, and/or fraudulent business practices under Business & Professions Code section 17200 *et seq.*;

(m)     The proper measure of damages sustained by the proposed California Class; and

(n)     Whether Savoya's actions described herein were willful.

53.   <u>Commonality for the proposed Waiting Time Penalties Subclass</u>: Common questions of law and fact exist as to all members of the Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to: whether Savoya has violated California Labor Code sections 201-202 by failing, upon the proposed Subclass Members' termination of employment, to timely pay wages that were due for overtime and minimum wage compensation, and missed meal and rest periods.

54.   <u>Commonality for the proposed Itemized Wage Statement Penalties Subclass</u>: Common questions of law and fact exist as to all members of the Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to: whether Savoya provided adequate itemized wage statements to the proposed Subclass Members pursuant to applicable California law.

55.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

56.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed California Class (and each of the proposed California Subclasses) predominate over any questions affecting only individual members of the proposed California Class (and Subclasses), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the proposed California Class members the minimum wage, overtime pay, reimbursements, and other compensation to which they are entitled. The damages suffered by the individual California Class Members are small compared to the expense and burden of individual prosecution of this litigation especially in light of the minimum wage claims asserted on behalf of the proposed California Class. Proposed California Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In

addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

57.     Plaintiff intends to send notice to all members of the proposed California Class (and each Subclass) to the extent required by Rule 23. The names, e-mail addresses, and mailing addresses of the members of the proposed California Class (and Subclasses) are available from Defendant.

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wage Compensation in Violation**
**of the Fair Labor Standards Act**
**(On Behalf of Plaintiff Alabsi and the Collective Class)**

58.     Plaintiff Alabsi, on behalf of himself and the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

59.     Plaintiff Alabsi consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216 (b). Plaintiff Alabsi's written consent form is attached hereto as Exhibit A.

60.     At all relevant times, notwithstanding Defendant's classification of Plaintiff and similarly situated Drivers as independent contractors, Defendant exercised control over the terms and conditions of their work so that they were actually "employees" within the meaning of 29 U.S.C. § 203(d).

61.     In that regard, Defendant could and did control the appearance of Drivers and their vehicles. Defendant could and did control when and where Drivers worked for Defendant. Defendant could and did exercise significant control over how Drivers performed their work for Defendant, including by dictating Drivers' behavior during rides and monitoring the progress of rides.

62.     At all relevant times, Defendant maintained the right to control Drivers, including the right to terminate Drivers at will.

63.     At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

64.     The FLSA, 29 U.S.C. § 206, requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than $7.25 an hour for all hours worked.

65.     During their employment with Defendant, within the applicable statute of limitations, Plaintiff Alabsi and the Collective Class Members performed work for Defendant. Despite the hours worked by Plaintiff and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate minimum wage compensation for all hours worked.

66.     As a result of Defendant's willful and unlawful conduct, Plaintiff Alabsi and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wage compensation wages for all hours worked.

67.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

68.     Pursuant to 29 U.S.C. §§ 206 and 216(b), Plaintiff Alabsi and the Collective Class are entitled to recover the full amount of unpaid minimum wage compensation, liquidated damages, and interest thereon.

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-year state of limitations applies to such violations.

70.     Plaintiff, on behalf of himself and the Collective Class, seeks recovery of his attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Compensation in Violation**
**of the Fair Labor Standards Act**
**(On Behalf of Plaintiff Alabsi and the Collective Class)**

71.     Plaintiff Alabsi, on behalf of himself and the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

13

72.     The FLSA, 29 U.S.C. § 207, requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per work week.

73.     When they worked for Defendant, within the applicable statute of limitations, Plaintiff Alabsi and the Collective Class Members often worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class Members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all hours worked in excess of forty.

74.     As a result of Defendant's willful and unlawful conduct, Plaintiff Alabsi and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all hours actually worked in excess of forty hours per week.

75.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

76.     Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff Alabsi and the Collective Class are entitled to recover the full amount of unpaid overtime compensation, liquidated damages, and interest thereon..

77.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-year state of limitations applies to such violations.

78.     Plaintiff, on behalf of himself and the Collective Class, seeks recovery of his attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**Failure to Pay Minimum Wage Compensation**
**California Labor Code §§ 1194 and 1197; IWC Wage Order No. 9**
**(On Behalf of Plaintiff Alabsi and the California Class)**

79.     Plaintiff Alabsi, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

14

80.     Defendant was the "employer" of Plaintiff Alabsi and the California Class under the California Labor Code.

81.     Defendant controlled and directed the work of Plaintiff Alabsi and the California Class, both under the terms of the contracts signed by Class Members and in fact.

82.     The work performed by Plaintiff Alabsi and the California Class was within the usual course of Defendant's business, *i.e.*, providing chauffeured transportation services.

83.     Plaintiff Alabsi and the California Class Members are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for Defendant.

84.     By failing to pay minimum wage compensation to Plaintiff Alabsi and similarly situated Class Members as alleged above, Defendant has violated California Labor Code sections 1194 and 1197, and IWC Wage Order 9-2001, which require minimum wage compensation for non-exempt employees.

85.     By failing to maintain adequate time records as required by California Labor Code section 1174(d) and IWC Wage Order 9-2001, Defendant has made it difficult to calculate the minimum wages due to Plaintiff Alabsi and similarly situated Class Members.

86.     As a result of Defendant's unlawful acts, Plaintiff Alabsi and similarly situated Class Members have been deprived of minimum wage compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under California Labor Code section 1194.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Compensation**
**(California Labor Code §§ 510, 1194, and 1198; California IWC Wage Order 9-2001)**
**(On Behalf of Plaintiff Alabsi and the California Class)**

87.     Plaintiff Alabsi, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

88.     By failing to pay overtime compensation to Plaintiff Alabsi and California Class Members as alleged above, Defendant has violated California Labor Code section 510 and IWC Wage Order 9-2001, which require overtime compensation for non-exempt employees.

89.     By failing to maintain adequate time records as required by California Labor Code section 1174(d) and IWC Wage Order 9-2001, Defendant has made it difficult to calculate the minimum wages due to Plaintiff Alabsi and similarly situated Class Members.

90.     As a result of Defendant's unlawful acts, Plaintiff Alabsi and similarly situated Class Members have been deprived of minimum wage compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under California Labor Code section 1194.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Reimbursement of Business Expenses**
**(California Labor Code § 2802)**
**(On Behalf of Plaintiff Alabsi and the California Class)**

91.     Plaintiff Alabsi incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

92.     Defendant is an "employer" within the meaning of section 2802 because they each meet the common law employer test, as alleged in preceding paragraphs.

93.     While acting on the direct instruction of Defendant and discharging their duties for it, Plaintiff Alabsi and California Class Members incurred work-related expenses which Defendant, as a matter of policy, did not reimburse. These unreimbursed expenses include, but are not limited to: costs of obtaining their vehicles; operation costs associated with the vehicle such as fuel, maintenance, repair, cleaning, and licensing; insurance premiums; costs of purchasing and maintaining service for cellular phones and tablets required by Defendant; and costs of keeping vehicle stocked with umbrella, bottled water, and newspapers.

94.     Plaintiff Alabsi and the California Class incurred these substantial expenses and losses as a direct result of performing their job duties for Defendant.

95.     By requiring Plaintiff Alabsi and California Class Members to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience of Defendant's direction without properly indemnifying for these losses, Defendant has violated California Labor Code section 2802.

96.   As a direct and proximate result of Defendant's conduct, Plaintiff Alabsi and California Class Members have suffered substantial losses according to proof, as well as pre-judgment interest.

97.   By unlawfully failing to reimburse the business expenses Plaintiff Alabsi and California Class Members, Defendant is also liable for reasonable attorneys' fees and costs under Labor Code section 2802(c).

### SIXTH CAUSE OF ACTION
**Failure to Provide Meal Periods and Rest Breaks**
**(California Labor Code §§ 226.7 and 512; California IWC Wage Order 9-2001)**
**(On Behalf of Plaintiff Alabsi and the California Class)**

98.   Plaintiff Alabsi, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

99.   Plaintiff Alabsi and California Class Members regularly worked in excess of five (5) hours a day without being afforded at least a half-hour uninterrupted meal period in which they were relieved of all duties, as required by California Labor Code sections 226.7 and 512, and IWC Wage Order 9-2001.

100.   Plaintiff Alabsi and California Class Members have regularly worked in excess of ten (10) hours a day without being afforded a second half-hour uninterrupted meal period in which they were relieved of all duties, as required by California Labor Code sections 226.7 and 512, and IWC Wage Order 9-2001.

101.   Because Defendant failed to afford proper meal periods, it is liable to Plaintiff Alabsi and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code section 226.7 and IWC Wage Order 9-2001.

102.   Plaintiff Alabsi and California Class Members regularly worked more than three and one-half hours in a day without being authorized and permitted to take a 10-minute rest period in which they were relieved of all duties, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute rest periods in which they were relieved of all duties per four hours or major fraction thereof, as required under California Labor

17

Code section 226.7 and IWC Wage Order 9-2001. Plaintiff Alabsi and California Class Members have regularly worked in excess of 10 hours without being authorized and permitted to take additional 10-minute rest periods in which they were relieved of all duties.

103.    Because Defendant failed to afford proper rest periods, it is liable to Plaintiff Alabsi and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code section 226.7(b) and IWC Wage Order 9-2001.

104.    Defendant's failure to pay meal and rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Orders.

105.    By violating California Labor Code sections 226.7 and 512, and IWC Wage Order 9-2001, Defendant is also liable for reasonable attorneys' fees and costs for enforcing the public interest underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure section 1021.5.

**SEVENTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**(California Labor Code § 226; California IWC Wage Order 9-2001)**
**(On Behalf of Plaintiff Alabsi and the Itemized Wage Statement Penalties Subclass)**

106.    Plaintiff Alabsi, on behalf of himself and the Itemized Wage Statement Penalties Subclass, alleges and incorporates by reference the allegations in the preceding paragraphs.

107.    California Labor Code section 226(a) and IWC Wage Order 9-2001 require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee. California Labor Code section 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

108.    Defendant knowingly and intentionally failed to furnish Plaintiff Alabsi and Subclass Members with timely, itemized statements showing the total hours worked, as required

18

by California Labor Code section 226(a) and IWC Wage Order 9-2001. As a result, Defendant is liable to Plaintiff Alabsi and Subclass Members for the amounts provided by California Labor Code section 226(b).

109.    Defendant violated California Labor Code section 1174 and IWC Wage Order 9-2001 by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiff Alabsi and Subclass Members. As a direct and proximate result of Defendant's failure to maintain payroll records, Plaintiff Alabsi and Subclass Members have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued overtime and minimum wage pay.

110.    Plaintiff Alabsi, on behalf of himself, and similarly situated Class Members, requests relief for the amounts provided by California Labor Code section 226(b).

111.    By violating California Labor Code section 226 and IWC Wage Order 9-2001, Defendant is also liable for reasonable attorneys' fees and costs for enforcing the public interest underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure section 1021.5.

**EIGHTH CAUSE OF ACTION**
**Late Pay and Waiting Time Penalties**
**(California Labor Code §§ 201-203)**
**(On Behalf of Plaintiff Alabsi and the Waiting Time Penalties Subclass)**

112.    Plaintiff Alabsi, on behalf of himself and the Waiting Time Penalties Subclass, alleges and incorporates by reference each allegation of the preceding paragraphs.

113.    California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

114.     Plaintiff Alabsi and Subclass Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

115.   More than 72 hours have passed since Plaintiff Alabsi and Subclass Members left Defendant's employ.

116.   Defendant willfully failed to pay Plaintiff Alabsi and Subclass Members minimum wages, overtime wages, meal and rest period premiums, and reimbursement for business expenses.

117.   As a consequence of Defendant's willful failure to timely compensate Plaintiff Alabsi and Subclass members for all hours worked, Plaintiff Alabsi and Subclass Members whose employment ended during the Waiting Time Penalties Class Period are entitled up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**NINTH CAUSE OF ACTION**
**Violations of the Unfair Competition Law ("UCL")**
**(California Business & Professions Code §§ 17200 *et seq.*)**
**(On Behalf of Plaintiff Alabsi and the California Class)**

118.   Plaintiff Alabsi, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

119.   Defendant improperly, fraudulently, and unlawfully classified California Class Members as "independent contractors" and have thereby committed unlawful, unfair and/or fraudulent business acts and practices as defined by California Business & Professions Code section 17200, by engaging in the following:

   (a)   Requiring Class Members to work for periods of five or more consecutive hours without having at least one half-hour, off-duty break for meals;

   (b)   Failing to properly indemnify Plaintiff Alabsi and similarly situated Class Members for employment-related business expenses and losses;

   (c)   Failing to pay Plaintiff Alabsi and Class Members their premium wages earned while working without lawful mandated meal and rest breaks;

   (d)   Failing to pay overtime and minimum wage compensation to Plaintiff Alabsi and similarly situated Class Members;

20

(e)     Failing to provide accurate itemized wage statements to Plaintiff Alabsi and similarly situated Class Members;

(f)     Failing to maintain accurate payroll records showing the actual hours worked each day by Plaintiff Alabsi and similarly situated Class Members; and

(g)     Failing to pay all accrued overtime and minimum wage compensation, and meal and rest period compensation to Plaintiff Alabsi and the Class Members upon termination of their employment.

120.    Plaintiff Alabsi lost money and property as a result of Defendant's unlawful business practices described above.

121.    Pursuant to the UCL, Plaintiff Alabsi and California Class Members are entitled to restitution of money or property gained by Defendant, including unnamed Doe Defendants, by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

122.    Pursuant to the UCL, Plaintiff Alabsi and California Class Members are entitled to injunctive relief against Defendant's ongoing unlawful business practices. If an injunction does not issue enjoining Defendant from engaging in the unlawful business practices described above, Plaintiff Alabsi and the general public will be irreparably injured.

123.    Plaintiff Alabsi and California Class Members have no plain, speedy, and adequate remedy at law. Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff Alabsi and California Class Members, and of the general public.

124.    Pursuant to Business & Professions Code section 17200, *et seq.*, Plaintiff Alabsi and the California Class Members are entitled to restitution for all unpaid business expenses, overtime, minimum wage, meal period, and rest period compensation, and interest that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action and a declaration that Defendant's business practices are unfair within the meaning

of the statute, in addition to an award of attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5 and other applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alabsi, on behalf of himself and the proposed Collective Class and California Class, request judgment and the following specific relief against Defendant as follows:

A.  That the Court determine that this action may proceed as a collective action under 29 U.S.C. § 216(b) of the FLSA;

B.  That the Court determine that this action may proceed as a class action under Federal Rule of Civil Procedure 23;

C.  That Defendant's Drivers are found to be employees rather than independent contractors pursuant to the FLSA and the California Labor Code;

D.  That Defendant is found to have violated the minimum wage and overtime provisions of the FLSA as to Plaintiff and the Collective Class;

E.  That Defendant is found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

F.  That Defendant's violations as described above are found to be willful;

G.  That Defendant is found to have violated the minimum wage, overtime, meal/rest periods, business expense, timely payment of wages, and wage statement provisions of the California wage laws cited above as to Plaintiff and the California Class (and Subclasses);

H.  An award to Plaintiff and the Class Members for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

I.  That Defendant be ordered and enjoined to pay restitution to Plaintiff and the California Class due to Defendant's unlawful activities, pursuant to California state law cited above;

22

J.  That Defendant further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

K.  That the Court grant declaratory relief stating that Defendant's scheme is unlawful;

L.  For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), California Labor Code §§ 218.5, 1194, California Code of Civil Procedure § 1012.5, and/or other applicable state laws; and

M.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Alabsi, on behalf of himself and the Class and Collective, hereby demands a jury trial on all issues.

Dated: October 24, 2018                                   Respectfully submitted,

                                                          **BRYAN SCHWARTZ LAW**

                                          By:    */s/ Bryan J. Schwartz*
                                                 Bryan Schwartz, Esq.
                                                 Logan Starr, Esq.
                                                 *Attorneys for Individual and*
                                                 *Representative Plaintiff and the*
                                                 *Putative Class*

23