BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Ryan T. Chin (SBN 281777)
180 Grand Avenue, Suite 1380
Oakland, CA  94612
Telephone: (510) 444-9300
Facsimile:  (510) 444-9301
Email: bryan@bryanschwartzlaw.com
        rchin@bryanschwartzlaw.com

*Attorneys for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAVOYA, LLC, and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 4:18-cv-06510-KAW<br><br>CLASS & COLLECTIVE ACTION<br><br>**DECLARATION OF BRYAN J. SCHWARTZ, ESQ. IN SUPPORT OF PLAINTIFF ALABSI'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |

I, Bryan J. Schwartz, declare as follows:

      1.      I am counsel of record for Plaintiff in the above-captioned matter. I am over 18 years of age, and I am competent to testify. I would testify, if called upon to do so, to the following matters on the basis of my personal knowledge, except as to those matters which are stated as upon information and belief, which are matters of which I am informed and which I believe to be true.

      2.      Plaintiff initiated formal discovery and we obtained tens of thousands of pages of formal discovery, and extensive mediation-related discovery concerning damages. Defendant also produced the class list to Plaintiff.

      3.      On June 4, 2019, the parties filed a joint stipulation to stay the case pending private mediation. The parties agreed to participate in informal discovery for the purpose of mediation while staying the deadlines to respond to formal discovery requests.

      4.      On June 7, 2019, this Court issued an order granting the stipulation.

      5.      The parties attended a successful mediation with mediator Cynthia Remmers, Esq., on August 29, 2019.

      6.      After a full day of mediation, the parties executed a memorandum of understanding on August 29, 2019 in the evening.

      7.      After hashing out every term, on October 18, 2019, the parties fully executed a long-form settlement agreement. Attached hereto as **Exhibit 1** is a true and correct copy of the long-form settlement agreement ("Settlement Agreement").

      8.      In agreeing to the terms contained in the Settlement Agreement, Plaintiff relied upon extensive information, documents, and data provided by Plaintiff and Defendants in discovery. Defendant also made numerous representations regarding Savoya's financial state that influenced the negotiations.

      9.      Based upon a detailed review of the comprehensive record summarized above, Plaintiff was well-equipped to evaluate the strengths and weaknesses of his class claims regarding Defendant's liabilities, possible exemption defenses, the likelihood of class certification, Defendant's potential damages exposure, and the risk of non-payment.

10.     Based on information provided by Defendant, I calculated class members' theoretical damages. I used Microsoft Excel to estimate the average number of hours driven by each class member per week, and applied overtime (and where applicable, minimum wage) rates, penalties, liquidated damages under state law, and state-specific interest rates to the product demonstration shifts identified, making reasonable assumptions regarding overtime hours worked, minimum wages unpaid, California meal and rest breaks missed, and unreimbursed business expenses.

11.     The $750,000 total settlement amount shall be delivered to the Settlement Administrator in three equal payments, with six months between payments, with the first payment due 30 days after the expiration of the date for appeal of the Final Approval Order and Judgment. Defendant will also submit to Plaintiff's counsel a Standby Letter of Credit ("SLOC") from Defendant's commercial bank guaranteeing to satisfy the settlement amounts, to protect class members against the risk of insolvency or inability to pay timely by Defendant.

12.     Defendant produced data from its records identifying each trip performed by each Driver in the state of California. Based on Defendant's data, we found that 44 Drivers worked for Defendant in California between March 18, 2017, and August 12, 2019.

**THE FEES AND COSTS ARE REASONABLE.**

13.     Plaintiff's counsel anticipates moving for approval of the Ninth Circuit's benchmark, twenty-five percent (25%) of the $750,000 total settlement amount in attorneys' fees (*i.e.*, $187,500) in a separate fee petition, to be filed and made available on the case website more than 15 days in advance of the deadline for class members to opt out or object to the settlement. In our fee petition, Plaintiff's counsel will provide the Court with a detailed breakdown of the hours Plaintiffs' counsel spent and the rates billed. Bryan Schwartz Law has spent hundreds of hours on this strictly-contingency matter, and anticipates having incurred over $150,000 in lodestar attorneys' fees  by the time of final approval.

14.     From the inception of this case, Bryan Schwartz Law has vigorously advocated for the interests of class members, including defeating a motion to dismiss; propounding discovery requests to Defendants; and analyzing over a thousand pages of documents.

15.     Our firm has incurred and, through approval, will continue to incur costs in prosecuting this lawsuit. In total, Bryan Schwartz Law has incurred approximately $5,443 to date in costs to prosecute this case. The proposed settlement agreement provides for recovery of attorneys' fees and costs up to one-third ($250,000). Because I plan to seek only the Ninth Circuit's benchmark (25%), based upon the structure of the settlement, the unused funds allocated for fees and costs will be redistributed to class and collective action members as part of the Net Settlement Sum, once the Court preliminarily approves the proposed settlement.

**THE CLAIMS ADMINISTRATOR AND CLASS NOTICE SHOULD BE APPROVED.**

16.     Rust Consulting is a reputable claims administration firm, which submitted a competitive bid relative to two other settlement administration firms asked to submit bids. Rust has provided good service to the parties in successfully administering other complex wage-and-hour settlements.

17.     Attached hereto as **Exhibit 2** is a true and correct copy of the Class Notice which Rust will be tasked with mailing, upon approval of the settlement.

**THE NET SETTLEMENT AMOUNT COMPARES FAVORABLY WITH THE ESTIMATED VALUE OF THE CLASS CLAIMS.**

18.     Defendant presented information for mediation showing a significant risk of non-payment, and agreed to present evidence as needed to the Court on this point, which is filed contemporaneously herewith.

19.     In light of the raised financial concerns, I considered the potential risks involved, including bankruptcy proceedings and non-payment.

20.     To avoid potential risks of insolvency, Plaintiff required, as a component of the proposed Settlement Agreement, that Defendant agree to submit to Plaitiff's counsel a SLOC from Defendant's commercial bank guaranteeing the settlement amounts on the dates established in the Settlement Agreement.

21.     I have seen colleagues in other misclassification class actions lose – or nearly lose – massive favorable outcomes after appellate reversals. For example, in *In re Farmers Insurance Exchange,* 481 F.3d 1119, 1132 (9th Cir. 2007), the Ninth Circuit reversed a $52.5 million

plaintiffs' verdict, finding claims adjusters exempt. The Supreme Court's decision in *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142 (2012), abrogated *In re Novartis Wage and Hour Litig.,* 611 F.3d 141 (2d Cir. 2010) – as to which a $99 million settlement received final approval *the month* before the Supreme Court's decision. Attached hereto as **Exhibit 3** is a true and correct copy of the Final Approval Order in *In re Novartis Wage & Hour Litig.*, 1:06-MD-1974-PAC (ECF No. 214) (S.D.N.Y. May 31, 2012).

22.    Because of the many pitfalls remaining for the class were this litigation to proceed to conclusion through trial and appeals, and the risk of non-payment, compared with the substantial, relatively prompt recovery provided for by the Settlement Agreement reached by the parties, I recommend approval of the Settlement Agreement, and consider it a good result for the 44 class and collective action members in this case.

23.    The Settlement Agreement provides for approximately $12,216 per person, net, on average. This compares favorably with the theoretical damages available to class members.

24.    Based on my analysis of the potential penalties, I determined that class members' theoretical unpaid wages (including missed meal/rest breaks) sum to $639,000, and unreimbursed business expenses sum to $673,000. In total, I estimate class members' theoretical damages equal approximately $1,312,000. Dividing the gross settlement amount for class members of $750,000 by $1,312,000 equals 57.1%.

25.    Attached hereto as **Exhibit 4** is a true and correct copy of the Plaintiffs' motion for final approval of class action settlement (Dkt. No. 84) and order granting the same (Dkt. No. 92) in *O'Sullivan v. AMN Services*, No. 12-cv-2125-JCS (final approval granted Jan. 1, 2014).

### PLAINTIFF ALABSI IS ADEQUATE; HIS REQUESTED SERVICE AWARD IS WARRANTED.

26.    I have worked closely with Plaintiff Billy Alabsi with respect to this case for more than one year. During that time, Mr. Alabsi has repeatedly demonstrated his commitment to the class, including numerous discussions and meetings with counsel, attending the parties' August 29, 2019 mediation in person (having to shut down his business for the day), providing

information and declarations in support of the case, reviewing pleadings, and more generally, evincing an ongoing interest in vindicating the rights of class members. Based on my extensive work with Mr. Alabsi, I believe Mr. Alabsi has no conflicts with the class and subclasses, and would continue to serve the class and subclasses well as their Class Representative if appointed by the Court.

27.     Without Mr. Alabsi stepping forward to publicly assert his claims, no driver would now recover. Others declined to serve as class representatives for fear of retaliation, public notoriety, unwillingness to commit the time (cf. Mr. Alabsi's investment of multiple, full days of work on behalf of class members while bearing his own costs), and other personal circumstances.

28.     I believe that the $7,500 service award requested for Plaintiff Alabsi is the minimum service awards in a case of this nature which would viably promote the public policy interest in encouraging those with wage-and-hour claims to assert them despite the fears, personal burdens, and time associated with doing so. Without Mr. Alabsi's contributions to the record through (among other things) leads for topics of discovery to develop by Plaintiff's counsel, the prospect of recovery for drivers in this case would have been far from assured.

29.     Attached hereto as **Exhibit 5** is a true and correct copy of the final approval order in *Buckingham v. Bank of America, N.A.*, No. 3:15-cv-6344-RGS (N.D. Cal.) (ECF No. 103).

30.     Attached hereto as **Exhibit 6** is a true and correct copy of the final approval order in *Wright v. Adventures Rolling Cross Country, Inc.*, No. C-12-0982 (N.D. Cal.) (ECF No. 174).

31.     Attached hereto as **Exhibit 7** is a true and correct copy of the final approval order in *Boyd v. Bank of Am. Corp.*, No. CV 13–0561 (C.D. Cal.) (ECF No. 397).

32.     On September 30, 2019, I performed an internet search using the Google search engine with the search term "Billy Alabsi." On the first page of results, I identified a link to a website that published this Court's March 25, 2019 order in this case.

### THE CY PRES BENEFICIARY IS APPROPRIATE.

33.     The requested cy pres beneficiary, Legal Aid at Work, is the leading provider of direct legal services in employment law for low-wage workers in California. More information

about this organization's work can be found at https://legalaidatwork.org/our-mission-and-how-we-work (last accessed October 1, 2019).

34.     On October 24, 2018, Plaintiff, through counsel, exhausted his administrative remedies with the Labor Workforce and Development Agency ("LWDA"). The LWDA did not respond.

35.     If the Court preliminarily approves the Settlement Agreement, then Plaintiff, through counsel, will submit the Settlement Agreement to the LWDA for review, per Labor Code § 2699(l)(2).

## QUALIFICATIONS OF COUNSEL

36.     I am an experienced wage and hour practitioner. Some of my qualifications are as follows:

a.      Having previously worked with the plaintiffs'-side employment firms of Passman & Kaplan and Nichols Kaster, and having run my own firm for over nine years, I am experienced in representing workers before numerous U.S. District Courts, the Ninth Circuit, the Federal Circuit, state courts of California, and a host of administrative agencies.

b.      I am an experienced wage-and-hour class action litigator and zealous plaintiffs' advocate, with extensive experience litigating employment class actions. I have been approved as class counsel dozens of times, by numerous federal judges in wage and hour actions against corporations, either upon Rule 23 motions or as part of settlement approval, including but not limited to Judges Yvonne Gonzalez Rogers, Vince Chhabria, Saundra Brown Armstrong, Susan Illston, Jeffrey White, Edward Chen, Lucy Koh, Richard Seeborg, Claudia Wilken, and Elizabeth Laporte, of the United States District Court for the Northern District of California, and other judges in the Central District of California and courts around the country. I have also been approved as class counsel in wage/hour class actions by the complex divisions of the Superior Court of California in Orange, Marin, Alameda, Santa Clara, Sonoma, Los Angeles, and San Francisco counties, and by the U.S. Equal Employment Opportunity Commission (in a class discrimination case against a federal agency).

c.      Among the many cases in which my firm, Bryan Schwartz Law, has been approved as Class Counsel are: *Boyd, et al. v. Bank of Am. Corp.*, 300 F.R.D. 431, 444 (C.D. Cal. 2014) (a wage/hour class action alleging misclassification); *Marino v. CACafe, Inc., et al.*, 16-cv-6921-YGR (N.D. Cal. Apr. 26, 2019); *Roy v. MI Group, Inc.*, 17-cv-5800-EDL (N.D. Cal. Nov. 27, 2018) (same); *Buckingham, et al. v. Bank of America,* 15-cv-6344-RS (N.D. Cal. July 11, 2017) (same); *Lee, et al. v. JPMorgan Chase, et al.,* 13-cv-1511-JLS (C.D. Cal.) (same); *Yim, et al. v. Carey Limousine NY,* 14-cv-5883-WFK-JO (E.D.N.Y.) (same); *Adlao, et al., v. JPMorgan Chase, et al.*, 10-cv-04508-SBA (N.D. Cal.) (same); *Johnson v. Quantum Learning Network*, 5:15-cv-05013-LHK (N.D. Cal.) (same); *Wright, et al. v. Adventures Rolling Cross Country*, et al., 12-cv-982-EMC (N.D. Cal.) (same); *Pearson, et al. v. Samsonite Company Stores, Inc., et al.*, 09-cv-1263-JSW (N.D. Cal.) (same); *Kairy, et al. v. Supershuttle, et al.,* 08-cv-02993-JSW (N.D. Cal.) (same); *Call, et al. v. Shutterstock, Inc.*, SCV-26284 (Sonoma Super. Ct. Sep. 3, 2019) (same); *Amenya, et al. v. Henry Industries*, RG15754205 (Alameda Super. Court) (same); *Ford, et al. v. Axis Appraisal Management Solutions, et al.*, Civ. 1403236 (Marin Super. Ct.) (same); *Azadi, et al. v. Carey Limousine, et al.*, Case No. CGC-12-527396 (S.F. Super. Ct.) (same); *Duque, et al. v. Bank of America*, 18-1298-PA (C.D. Cal. May 13, 2019) (wage-hour class action); *Martinez, et al., v. Incom Mechanical, et al.,* 11-cv-01392-SI (N.D. Cal.) (Illston, J.) (same); *Policarpio, et al. v. Quality Medical Imaging*, RG16835690 (Alameda Super. Ct.) (same); *Greene, et al. v. Shift Operations, et al.*, CGC-16-552-307 (S.F. Super. Ct.) (same); *Austin, et al. v. Cosco Fire Protection, Inc.,* RG16831960 (Alameda Superior Court) (same); *Jenkins et al. v. Whitestone Group,* CGC-14-541930 (S.F. Super. Ct.) (same); *Jenkins, et al. v. G4S Govt. Solutions,* JCCP No. 4545 (Los Angeles Super. Ct.) (same); *Garcia, et al. v. Landmark Hospitality, et al.*, CGC-13-532871 (S.F. Super. Ct.) (same); *Quiles, et al. v. Koji's Japan Inc., et al.*, Civ. No. 30-2010-00425532-CU-OE-CXC (Orange Super. Ct.) (same).

d.      After graduating Cornell University *magna cum laude*, I attended and graduated UC Berkeley's Boalt Hall School of Law. Thereafter, I served as law clerk to the late Hon. Franklin Van Antwerpen (formerly of the Eastern District of Pennsylvania and the U.S. Court of Appeals for the Third Circuit). I am the past Chair of the Labor & Employment Law

Section of the State Bar of California (now called the California Lawyers Association, with over 8,000 members), a former member of the Executive Board of the California Employment Lawyers Association (CELA), a member of the Board of Directors of Legal Aid at Work (formerly the Legal Aid Society – Employment Law Center), and the past President of the Foundation for Advocacy Inclusion and Resources (FAIR – a non-profit established by CELA leaders to increase diversity in the profession).

e.       I appeared before the California Supreme Court as the author of the CELA and Consumer Attorneys of California brief in *Brinker Restaurant Corp. v. Superior Court (Hohnbaum)* 53 Cal.4th 1004 (2012), and CELA's briefs in *Kirby v. Immoos Fire Protection* 53 Cal.4th 1244 (2012), *Duran v. US Bank, NA* 137 Cal.Rptr.3d 391 (2012), and *ZB, N.A. v. Superior Court (Lawson),* 8 Cal.5th 175 (2019), each a wage/hour matter which affects millions of workers statewide.

f.       I have been recognized every year since 2015 by the *Daily Journal* as one of the top 75 labor and employment lawyers in California, and am selected every year as a "Super Lawyer" by *Super Lawyers* magazine.

g.       In sum, I have extensive experience and am qualified to act as Class Counsel, having done so successfully in many similar actions. I do not have any conflicts with the class. I have the financial ability to represent this class through the remaining litigation and, if the Settlement is approved, through final administration of the same.

h.       My associate Ryan T. Chin, assisting me in this litigation, is a 2011 graduate of UCLA School of Law, and member of the California Bar, who was previously a staff attorney for eight years, both at the Ninth Circuit Court of Appeals and Eleventh Circuit Court of Appeals. He previously obtained a Bachelor of Arts degree in English, from UC Irvine.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 18, 2019                    */s/ Bryan J. Schwartz*
                                            Bryan J. Schwartz
                                            BRYAN SCHWARTZ LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 3:18-cv-06510-KAW

# EXHIBIT 1

1   BRYAN SCHWARTZ (SBN 209903)
    bryan@bryanschwartzlaw.com
2   RYAN CHIN (SBN 281777)
    rchin@bryanschwartzlaw.com
3   BRYAN SCHWARTZ LAW
    180 Grand Avenue, Suite 1380
4   Oakland, California 94612
    Telephone: +1 510 444 9300
5   Facsimile:  +1 510 444 9301

6   *Attorney for Plaintiff Billy Alabsi*

7

8

9

10

11

LYNNE C. HERMLE (SBN 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (SBN 155507)
jliburt@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:  +1 650 614 7400
Facsimile:   +1 650 614 7401

CORTNEY C. THOMAS (*pro hac vice*)
(TEXAS SBN 24075153)
cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas  75225
Telephone:   +1 214 367 6094
Facsimile:   +1 214 327 5001

*Attorneys for Defendant Savoya LLC*

12

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

17   BILLY ALABSI, on behalf of himself
     and all others similarly situated,
18
                        Plaintiff,
19
         v.
20
     SAVOYA, LLC, and DOES 1 through
21   50 inclusive,
22
                        Defendant.

Case No. 4:18-cv-06510-KAW

**STIPULATION AND
SETTLEMENT AGREEMENT OF
CLASS ACTION AND
INDIVIDUAL CLAIMS**

23

24

25

26

27

28

**IT IS HEREBY STIPULATED**, by and among Plaintiff Billy Alabsi, individually and on behalf of all others similarly situated, and Defendant, SAVOYA, LLC, subject to the approval of the Court, that this action is hereby compromised and settled pursuant to the terms and conditions set forth below in this Stipulation and Settlement Agreement of Class Action and Individual Claims:

**Defined Terms**.

1.      "Action" means the action entitled *Billy Alabsi, individually and on behalf of all others similarly situated v. Savoya, LLC.*, Case No. 4:18-cv-06510-KAW, currently pending in United States District Court, Northern District of California.

2.      "Administration Costs" mean the actual and direct costs reasonably charged by the Settlement Administrator for its services in administering the Class Settlement.

3.      "Class" means the aggregate group of Class Members.

4.      "Class Counsel" means Plaintiff's counsel, Bryan Schwartz and Ryan Chin of Bryan Schwartz Law.

5.      "Class Members" (or "Members of the Class") means up to 44 previously-identified individuals who worked as drivers for Savoya in California at any time between January 1, 2016, through the date of Preliminary Approval. **Exhibit 1** is a list of the individuals included, which the Parties intend to be filed under seal with the Court.

6.      "Class Notice" (or "Notice") means the Court-approved form of notice to Class Members, substantially in the form of **Exhibit 2**, attached hereto, which will notify Class Members of: (1) Final Approval Hearing; and (2) Right to Object or Opt Out.

7.      "Class Period" means the period from January 1, 2016, through the date of Preliminary Approval.

8.      "Class Released Claims" means all claims, demands, rights, liabilities,

1    and causes of action that were asserted in the Action based on the facts, transactions,

2    events, policies, occurrences, acts, disclosures, statements, exhibits, omissions or

3    failures to act that were pled in the Complaint regarding the failure to properly

4    calculate overtime and minimum wage compensation; all other claims, demands,

5    rights, liabilities, and causes of action that were asserted in the Action other than the

6    failure to properly calculate overtime compensation addressed in the preceding

7    clause, including claims that Defendant failed to provide meal periods, failed to

8    authorize and permit rest breaks, failed to keep records properly concerning time

9    worked, failed to provide proper itemized wage statements (including but not limited

10   to claims that Defendant's wage statements failed to show all applicable hourly rates

11   in effect during the pay period and the corresponding number of hours worked at

12   each hourly rate by the employee), and/or engaged in unfair business practices; and

13   any additional wage and hour claims that could have been asserted in the Action for

14   violation of any law or regulation, whether legal or equitable, state or federal

15   (including but not limited to the Fair Labor Standards Act, the California Labor Code,

16   the California Business and Professions Code, the applicable Industrial Welfare

17   Commission Wage Order(s), or any claim sounding in tort, contract, statute or

18   otherwise), for any type of relief, based on the facts, transactions, events, policies,

19   occurrences, acts, disclosures, statements, exhibits, omissions or failures to act that

20   were pled in the Complaint.   Class Released Claims are limited to all claims as

21   described above that arose during the Class Period.

22       9.    "Class Settlement" means the terms and conditions set forth in this

23   Stipulation and Settlement Agreement regarding the resolution of the claims of Class

24   Members.

25       10.   "Complaint" means the First Amended Complaint filed in the Action on

26   or about January 9, 2019, including any exhibits thereto.

27       11.   "Court" means the United States District Court, Northern District of

28   California.

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

1    12.    "Defendant" or "Savoya" means Defendant Savoya, LLC.

2    13.    "Defendant's Counsel" means the law firm of Orrick, Herrington &

3    Sutcliffe LLP, and Brown Fox PLLC.

4    14.    "Fee and Expense Award" means such award of fees and expenses as

5    the Court may authorize to be paid to Class Counsel for the services they have

6    rendered and will render to Plaintiff and the Class in the Action.   The Fee and

7    Expense Award will not exceed 33 1/3% of the Total Maximum Settlement Amount,

8    plus Class Counsel's actual out-of-pocket expenses in prosecuting this Action.

9    15.    "First Payment Obligation Date" means the date 30 days after Final

10   Approval, unless any timely objection has been filed to the settlement. If any timely

11   objection has been filed to the settlement, then the First Payment Obligation Date is

12   30 days after the expiration of the date for appeal of the Final Approval Order and

13   Judgment, or if an appeal is filed, 30 days after the resolution of the appeal and

14   exhaustion of any subsequent appellate avenues.

15   16.    "Final Approval" means that the Order Granting Final Approval of

16   Class Settlement and Judgment have been entered by the Court.

17   17.    "Final Approval Hearing" means a hearing held before the Court to

18   consider Final Approval of the Class Settlement, the amount of attorneys' fees and

19   expenses that should be awarded to Class Counsel, and the merits of any objections

20   to the Settlement Agreement and the Class Settlement set forth therein or any of its

21   terms.

22   18.    "Final Approval Order and Judgment" means the Order Granting Final

23   Approval of Class Settlement and Judgment entered by the Court, in substantially the

24   form attached hereto as **Exhibits 4 and 5**.

25   19.    "Final Payment Obligation and Class Release Date" means 6 months

26   after the Second Payment Obligation.

27   20.    "Incentive Award" means such award as the Court may authorize to be

28   paid to Plaintiff Billy Alabsi in recognition of his effort in obtaining the benefits of

1    the Class Settlement.  Plaintiff's request for an Incentive Award shall not exceed

2    Seven Thousand Five Hundred Dollars ($7,500.00).

3         21.    "Objection/Exclusion Deadline" means the date forty (40) days

4    following the date on which the Settlement Administrator first mails Notice to the

5    Class Members.

6         22.    "Net Settlement Sum" means the amount remaining after all deductions

7    for the Fee and Expense Award, Incentive Award, Administration Costs, and the

8    PAGA Payment approved by the Court have been made from the Total Maximum

9    Settlement Amount.  The Net Settlement Sum shall be used to pay all Settlement

10   Class Members.

11        23.    "PAGA Payment" means the sum of Seven Thousand Five Hundred

12   Dollars ($7,500.00) which shall be allocated from the Total Maximum Settlement

13   Amount to pay the government's portion of penalties under the California Labor

14   Code's Private Attorneys General Act of 2004, as amended, California Labor Code

15   sections 2698 *et seq*. to the Labor and Workforce Development Agency.

16        24.    "Parties" mean Plaintiff Billy Alabsi, and Defendant Savoya, LLC, and

17   "Party" means either of said Parties.

18        25.    "Percentage Share" means each Class Member's total Work Weeks

19   divided by the Total Class Work Weeks.

20        26.    "Plaintiff" or "Named Plaintiff" means Plaintiff Billy Alabsi.

21        27.    "Preliminary Approval" means that the Court has entered an order

22   substantially in the form attached hereto as **Exhibit 3**, preliminarily approving the

23   terms and conditions of this Settlement Agreement, including but not limited to the

24   manner of providing notice to Class Members.

25        28.    "Released Parties" means Savoya, its past or present officers, directors,

26   shareholders, employees, associates, agents, principals, heirs, representatives,

27   accountants, attorneys, auditors, consultants, insurers and reinsurers, and its and their

28   respective successors and predecessors in interest, parents, subsidiaries, affiliates,

1    predecessors, successors, and assigns.

2         29.    "Second Payment Obligation Date" means six months after the First
3    Payment Obligation.

4         30.    "Settlement Administrator" means a third party that the Parties mutually
5    agree shall serve as Settlement Administrator, from three competing bids.

6         31.    "Settlement Award" means the amount that each Settlement Class
7    Member is entitled to receive from the Net Settlement Sum.

8         32.    "Settlement Class Members" (or "Settlement Class") means all Class
9    Members who have not excluded themselves from the Settlement Class by filing a
10   timely request for exclusion in accordance with the requirements set forth in the Class
11   Notice.

12        33.    "Stipulation" or "Settlement Agreement" means this Stipulation and
13   Settlement Agreement.

14        34.    "Total Class Work Weeks" means the sum of all Class Members' Work
15   Weeks worked during the Class Period.

16        35.    "Total Settlement Amount" means the amount of Seven Hundred Fifty
17   Thousand Dollars ($750,000.00) that Defendant will be required to pay pursuant to
18   the terms of this Settlement Agreement, if the Settlement is approved by the Court
19   and if less than four of the California class members opt out of the Settlement.

20        36.    "Work Weeks" means weeks of employment for each Class Member
21   during the Class Period as reflected by Defendant's corporate and business records,
22   exclusive of leaves of absence.  Approximations and averages will be used to cover
23   periods where data is missing or otherwise not available.

24        **Procedural History**.

25        37.    The Action was filed by Plaintiff Billy Alabsi on October 24, 2018, in
26   the United States District Court, Northern District of California.  Plaintiff filed a First
27   Amended Complaint on or about January 9, 2019.  After engaging in discovery, the
28   Parties agreed to enter into private mediation to try and resolve Plaintiff's claims.  At

the conclusion of the mediation on August 29, 2019, the Parties reached a settlement as reflected in their August 29, 2019 Memorandum of Understanding.

**Stipulation for Class Certification**.

38.    The Parties stipulate and agree to the conditional certification of the Class for purposes of this Class Settlement only.  Should, for whatever reason, the Court not grant Final Approval, the Parties' stipulation to class certification as part of the Class Settlement shall become null and void *ab initio*, shall not be admissible for any purpose in any action, and shall have no bearing on the issue of whether or not certification would be appropriate in a non-settlement context.   Defendant expressly reserves its right and declares that it intends to oppose class certification vigorously should this Class Settlement not be granted Final Approval.

**Inadmissibility of Settlement Agreement**.

39.    Whether or not the Class Settlement is granted Final Approval, neither the Class Settlement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

> a.    Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

> b.    Disclosed, referred to or offered or received in evidence against the Parties or any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of settling this Action or enforcing the terms of this Settlement Agreement.

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

**Investigation in the Class Action**.

40.    The Parties have conducted significant investigation of the facts and law both before and after the Action was filed.  Such discovery and investigations have included, *inter alia*, the exchange of written discovery, informal exchanges of information, and extensive law and motion practice.  Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding Plaintiff's claims, the defenses thereto and the damages claimed by Plaintiff.

**Benefits of Class Settlement**.

41.    Plaintiff has considered the expense and length of continued proceedings necessary to continue the Action against Defendant through trial and any possible appeals.  Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation, including those involved in class certification.  Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, Defendant's defenses thereto, and the difficulties in establishing Plaintiff's damages.  Plaintiff has also considered the settlement negotiations conducted by the Parties and the recommendations of the Mediator, who is highly experienced in employment litigation.  Based on the foregoing, Plaintiff has determined that the Class Settlement set forth in this Settlement Agreement is fair, adequate and reasonable, and is in the best interests of the Class.

**Plaintiff's Claims**.

42.    Plaintiff has claimed and continues to claim that the Class Released Claims have merit and give rise to Defendant's liability.  Should the Class Settlement not be granted Final Approval by the Court, neither this Settlement Agreement nor any documents referred to herein, nor any action taken to carry out this Settlement Agreement is, or may be construed as or may be used as, an admission by or against the Plaintiff as to the merits or lack thereof of the claims asserted by Plaintiff.

1   **Defendant's Denials of Wrongdoing**.

2   43.   Defendant contends that all of its employees and/or contractors have

3   been compensated in compliance with the law, and that its conduct was not willful

4   with respect to any alleged failure to properly calculate or pay any wages (including

5   but not limited to overtime wages, missed breaks, or otherwise), provide meal periods

6   and rest breaks, provide proper itemized wage statements, or in any other respect.

7   Defendant has denied and continues to deny each of the claims and contentions

8   alleged by Plaintiff in the Action.  Defendant denies any wrongdoing or legal liability

9   arising out of any of the facts or conduct alleged in the Action, and believes that it

10  has valid defenses to Plaintiff's claims.  Neither this Settlement Agreement, nor any

11  document referred to or contemplated herein, nor any action taken to carry out this

12  Settlement Agreement, may be construed as, or may be used as an admission,

13  concession or indication by or against Defendant of any fault, wrongdoing or liability

14  whatsoever, or of any concession that certification of a class other than for purposes

15  of this Class Settlement would be appropriate in this or any other case.

16  **Release as to All Settlement Class Members**.

17  44.   The Settlement Class Members stipulate and agree that, upon the Final

18  Payment Obligation and Class Release Date, they shall be deemed to have, and by

19  operation of the Final Approval Order and Judgment shall have, expressly waived

20  and relinquished the Class Released Claims. With respect to the subject matter of the

21  Class Released Claims, each Settlement Class Member, upon the Final Payment

22  Obligation and Class Release Date, shall be deemed to have, and by operation of the

23  Final Approval Order and Judgment shall have, fully, finally, and forever settled and

24  released any and all of the Class Released Claims.  The Settlement Class Members

25  agree not to sue or otherwise make a claim against any of the Released Parties for the

26  Class Released Claims.  The Settlement Awards shall be paid to Settlement Class

27  Members specifically in exchange for the release of the Released Parties from the

28  Class Released Claims and the covenant not to sue concerning the Class Released

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

1  Claims.

2  **The Class Settlement Components**.

3  45.    The Class Settlement in this Action shall have five components:  (1) the

4  Settlement Awards; (2) the Incentive Award; (3) the Fee and Expense Award; (4) the

5  Administration Costs; and (5) the PAGA Payment.

6  **Reasonable Allocation of the Settlement Awards**.

7  46.    The Settlement Administrator shall have the authority and obligation to

8  calculate the amounts of Settlement Awards in accordance with the methodology set

9  forth in this Settlement Agreement and orders of the Court.  The Parties recognize

10  and agree that the claims for relief in the Action are extremely difficult to determine

11  with any certainty for any given year, or at all, and are subject to myriad differing

12  calculations and formulas.  The Parties agree that the formula for allocating the

13  Settlement Awards to Settlement Class Members provided herein is reasonable and

14  that the payments provided herein are designed to provide a fair settlement to such

15  persons, in light of the uncertainties of the monies alleged to be owed to the

16  Settlement Class and the calculation of such amounts.  The Parties have agreed that

17  the Settlement Awards will be calculated on the basis of the number of Work Weeks.

18  **Calculation of Settlement Awards**.

19  47.    Each Settlement Class Member shall be entitled to receive a Settlement

20  Award equal to his or her Percentage Share of the Total Class Work Weeks multiplied

21  by the Net Settlement Sum.  The settlement allocation between Settlement Class

22  Members shall be determined in Plaintiff's counsel's discretion, subject to Court

23  approval.  The notice of settlement to Class Members will advise them of their

24  minimum settlement allocations and opportunity to opt out of the settlement, and to

25  dispute the number of workweeks upon which their allocations are based. Defendants

26  will participate in a procedure with the Settlement Administrator and Class Counsel

27  to resolve any disputes concerning the number of workweeks, and will provide

28  documentation to support the workweeks assigned to each Class Member, as

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

necessary. The allocations of any Class Members who opt out will be allocated *pro rata* to the participating class members at the time of settlement disbursement, and under no circumstances (unless this Settlement is voided in its entirety as described herein) will any part of the Settlement Amount revert to Defendants.

48.    Any first or second installment checks that remain un-negotiated 90 days after they are mailed to Class Members will be voided and distributed in the next consecutive installment pro rata to those Class Members who negotiated checks on the prior installment. Second and third installment checks will not be sent to Class Members who could not be located and/or did not cash checks in the prior installments. Any third installment checks not negotiated 90 days after they are mailed will be voided and the amount will be allocated to Legal Aid at Work, a cy pres recipient meeting the Ninth Circuit's standards.

**Taxes**.

49.    The Parties agree that the claim that the Class Members were employees of Savoya, LLC is disputed, and there shall be no tax withholding from the Total Settlement Amount.   If any governmental entity challenges this tax treatment, Savoya, LLC will be solely responsible for any alleged failure to withhold taxes from the Total Settlement Amount.

50.    Each Settlement Class Member will be responsible for paying all applicable state, local, and federal income taxes on all amounts the Settlement Class Member receives pursuant to this Settlement Agreement, except to the extent that Savoya, LLC owes an employer's share of payroll taxes, which would be the sole responsibility of Savoya, LLC.

51.    It shall be the responsibility of the Settlement Administrator to prepare and deliver the necessary tax documentation for signature by all necessary parties. Payments to Settlement Class Members and to Class Counsel pursuant to this Settlement Agreement shall be reported on IRS Forms 1099, and provided to the respective Settlement Class Members, Class Counsel and applicable governmental

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

1  authorities as required by law.

2  **Administration Costs**.

3  52.   All reasonable and direct expenses and costs incurred by, or at the

4  direction of, the Settlement Administrator in connection with the operation and

5  implementation of this Settlement Agreement (including, without limitation,

6  expenses of tax attorneys and/or accountants and mailing and distribution costs and

7  expenses relating to filing (or failing to file) the informational and other tax

8  documents described above) shall be treated as, and considered to be, a cost of

9  administration of the Class Settlement and part of the Administration Costs.

10  **Fee and Expense Award**.

11  53.   Subject to Court approval, the Settlement Administrator shall pay up to

12  33 1/3% (Two Hundred Fifty Thousand Dollars ($250,000.00)) of the Total

13  Maximum Settlement Amount to Class Counsel as attorneys' fees, plus Class

14  Counsel's reasonable litigation expenses.   The Fee and Expense Award shall be paid

15  out of the Total Maximum Settlement Amount.   Class Counsel shall not be permitted

16  to petition the Court for, or accept, any additional payments for fees or expenses.   The

17  amounts paid in fees shall be for all claims for attorneys' fees past, present, and future

18  incurred in the Action.   Defendant will not object to Class Counsel's request set forth

19  in this paragraph.   Should a lesser sum for attorneys' fees and costs than the amount

20  set forth in this paragraph ultimately be awarded, the residual shall be included in the

21  Net Settlement Sum for the Class.

22  54.   Class Counsel's expenses awarded by the Court will be paid at the First

23  Payment Obligation Date. Class Counsel's awarded fees will be paid in three equal

24  installments, along with the Class Members' settlement allocations.   Payment of the

25  Fee and Expense Award to Class Counsel shall constitute full satisfaction of any

26  obligation to pay any amounts to any person, attorney or law firm for attorneys' fees,

27  expenses or costs in the Action incurred by any attorney on behalf of Plaintiff or the

28  Settlement Class, and shall relieve Defendant and Defendant's Counsel of any other

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

1  claims or liability to any other attorney or law firm for any attorneys' fees, expenses
2  and/or costs to which any of them may claim to be entitled on behalf of Plaintiff
3  and/or the Settlement Class.  Upon receipt of the Fee and Expense Award, Class
4  Counsel, Plaintiff and the Settlement Class will be deemed to have released
5  Defendant from any and all claims for fees and costs resulting from the Action.

6       55.    The Parties expressly agree that the Court's approval or denial of the Fee
7  and Expense Award is not a material condition to this agreement, and is to be
8  considered by the Court separately from the fairness, reasonableness, adequacy, and
9  good faith of the Settlement. Any order or proceeding relating to the application by
10 Class Counsel of an award for fees and costs shall not operate to terminate or cancel
11 this agreement. If Class Counsel appeal any denial of fees or costs, the un-awarded
12 fees/costs that are subject to the appeal will remain in trust until such time as the
13 appeal is resolved, and the unchallenged remainder of the settlement (including all
14 fees-costs actually awarded) will be distributed based upon the Court's approval. To
15 the extent the Court awards (and, if an appeal is filed, an appeal affirms) less than the
16 amount of attorneys' fees and costs requested by class counsel, the remaining amount
17 will be redistributed among class members who participate on a *pro rata* basis.

18 **Incentive Award**.

19      56.    Class Counsel also intends to request that the Court approve an
20 Incentive Award of Seven Thousand Five Hundred Dollars ($7,500.00) for Plaintiff,
21 to be paid out of the Total Maximum Settlement Amount.  The Incentive Award paid
22 under this Settlement Agreement shall be reported on IRS Form 1099 by the
23 Settlement Administrator and provided to Plaintiff and applicable governmental
24 authorities.  Defendant will not object to Class Counsel's request set forth in this
25 paragraph.  Should a lesser sum for the Incentive Award ultimately be awarded, the
26 residual shall be included in the Net Settlement Sum for the Settlement Class
27 Members.

28      57.    The Incentive Award will be paid at the First Payment Obligation Date.

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

58.    The Court's approval or denial of any request for an Incentive Award is not a material condition to this agreement, and is to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the settlement. Any order or proceeding relating to the application of the Incentive Award shall not operate to terminate or cancel this agreement. If Class Counsel appeal any denial of the Incentive Award, the un-awarded award that is subject to the appeal will remain in trust until such time as the appeal is resolved, and the unchallenged remainder of the settlement (including all service payments actually awarded) will be distributed based upon the Court's approval. To the extent the Court awards (and, if an appeal is filed, an appeal affirms) less than the amount of the requested service payments, the remaining amount will be redistributed amongst class members who participate on a *pro rata* basis.

**Plaintiff's General Release**.

59.    Plaintiff stipulates and agrees that, upon the Final Payment Obligation and Class Release Date, he shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly released all Released Parties as to all claims, demands, rights, liabilities, and causes of action through the date of this Settlement Agreement, including without limitation known or unknown claims, whether for economic damages, non-economic damages, punitive damages, restitution, tort, contract, penalties, injunctive or declaratory relief, attorneys' fees, costs, or any other monies or remedies.  This general release by Plaintiff includes without limitation all federal and state statutory claims, and federal and state common law claims (including but not limited to those for contract, tort, and equity), including, without limitation, the Americans with Disabilities Act, Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §1981, 42 U.S.C. § 1983, the Fair Labor Standards Act, the Employee Retirement Security Income Act of 1974, the California Constitution, the California Fair Employment and Housing Act, the California Unfair Competition Act

Case 4:18-cv-06510-KAW   Document 62-2   Filed 10/23/19   Page 26 of 153

(California Business and Professions Code section 17200 *et seq.*), and the California Labor Code.

60.    Plaintiff acknowledges the language of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff expressly waives the protection of Section 1542. Plaintiff understands and agrees that claims or facts in addition to or different from those which are now known or believed by him to exist may hereafter be discovered. It is Plaintiff's intention to settle fully and release all of the claims he now has or may have against the Released Parties, whether known or unknown, suspected or unsuspected, through the date of this Settlement Agreement. Plaintiff further covenants not to sue any of the Released Parties for any claims covered by this general release. Plaintiff shall receive a Settlement Award in exchange for executing this General Release.

**PAGA Payment**.

61.    Seven Thousand Five Hundred Dollars ($7,500.00) shall be allocated from the Total Maximum Settlement Amount to pay the government portion of penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended, California Labor Code sections 2699, 2699.3, and 2699.5. Within thirty-five (35) days after the Final Payment Obligation and Class Release Date, the Settlement Administrator shall pay the PAGA Payment to the LWDA in satisfaction of all amounts payable to the government under the PAGA.

**Notice/Approval of Class Settlement and Class Settlement Implementation**.

62.    As part of this Class Settlement, the Parties agree to the following procedures for obtaining Preliminary Approval of the Class Settlement, certifying the

-15-

1   Class, and notifying Class Members:

2           a.    <u>Preliminary Approval Hearing</u>.  Within two weeks after the Parties execute this Stipulation and Settlement Agreement, Class Counsel shall request a hearing before the Court to seek Preliminary Approval of the Class Settlement, which hearing will be scheduled for the earliest practical mutually available date.  In conjunction with such hearing, Class Counsel shall submit this Settlement Agreement, together with the Exhibits attached hereto, and any other documents necessary to implement the Class Settlement.  Class Counsel shall submit the preliminary approval papers to Defendant's Counsel for their review no less than five (5) business days prior to filing such papers with the Court.

13          b.    <u>Certification of Class</u>.  Simultaneous with the filing of this Settlement Agreement and solely for purposes of this Class Settlement, Class Counsel shall request the Court enter a Preliminary Approval Order, substantially in the form of Exhibit 3 attached hereto, preliminarily approving the proposed Class Settlement, certifying the Class, and setting a date for the Final Approval Hearing.  The Preliminary Approval Order shall provide for notice of the Class Settlement and related matters to be sent to the Class Members as specified herein.

22          c.    <u>Information Regarding Class</u>.  Within ten (10) days following Preliminary Approval, Defendant shall provide the Settlement Administrator the following information with respect to each Class Member:  name, most current mailing address indicated in Defendant's records, the number of Work Weeks, and each Class Member's telephone number(s) contained in Defendant's personnel records.  The Settlement Administrator shall undertake

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-CV-06510-KAW

all customary procedures to assure itself that it has the current addresses of the Class Members.

   d.   <u>Settlement Administrator</u>.  The Settlement Administrator shall be responsible for (i) printing and mailing to the Class Members the Class Notice as approved and directed by the Court; (ii) consulting with Class Counsel and Defendant's Counsel concerning the time worked by Class Members and amounts of any Settlement Awards to be paid to Settlement Class Members; (iii) resolving disputed claims; (iv) keeping track of opt outs; and (v) distributing such Settlement Awards, Incentive Award, Fee and Expense Award, PAGA Payment, and *cy pres* payments as may be ordered by the Court, together with such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.   The Settlement Administrator's determination of eligibility for any Settlement Awards under the terms of this Settlement Agreement shall be conclusive, final and binding on all Parties and all Settlement Class Members, so long as the Settlement Administrator has first consulted with the Parties regarding any disputes or questions as to eligibility.   The Parties all represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

**Class Notice**.

63.   The Parties agree to the following procedures for giving notice of this Class Settlement to the Class:

   a.   Within twenty (20) days after entry of the Preliminary Approval Order as provided herein, the Settlement Administrator shall send

-17-

a copy of the Class Notice in the form approved by the Court in its Preliminary Approval Order to all persons shown by Defendant's records to be Class Members, via First Class regular U.S. mail, using the most current mailing address from Defendant's records or any more current address discovered from an address search.

b.     Any Notices returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within five (5) days following receipt of the returned mail.   For any Notices returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall conduct address searches using skip tracing methods, and shall promptly, within the time periods described in the preceding sentence, re-mail the Notices to the newly-found addresses.   In the event that an intended recipient of a Class Notice does not receive the Class Notice, the intended recipient shall nevertheless remain a Settlement Class Member.   The Notice to be sent to Class Members at a forwarding address provided by the post office or obtained by the Settlement Administrator using skip tracing methods as discussed in this paragraph shall be identical to the original Notice except that it shall notify the Class Members that the Objections/Exclusion Deadline is extended by seven (7) days.

**Procedure for Objecting to or Requesting Exclusion from the Class Settlement**.

64.     Class Members who wish to object to the Class Settlement or to be excluded from the Settlement Class shall submit objections and/or requests for exclusion using the following procedures:

-18-

a.    <u>Procedure for Objecting</u>.  The Notice shall provide that only Settlement Class Members may object to the Class Settlement and that Settlement Class Members who wish to object to the Class Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Class Settlement. Such written statement and all supporting briefs or other materials must be filed with the Court and provided to the Settlement Administrator or served on counsel for the Parties no later than the Objection/Exclusion Deadline.

b.    <u>Procedure for Requesting Exclusion</u>.  The Class Notice shall provide that Class Members who wish to exclude themselves from the Class must submit to the Settlement Administrator a written statement requesting exclusion from the Class (also referred to herein as "opt out") no later than the Objection/Exclusion Deadline.  Such written request for exclusion must contain the name(s) (including any names used when working for Defendant) of the person requesting exclusion, and must be postmarked on or before the Objection/Exclusion Deadline. Any Class Member who properly opts out of the Class using this procedure will not be entitled to any payment from the Class Settlement and will not be bound by the Class Settlement or have any right to object, appeal or comment thereon.  Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Class Settlement and any Judgment entered in this Action if the Class Settlement is approved by the Court.

c.    <u>Exclusion and Objection Reports</u>.  The Settlement Administrator

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

1                      shall provide the Parties every week with a report listing the

2                      names of Class Members who have requested exclusion from the

3                      Class or who have objected.

4 No later than five (5) days before Class Counsel must file Final Approval papers with

5 the Court, the Settlement Administrator shall provide to Class Counsel and

6 Defendant's Counsel a complete list of all Class Members who have timely requested

7 exclusion from the Class. If the total number of Class Members who request

8 exclusion from the Class is four (4) or more of the Class Members, Defendant will

9 have the option at its discretion of rejecting the Class Settlement in its entirety and

10 voiding the August 29, 2019 Memorandum of Understanding. Defendant must

11 exercise this right of rescission in writing to Class Counsel within fourteen (14) days

12 after the Settlement Administrator notifies both Parties of the number of Class

13 Members who have made timely requests for exclusion.

14          **No Interference in the Class Settlement**.

15          65.     The Parties agree to use their best efforts to carry out the terms of this

16 Class Settlement. At no time shall any of the Parties or their counsel or agents (or

17 the Settlement Administrator) discourage Class Members to make a claim under this

18 Class Settlement. Nor shall the Parties or their counsel encourage Class Members to

19 submit written objections to the Class Settlement or requests for exclusion from the

20 Class, or to appeal from the Court's Final Judgment.

21          **Questions and Disputes**.

22          66.     In the event that questions or disputes arise regarding the entitlement of

23 Plaintiff or any Class Member under this Settlement Agreement, Defendant shall

24 provide to Class Counsel and the Settlement Administrator all available information

25 reasonably necessary in order to resolve that issue. Such information shall be

26 provided in either electronic form or hard copy, as the Settlement Administrator may

27 reasonably request.

28

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

**Final Settlement Approval Hearing and Entry of Final Approval Order and Judgment.**

67.    Class Counsel will file their motion for Final Approval of the Class Settlement following the Objection/Exclusion Deadline in which Class Counsel will ask the Court to conduct a Final Approval Hearing to determine Final Approval of the Class Settlement.  Upon Final Approval of the Class Settlement by the Court at or after such hearing, the Parties shall present the Final Approval Order and Judgment to the Court for its approval and entry.  Class Counsel will file their motion for attorneys' fees and costs prior to the Objection/Exclusion Deadline and ask that it be heard at the same time as the Final Approval Hearing.

**Procedure for Payment of Class Settlement Awards.**

68.    After the Final Payment Obligation and Class Release Date, and solely for purposes of this Settlement Agreement, the Settlement Awards shall be distributed in accordance with the following eligibility requirements:

        a.    Class Members who submit valid and timely requests for exclusion pursuant to the Class Notice are not entitled to any Settlement Award and will not be bound by terms of the Class Settlement and any Final Approval Order and Judgment entered by the Court.

        b.    Class Members who do not exclude themselves from the Class shall receive a Settlement Award.

        c.    On each check, it will state, "By cashing this check, you are agreeing to release all claims covered by this settlement. You will be opting into the federal Fair Labor Standards Act ("FLSA") settlement, and you will also be exercising and releasing your claims under the FLSA."

69.    The Total Settlement Amount shall be delivered to the Settlement Administrator in three equal payments.  On the First Payment Obligation Date,

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

1   Defendant shall transfer to the Settlement Administrator one-third of the Total

2   Settlement Amount.  If any timely objections have been filed, Defendant will not pay

3   any money until after the Final Approval Order and Judgment and the time for any

4   appeal (other than related to fees-costs enhancements, which as noted above, may be

5   separately appealed) related to the settlement has expired.  On the Second Payment

6   Obligation Date, Defendant shall transfer to the Settlement Administrator one-third

7   of the Total Settlement Amount.  On the Final Payment Obligation and Class Release

8   Date, Defendant shall transfer to the Settlement Administrator one-third of the Total

9   Settlement Amount.  Defendant shall submit to the Court in camera (not to be filed)

10  a declaration indicating the need for three payments. Prior to the deadline for filing

11  the Final Approval Motion, Defendant will also submit to Plaintiff's counsel a

12  Standby Letter of Credit ("SLOC") from its commercial bank providing a guarantee

13  to satisfy the settlement amounts discussed herein on the dates discussed herein. The

14  SLOC will provide that Plaintiff's counsel may execute on the SLOC if Defendant is

15  more than ten (10) days late on any installment payment required by this Settlement,

16  to ensure that the Settlement Amount is paid by the commercial bank, if it has not yet

17  been paid by Defendant.

18      70.     The Settlement Administrator shall mail the Settlement Award checks

19  to each Settlement Class Member within ten (10) days after each payment installment

20  is made by Defendants.

21      71.     Upon completion of administration of the Class Settlement, the

22  Settlement Administrator shall provide written certification of such completion to the

23  Court, Class Counsel and Defendant's Counsel.

24      **Administration Costs**.

25      72.     The Parties agree to cooperate in the Class Settlement administration

26  process and to make all reasonable efforts to control and minimize the costs and

27  expenses incurred in administration of the Class Settlement.

28

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

1     **Defendant's Legal Fees**.

2        73.    All of Defendant's own legal fees, costs and expenses incurred in the

3 Action shall be borne by Defendant.

4     **Nullification of Class Settlement Agreement**.

5        74.    In the event of any of the following: (i) the Court does not approve the

6 scope of the Class Released Claims; (ii) the Court finds the Total Settlement Amount

7 or Net Settlement Sum is insufficient to warrant approval; or (iii) four (4) or more of

8 the Class Members opt-out, Defendant may elect to reject the Memorandum of

9 Understanding and this Class Settlement, and the Class Settlement shall be null and

10 void *ab initio* and any order or judgment entered by the Court in furtherance of this

11 Class Settlement shall be treated as withdrawn or vacated by stipulation of the Parties.

12 In such case, the Class Members and Defendant shall be returned to their respective

13 statuses as of the date immediately prior to the execution of the Memorandum of

14 Understanding and this Settlement Agreement.  In the event an appeal is filed from

15 the Final Approval Order and Judgment, or any other appellate review is sought prior

16 to the Final Payment Obligation and Class Release Date, administration of the Class

17 Settlement shall be stayed pending final resolution of the appeal or other appellate

18 review, provided, however, that the Claims Administrator is permitted to accept

19 change-of-address information from Class Members during such stay, as well as to

20 take such other actions it deems necessary and appropriate to bring the Action to

21 closure under the assumption that the Class Settlement will be approved.  However,

22 under no circumstances shall any payments be issued by the Claims Administrator

23 while the appeal is pending.

24     **Notification and Certification By Settlement Administrator**.

25        75.    The Settlement Administrator shall keep Defendant's Counsel and Class

26 Counsel apprised of the status of the claims-administration process and its

27 distributions of Settlement Awards.

28

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-cv-06510-KAW

**Privacy of Documents and Information**.

76.     Plaintiff and Class Counsel agree that they will destroy all confidential documents and information provided to them by Defendant within thirty (30) days after the Final Payment Obligation and Class Release Date, except for documents that must be saved for malpractice purposes.  Plaintiff and Class Counsel further agree that none of the documents and information provided to them by Defendant shall be used for any purpose other than prosecution of this Action or the defense or prosecution of a malpractice action.

**Non-Disparagement**.

77.     Absent written agreement of counsel, neither Plaintiff nor Class Counsel (or their firm), nor other agent for or representative of Plaintiff or Class counsel (or their firm) will make any statement denigrating Defendant. Nothing in this paragraph shall restrict Plaintiff and Class Counsel from responding to questions from Class Members or describing and explaining the specific terms of this Settlement Agreement to Class Members, including without limitation statements repeating or paraphrasing, in a non-misleading form, all or a portion of any Court-approved notice to the Class or the proposal for the form of Notice, or providing to Class Members upon request copies of pleadings filed in the public Court file (not under seal) in the Action.

**Dismissal of Remaining Claims**.

78.     Any FLSA claims of potential non-California class members shall be dismissed without prejudice and with no release of claims.

**Exhibits and Headings**.

79.     The terms of this Settlement Agreement include the terms set forth herein and attached **Exhibits 1–5**, which are incorporated by this reference as though fully set forth herein.  Any Exhibits to this Settlement Agreement are an integral part of the Class Settlement.  The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for convenience of reference only and do not

constitute a part of this Settlement.

**Interim Stay of Proceedings**.

80.    The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Class Settlement, pending the Final Approval Hearing to be conducted by the Court.

**Amendment or Modification**.

81.    This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

**Entire Agreement**.

82.    This Settlement Agreement and the attached Exhibits constitute the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.   All prior or contemporaneous negotiations, agreements, understandings, and representations that are inconsistent with the terms of this Settlement Agreement, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Settlement Agreement.

**Authorization to Enter into Settlement Agreement**.

83.    Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel agree to cooperate with each other and to use their best efforts to effect the implementation of the Class Settlement.  In the event the Parties are unable to reach agreement on the form or content of any

1   document needed to implement the Class Settlement, or on any supplemental

2   provisions or actions that may become necessary to effectuate the terms of this Class

3   Settlement, the Parties shall seek the assistance of the Court or a mediator to resolve

4   such disagreement.

5          **Binding on Successors and Assigns**.

6          84.    This Settlement Agreement shall be binding upon, and inure to the

7   benefit of, the heirs, beneficiaries, successors or assigns of the Parties hereto, as

8   previously defined.

9          **Governing Laws**.

10         85.    All terms of this Settlement Agreement and the Exhibits hereto shall be

11  governed by and interpreted according to the Federal Rules of Civil Procedure and,

12  where necessary, the laws of the State of California, regardless of its rules concerning

13  conflict of laws.

14         **Counterparts**.

15         86.    This Settlement Agreement may be executed in one or more

16  counterparts. All executed counterparts and each of them shall be deemed to be one

17  and the same instrument, provided that counsel for the Parties to this Settlement

18  Agreement shall exchange among themselves original signed counterparts.

19         **Cooperation and Drafting**.

20         87.    Each of the Parties has cooperated in the drafting and preparation of this

21  Settlement Agreement; hence the drafting of this Settlement Agreement shall not be

22  construed against any of the Parties.

23         **Jurisdiction of the Court**.

24         88.    Following entry of Judgment pursuant to this Settlement Agreement, the

25  Court shall retain jurisdiction over this Action solely for the purpose of

26  implementation and enforcement of the terms of this Settlement Agreement, and the

27  Parties and Settlement Class Members submit to the jurisdiction of the Court for

28  those purposes.

STIPULATION AND SETTLEMENT AGREEMENT OF
CLASS ACTION AND INDIVIDUAL CLAIMS
4:18-CV-06510-KAW

**Invalidity of Any Provision**.

89.    The Parties request that before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

**Plaintiff's Waiver of Right to be Excluded**.

90.    By signing this Settlement Agreement, Plaintiff agrees to be bound by the terms herein and agrees not to request to be excluded from the Settlement Class. Any request for exclusion shall be void and of no force or effect.   Additionally, Plaintiff agrees to waive any right of appeal from or other appellate challenge to any order or judgment made in furtherance of the Settlement Agreement, including but not limited to the Final Approval Order and Judgment, provided that the material terms of the Class Settlement—and all payments contemplated by the Settlement Agreement—are approved in full.

Dated:    10/16, 20 2019            NAMED PLAINTIFF


                                    Billy Alabsi (Oct 16, 2019)
                                    Billy Alabsi


Dated:    10/16, 20 19            COUNSEL FOR PLAINTIFF


                                    Bryan Schwartz
                                    Bryan Schwartz Law


Dated:    10/18, 20 19            SAVOYA, LLC

-27-

1

2       By: _Meagan Gleason_
                Meagan Gleason,
3               Chief Operating Officer

4

5

6

7    Dated:  10/16, 20 19          COUNSEL FOR SAVOYA, LLC

8

9                                   _____
                                    Cortney C. Thomas
10                                  Brown Fox PLLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-28-                    STIPULATION AND SETTLEMENT AGREEMENT OF
                        CLASS ACTION AND INDIVIDUAL CLAIMS
                        4:18-cv-06510-KAW

# EXHIBIT 1

## Exhibit 1

**List of Potential Class Members**

1. Billy Alabsi
2. Kamal Bellouzi
3. Mo (Moataz) Elgendy
4. Mohamed Aram
5. Sam Mohareb
6. Ibrahim Bafakih
7. Mosaad Elshabasy
8. Mustapha Kiskou
9. Kerin Huezo
10. Alfred Salas
11. David Kim
12. Philippe Adler
13. Sam Janaby
14. Amir (Mohamed) Mandour
15. Kevrette Johnson
16. Ashraf Tageldin
17. Howard Clayton
18. Boualem Dehmas
19. George Bunar
20. Shadi Khasnin
21. Moshe Glycher
22. Junot Ignacio
23. Brian Fuson
24. Richard Beltrame
25. Scott Sullivan
26. Ilya Yankov
27. Mohamed Abdelmageed
28. Benzion Or
29. Amnon Bar
30. Haile Koricha
31. Brayan Jaivenslou
32. Son Tran
33. Richard Reyes
34. Etal Nasir
35. Denis Kreker
36. Igor Evseev
37. Foad Bony
38. Andrew DePriest
39. Masoud Ahmadian
40. Mark Tourgeman
41. Keith Maddock
42. Augusto Reis Filho
43. Walter Leao Jr
44. Karam Kaoud

# EXHIBIT 2

**IMPORTANT LEGAL NOTICE**

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI, individually, and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>v.<br><br>SAVOYA, LLC,<br><br>                         Defendants. | CASE NO.: 4:18-cv-06510-KAW<br><br>**NOTICE OF CLASS ACTION SETTLEMENT**<br><br>**THIS NOTICE AFFECTS YOUR RIGHTS - PLEASE READ IT CAREFULLY.** |

TO:    44 Previously-identified individuals who worked as drivers for Savoya in California at any time between January 1, 2016 through _____[date of Preliminary Approval]:

YOU ARE HEREBY NOTIFIED that a proposed class settlement (the "Class Settlement") of the above-captioned purported class action ("the Action") filed in the United States District Court, Northern District of California ("the Court") has been reached by the Parties and has been granted Preliminary Approval by the Court.  The proposed Class Settlement will resolve all claims in this Action.  The Court has ordered that this Notice be sent to you because you may be a Class Member.  The purpose of this Notice is to inform you of the Class Settlement of this Action and your legal rights under the Class Settlement.

**SUMMARY OF CASE**

1.      Plaintiff Billy Alabsi ("Plaintiff") filed a complaint against Savoya, LLC on October 24, 2018, on behalf of himself and other workers in this Court.  The Action alleges, among other things, that the Class Members are owed additional compensation for overtime hours worked based on an alleged misclassification as independent contractors, as well as additional amounts for meal and rest break violations, inaccurate itemized wage statements, and related penalties.  The lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, attorneys' fees and expenses.

2.      The Action includes claims under the California Labor Code, related Wage Orders of the Industrial Welfare Commission, and California Business and Professions Code section 17200 *et seq*.

3.      After extensive investigation and an exchange of relevant information, the Parties agreed to enter into private mediation to try and resolve the claims.  The Parties attended mediation on August 29, 2019, and reached the Class Settlement that is memorialized in the Settlement Agreement that is on file with the Court, and whose terms are generally summarized in this Notice.

4.      You have received this Notice because Savoya records show you worked as a Class Member and your rights may be affected by this Class Settlement.

**POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT**

5.      Savoya contends that all of its contractors have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to properly calculate or pay any wages (including but not limited to overtime wages or otherwise), provide certain breaks, or provide accurate itemized wage statements.  Savoya has denied and continues to deny each of the claims and contentions Plaintiff alleges in the Action.  Savoya denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, and believes that it has valid defenses to Plaintiff's claims.  Although Savoya

believes it has meritorious defenses to the Action, Savoya has concluded that the further defense of this Action would be lengthy and expensive for all Parties. Savoya has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Class Settlement to put to rest all claims that are or could have been asserted against it in the Action. Neither the proposed Class Settlement nor any action taken to carry out the proposed Class Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Savoya of any fault, wrongdoing or liability whatsoever.

6.      Counsel for the Plaintiff ("Class Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto. Class Counsel recognizes the expense and length of continued proceedings necessary to continue the Action against Savoya through trial and through any possible appeals, the uncertainty and the risk of the outcome of further litigation, including the risk that the Class might not be certified in light of Savoya's opposition to certification, as well as the difficulties and delays generally inherent in such litigation, the burdens of proof necessary to establish liability for the claims, Savoya's defenses thereto, and the difficulties in establishing damages for the Class Members. Class Counsel has also taken into account the settlement negotiations conducted by the Parties. Class Counsel believes the proposed Class Settlement is fair, adequate, reasonable and in the best interests of the Class Members.

7.      The Court has made no ruling on the merits of the Class Members' claims and has determined only that certification of the Class for settlement purposes is appropriate under the law.

## PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT

8.      On _____, the Court held a Preliminary Approval Hearing during which it preliminarily certified the Class for the purposes of the Class Settlement.

9.      At the Preliminary Approval Hearing, the Court appointed the following attorneys as Class Counsel to represent the Class in this Action:

BRYAN SCHWARTZ
RYAN CHIN
BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1380
Oakland, California 94612
Telephone:      (510) 444-9300
Facsimile:      (510) 444-9301

## SUMMARY OF SETTLEMENT TERMS

10.      Class Settlement Amount.   The Settlement Agreement provides that Savoya will pay $750,000.00 (the "Total Settlement Amount") to fully resolve the claims in the Action.

(a)      Deductions.   The following deductions will be made from the Total Settlement Amount:

(i)      Settlement Administration.   The Court has tentatively approved a payment of up to $_____ to the Settlement Administrator, _____[name], for the costs incurred in notifying the Class and processing claims.

(ii)     <u>Attorneys' Fees and Expenses</u>.  Class Counsel will ask the Court to approve a Fee and Expense Award $187,500, plus reimbursement of the reasonable litigation expenses Class Counsel has incurred.  Class Counsel has been prosecuting the Action on behalf of the Class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses.  The Fee and Expense Award will constitute full compensation for all legal fees and expenses of Class Counsel in the Action, including any work they do in the future.  Class Members are not personally responsible for any fees or expenses.

(iii)     <u>Incentive Award to Named Plaintiff</u>.  Class Counsel will also ask the Court to approve an Incentive Award in the amount of $7,500.00 for Named Plaintiff Billy Alabsi for acting as the representative on behalf of the Class and spending time assisting with the lawsuit, which was not required of other Class Members.

(iv)     <u>PAGA Payment</u>.  A payment of $7,500 shall be paid to California's Labor and Workforce Development Agency to pay the government portion of any penalties allocated under California Labor Code's Private Attorneys General Act of 2004 ("PAGA"), as amended, California Labor Code sections 2699, 2699.3, and 2699.5.

(b)     <u>Payment to Class Members:  Plan of Allocation</u>.  The balance of the Total Maximum Settlement Amount after the deductions described above is the "Net Settlement Sum".  The Net Settlement Sum is estimated to be $_____.  Settlement Class Members who do not opt out of the settlement ("Authorized Claimants") will receive a Settlement Award based on their relative number of weeks of work as Class Members since January 1, 2016, as reflected by Savoya's corporate records, exclusive of leaves of absence ("Work Weeks").  Approximations and averages will be used to cover periods where data are missing or otherwise not available.  Settlement funds that are ultimately unclaimed by Authorized Claimants will be allocated to Legal Aid at Work [*cy pres* recipient].

(c)     <u>Tax Matters</u>.  IRS Form 1099 (and the equivalent California forms) will be distributed to Authorized Claimants reflecting the payments they receive under the Class Settlement.  Authorized Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Class Settlement.

11.     <u>Class Release</u>.  If approved by the Court, the Class Settlement will bar any Class Member who does not timely opt out of the Class Settlement from bringing certain claims against Savoya described below.  The Settlement Agreement contains the following provisions regarding the release of claims by Class Members:

The Settlement Class Members stipulate and agree that, upon the Final Payment Obligation and Class Release Date, they shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly waived and relinquished the Class Released Claims. With respect to the subject matter of the Class Released Claims, each Settlement Class Member, upon the Final Payment Obligation and Class Release Date, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Class Released Claims.  The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties for the Class Released Claims.  The Settlement Awards shall be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Class Released Claims and the covenant not to sue concerning the Class Released Claims.

"Class Released Claims" all claims, demands, rights, liabilities, and causes of action that were asserted in the Action based on the facts, transactions, events, policies, occurrences, acts, disclosures, statements, exhibits, omissions or failures to act that were pled in the Complaint regarding the failure to properly calculate overtime and minimum wage compensation; all other

claims, demands, rights, liabilities, and causes of action that were asserted in the Action other than the failure to properly calculate overtime compensation addressed in the preceding clause, including claims that Defendant failed to provide meal periods, failed to authorize and permit rest breaks, failed to keep records properly concerning time worked, failed to provide proper itemized wage statements (including but not limited to claims that Defendant's wage statements failed to show all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee), and/or engaged in unfair business practices; and any additional wage and hour claims that could have been asserted in the Action for violation of any law or regulation, whether legal or equitable, state or federal (including but not limited to the Fair Labor Standards Act, the California Labor Code, the California Business and Professions Code, the applicable Industrial Welfare Commission Wage Order(s), or any claim sounding in tort, contract, statute or otherwise), for any type of relief, based on the facts, transactions, events, policies, occurrences, acts, disclosures, statements, exhibits, omissions or failures to act that were pled in the Complaint.  Class Released Claims are limited to all claims as described above that arose during the Class Period. As to the Fair Labor Standards Act claims, you will be releasing these only when you opt-into the action, by cashing your settlement check, as discussed below.

"Complaint" means the First Amended Complaint filed in the Action on or about January 9, 2019, including any exhibits thereto.

"Class Period" means the period from January 1, 2016, through the date of Preliminary Approval.

"Released Parties" means Savoya, LLC, its past or present officers, directors, shareholders, employees, associates, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, parents, subsidiaries, affiliates, predecessors, successors, and assigns.

      12.   <u>Condition of Class Settlement</u>.  This Class Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Class Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class.

### PROCEDURE FOR EXCLUDING YOURSELF FROM THE CLASS SETTLEMENT

      13.   Class Members may exclude themselves ("opt-out") from the Settlement Class by submitting a written exclusion request to the Settlement Administrator, on or before _____, at the following address:

**Alabsi v. Savoya, LLC**
c/o _____
[Settlement Administrator address]
[telephone]

      14.   To opt out, your written statement must include your name (and former names, if any), current address, telephone number, and last four digits of your social security number.  Opt-out requests that do not include all required information, or that are not submitted timely, will be disregarded.  Persons who submit valid and timely opt-out requests will not participate in the Class Settlement, will recover no money in this case whatsoever, and will not be bound by either the Class Settlement or the Final Approval Order and Judgment.

      15.   If you are a Class Member and you do not exclude yourself from the Class Settlement in the manner described above, you will receive a Settlement Award and will be bound by all of the provisions of the Class Settlement, including a release of claims that will prevent you from separately suing any of the

Released Parties for the Class Released Claims.  Your check sent by the Settlement Administrator will state: "By cashing this check, you are agreeing to release all claims covered by this settlement. You will be opting into the federal Fair Labor Standards Act ("FLSA") settlement, and you will also be exercising and releasing your claims under the FLSA."

## PROCEDURE FOR OBJECTING TO THE CLASS SETTLEMENT

16.     If you do not opt out, and are a Settlement Class Member, and believe that the Class Settlement should not be finally approved by the Court for any reason, you must file with the Court a written objection stating the basis of your objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.  The objection must be filed in the United States District Court, Northern District of California, at 1301 Clay Street, Oakland, CA 94612 on or before _____.  You must also at the same time mail copies of your objection to both Class Counsel and Savoya's Counsel at the addresses below.

| **Class Counsel** | **Savoya's Counsel** |
|---|---|
| BRYAN SCHWARTZ | CORTNEY C. THOMAS |
| BRYAN SCHWARTZ LAW | BROWN FOX PLLC |
| 180 Grand Avenue, Suite 1380 | 8111 Preston Road, Suite 300 |
| Oakland, California 94612 | Dallas, Texas 75225 |
| Telephone:     (510) 444-9300 | Telephone:  (214) 327-5000 |

17.     You may also appear at the Final Approval Hearing scheduled for _____ on _____, in Courtroom _____ of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, to have your objection heard by the Court.  Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.  Any attorney who intends to represent an individual objecting to the Class Settlement must file a notice of appearance with the Court and serve counsel for all Parties on or before _____.  All objections or other correspondence must state the name and number of the case, which is Alabsi v. Savoya, LLC, Case No. 4:18-cv-06510-KAW.  If you object to the Class Settlement, you will remain a Member of the Settlement Class, and if the Court approves the Class Settlement, you will be bound by the terms of the Class Settlement in the same way as Settlement Class Members who do not object.

18.     Any Member of the Settlement Class who does not object in the manner provided above shall be deemed to have approved the Class Settlement and to have waived such objections, and shall be forever foreclosed from making any objections (by appeal or otherwise) to the Class Settlement.

19.     Any Member of the Settlement Class who is satisfied with the Class Settlement need not appear at the Settlement Hearing.

## HEARING ON THE CLASS SETTLEMENT

20.     **You are not required to attend the Final Approval Hearing.**

21.     The Final Approval Hearing on the adequacy, reasonableness and fairness of the Class Settlement will be held at _____ on _____, in Courtroom ____ of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612.  The Hearing

date may be changed without further notice; however, you can contact the Clerk of the Court to find out if the Hearing date has changed.

## CHANGE OF ADDRESS

22.     If you move after receiving this Class Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Action and the Class Settlement to be sent to a different address, you must send your current preferred address to the Settlement Administrator.

## ADDITIONAL INFORMATION

23.     This Class Notice is only a summary of the Action and the Class Settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement available at www.bryanschwartzlaw.com/savoyasettlement, by contacting class counsel at rchin@bryanschwartzlaw.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

24.     All inquiries by Class Members regarding this Class Notice and/or the Class Settlement should be directed to the Settlement Administrator or Class Counsel (see contact information above).  Upon request, Class Counsel will email a copy of the Plaintiff's Motion for Final Approval and/or the Plaintiff's Motion for Award of Attorneys' Fees and Reimbursement of Costs to the email address designated by the inquiring Class Member.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, SAVOYA, OR SAVOYA'S ATTORNEYS WITH INQUIRIES.**

DATED: _____, 20_____          BY ORDER OF THE COURT
                                             HON. KANDIS A. WESTMORE
                                             UNITED STATES DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 3

BRYAN SCHWARTZ (SBN 209903)
bryan@bryanschwartzlaw.com
RYAN CHIN (SBN 281777)
rchin@bryanschwartzlaw.com
BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1380
Oakland, California 94612
Telephone: +1 510 444 9300
Facsimile:  +1 510 444 9301

*Attorney for Plaintiff Billy Alabsi*

LYNNE C. HERMLE (SBN 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (SBN 155507)
jliburt@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:  +1 650 614 7400
Facsimile:   +1 650 614 7401

CORTNEY C. THOMAS (*pro hac vice*)
(TEXAS SBN 24075153)
cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas  75225
Telephone:  +1 214 367 6094
Facsimile:   +1 214 327 5001

*Attorneys for Defendant Savoya LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAVOYA, LLC, and DOES 1 through 50 inclusive,<br><br>Defendant. | Case No. 4:18-cv-06510-KAW<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1     On October 24, 2018, Plaintiff Billy Alabsi ("Plaintiff"), individually and on

2     behalf of all others similarly situated, filed suit against Savoya, LLC ("Defendant")

3     in the United States District Court, Northern District of California ("Court").

4     Plaintiff filed a First Amended Complaint on or about January 9, 2019.  The First

5     Amended Complaint asserted claims under the Fair Labor Standards Act ("FLSA"),

6     the California Labor Code and California Business and Professions Code for

7     alleged minimum wage and overtime violations, as well as state law meal- and rest-

8     break violations, inaccurate itemized wage statements, and related penalties.  The

9     lawsuit seeks damages for unpaid wages, penalties, interest, injunctive relief,

10    attorneys' fees and expenses.  Defendant denied all of Plaintiff's claims.

11     After initial exchanges of information, the Parties entered into private

12    mediation.  As a result of that mediation on August 29, 2019, the Parties reached a

13    settlement.  On or about _____, Plaintiff and Defendant executed the Stipulation

14    and Settlement Agreement of Class Action and Individual Claims ("Settlement

15    Agreement"), setting forth the terms of the Class Settlement.

16     A preliminary hearing was held before this Court on _____, for the

17    purpose of determining, among other things, whether the proposed Settlement

18    Agreement was within the range of possible approval and whether notice to the

19    Class of its terms and conditions, and the scheduling of a formal fairness hearing,

20    also known as a final approval hearing, will be worthwhile.  Appearing at the

21    hearing were _____ on behalf of Plaintiff and the Class Members; and

22    _____ on behalf of Defendant.

23     Having reviewed the papers and documents presented, having heard the

24    statements of counsel, having considered the matter, and having made findings and

25    rulings at the hearing, the Court **HEREBY ORDERS** as follows:

26     1.    The Court hereby GRANTS preliminary approval of the terms and

27    conditions contained in the Settlement Agreement.  The Court preliminarily finds

28    that the terms of the Settlement Agreement appear to be within the range of

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
4:18-CV-06510-KAW

possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2.      It appears to the Court on a preliminary basis that:  (1) the settlement amount is fair and reasonable to the Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) considerable investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation; and (4) the proposed settlement has been reached as the result of intensive, serious and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Settlement Agreement was entered into in good faith.

3.      The Court hereby GRANTS conditional certification of the provisional Class, in accordance with the Settlement Agreement, for the purposes of this Class Settlement only.  The Class is defined as "44 Previously-identified individuals who worked as drivers for Savoya in California at any time between January 1, 2016 through the date of Preliminary Approval."

4.      The Court hereby authorizes the retention of _____ as Settlement Administrator for the purpose of the Class Settlement.

5.      The Court hereby conditionally finds that Bryan Schwartz Law may act as counsel for the Class, and that Plaintiff Billy Alabsi may act as class representative for the Class.

6.      The Court hereby APPROVES the Notice of Class Action Settlement, attached to the Settlement Agreement as **Exhibit 2**.  The Court finds that the Notice, along with the related notification procedure contemplated by the Settlement Agreement, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, to

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
4:18-cv-06510-KAW

the extent applicable, the United States Constitution, and the requirements of due process.  The Court further finds that the Notice appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement Agreement, of the Class Members' right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object to the Class Settlement.  Subject to the terms of the Settlement Agreement, the Notice shall be mailed via first-class mail to the most recent known address of each Class Member within twenty (20) days after the entry of this Preliminary Approval Order.

7.     The Court hereby APPROVES the proposed procedure for exclusion from the Settlement Class, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than forty (40) days following the date on which the Settlement Administrator first mails the Notice to Class Members.  Any Class Member who submits a valid and timely request for exclusion shall not be a Member of the Settlement Class, shall be barred from participating in the Class Settlement and shall receive no benefit from the Class Settlement.

8.     The Court further ORDERS that Class Counsel shall file a motion for approval of the Fee and Expense Award and the Incentive Award, with the appropriate declarations and supporting evidence, by _____, to be heard at the same time as the motion for Final Approval of the Class Settlement.

9.     The Court further ORDERS that Class Counsel shall file a motion for Final Approval of the Class Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Class Settlement, by _____.

10.     The Court further ORDERS that each Class Member who does not request exclusion from the Class Settlement shall be given a full opportunity to object to the proposed Settlement Agreement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on

1  _____ at _____ in Courtroom _____ of the United States District Court, Northern

2  District of California.  Any Settlement Class Member seeking to object to the

3  proposed Class Settlement shall file such objection in writing with the Court and

4  shall serve such objection on Class Counsel and Defendant's Counsel no later than

5  forty (40) days following the date on which the Settlement Administrator first mails

6  the Notice to Class Members.  In addition, any attorney who intends to represent an

7  individual objecting to the Class Settlement must file a notice of appearance with

8  the Court and serve counsel for all Parties no later than forty (40) days following

9  the date on which the Settlement Administrator first mails the Notice to Class

10  Members.  Any Class Member who fails to file and serve these materials shall be

11  foreclosed from objecting to the proposed Settlement Agreement, unless otherwise

12  ordered by the Court.

13      11.    The Court further ORDERS that, pending further order of this Court,

14  all proceedings in this Action except those contemplated herein and in the

15  Settlement Agreement are stayed.

16      12.    If the Court grants final approval of the Class Settlement and enters

17  judgment, Settlement Class Members and their successors shall conclusively be

18  deemed to have given a release, as set forth in the Settlement Agreement and

19  Notice, against the Released Parties, and all Settlement Class Members and their

20  successors shall be permanently enjoined and forever barred from asserting any

21  claim covered by the Class Released Claims.  If for any reason the Court does not

22  execute and file a Final Approval Order and Judgment, the proposed Class

23  Settlement subject to this Order and all evidence and proceedings had in connection

24  with the Class Settlement shall be null and void.

25      13.    The Court may, for good cause, extend any of the deadlines set forth in

26  this Order or adjourn or continue the final approval hearing without further notice

27  to the Class.

28

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
4:18-cv-06510-KAW

1

**IT IS SO ORDERED.**

2

3    Dated: _____, 20___    _____

4                                            HON. KANDIS A. WESTMORE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
4:18-CV-06510-KAW

# EXHIBIT 4

BRYAN SCHWARTZ (SBN 209903)
bryan@bryanschwartzlaw.com
RYAN CHIN (SBN 281777)
rchin@bryanschwartzlaw.com
BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1380
Oakland, California 94612
Telephone: +1 510 444 9300
Facsimile:  +1 510 444 9301

*Attorney for Plaintiff Billy Alabsi*

LYNNE C. HERMLE (SBN 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (SBN 155507)
jliburt@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:   +1 650 614 7400
Facsimile:    +1 650 614 7401

CORTNEY C. THOMAS (*pro hac vice*)
(TEXAS SBN 24075153)
cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas  75225
Telephone:   +1 214 367 6094
Facsimile:    +1 214 327 5001

*Attorneys for Defendant Savoya LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI, on behalf of himself and all others similarly situated,<br>　　　　　　　　Plaintiff,<br>　　v.<br>SAVOYA, LLC, and DOES 1 through 50 inclusive,<br>　　　　　　　　Defendant. | Case No. 4:18-cv-06510-KAW<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

1    The Court has before it Plaintiffs' unopposed motion for final approval of a

2    proposed class action settlement ("Class Settlement") and attorneys' fees.  After

3    reviewing the Motion for Final Approval and the Stipulation and Settlement

4    Agreement of Class Action and Individual Claims ("Settlement Agreement") filed

5    with the Court, the Court hereby finds and orders as follows:

6        1.    This Court has jurisdiction over the claims of the Class Members

7    asserted in this proceeding and over all parties to the action.

8        2.    The Court finds that __ Class Members have objected to the

9    Settlement.  ___ Class Members have requested exclusion from the Settlement.

10   These _____ individuals will be paid, approximately $_____ from the Total

11   Settlement Amount.

12       3.    For the reasons set forth in the Preliminary Approval Order and in the

13   transcript of the Final Approval hearing, which are adopted and incorporated herein

14   by reference, this Court finds that the applicable requirements of Federal Rule of

15   Civil Procedure 23 have been satisfied with respect to the Settlement Class and the

16   proposed Class Settlement.  The Court hereby makes final its earlier provisional

17   certification of the Class, as set forth in the Preliminary Approval Order.  The Court

18   finds that the settlement is fair, adequate, and reasonable, and falls within the range

19   of reasonableness.

20       4.    The notice given to the Class Members fully and accurately informed

21   the Class Members of all material elements of the proposed Class Settlement and of

22   their opportunity to object to or comment thereon; was the best notice practicable

23   under the circumstances; was valid, due and sufficient notice to all Class Members;

24   and complied fully with the laws of the State of California, the Federal Rules of

25   Civil Procedure, the United States Constitution, due process and other applicable

26   law.  The notice fairly and adequately described the Class Settlement and provided

27   Class Members adequate instructions and a variety of means to obtain additional

28   information.  A full opportunity has been afforded to the Class Members to

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
4:18-cv-06510-KAW

1   participate in this hearing, and all Class Members and other persons wishing to be

2   heard have been heard.  Accordingly, the Court determines that all Class Members

3   (as defined in the Class Settlement) who did not timely and properly execute a

4   request for exclusion are bound by this Order and Judgment.

5        5.    The Court hereby grants final approval to the Class Settlement and

6   finds it reasonable and adequate, and in the best interests of the Class as a whole.

7   Accordingly, the Court hereby directs that the Class Settlement be effected in

8   accordance with the Settlement Agreement and the following terms and conditions.

9        6.    It is hereby ordered that the Settlement Administrator shall pay the

10  Settlement Awards in the amounts and pursuant to the terms set forth in the

11  Settlement Agreement.

12       7.    It is hereby ordered that the that the Settlement Administrator shall pay

13  the Incentive Award of $7,500.00 to Named Plaintiff Billy Alabsi because the Court

14  finds the Incentive Award is fair and reasonable for the work he provided to the

15  Class and Class Counsel.

16       8.    It is hereby ordered that the Settlement Administrator shall pay the Fee

17  Award of $187,500, plus $_____ in actual costs, to Class Counsel because Class

18  Counsel's request falls within the range of reasonableness and the result achieved

19  justified the award.  Class Counsel's actual expenses in prosecuting this Action are

20  hereby approved as reasonably incurred.

21       9.    It is hereby ordered that the Settlement Administrator shall pay the

22  PAGA Payment of $7,500 to the Labor and Workforce Development Agency, as set

23  forth in the Settlement Agreement.

24       10.    It is hereby ordered that the Settlement Administrator shall be paid

25  Administration Costs of $_____ as set forth in the Settlement Agreement.

26       11.    With this final approval of the Class Settlement, it is hereby ordered

27  that all claims that are released as set forth in the Settlement Agreement are hereby

28  barred.

1

2        **IT IS SO ORDERED.**

3

4    Dated:        _____        _____

5                                                  HON. KANDIS A. WESTMORE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT
4:18-CV-06510-KAW

# EXHIBIT 5

BRYAN SCHWARTZ (SBN 209903)
bryan@bryanschwartzlaw.com
RYAN CHIN (SBN 281777)
rchin@bryanschwartzlaw.com
BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1380
Oakland, California 94612
Telephone: +1 510 444 9300
Facsimile:  +1 510 444 9301

*Attorney for Plaintiff Billy Alabsi*

LYNNE C. HERMLE (SBN 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (SBN 155507)
jliburt@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:  +1 650 614 7400
Facsimile:   +1 650 614 7401

CORTNEY C. THOMAS (*pro hac vice*)
(TEXAS SBN 24075153)
cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas  75225
Telephone:  +1 214 367 6094
Facsimile:   +1 214 327 5001

*Attorneys for Defendant Savoya LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>SAVOYA, LLC, and DOES 1 through 50 inclusive,<br>Defendant. | Case No. 4:18-cv-06510-KAW<br><br>**[PROPOSED] JUDGMENT** |

1

2          The Plaintiffs' Motion for Final Approval of the Parties' Class Action

3   Settlement and an Award of Enhancement Payments to the Named Plaintiffs and an

4   Award of Attorney's Fees and Expenses came on for hearing on _____ in the

5   above-captioned Court, the Honorable Kandis A. Westmore presiding.  The Court

6   having previously granted preliminary approval of the settlement on _____, the

7   parties having fully briefed the issues regarding final approval and attorney's fees,

8   the cause having been heard, and the Court having granted final approval of the

9   settlement, attorney's fees, litigation costs, and costs of administration,

10          IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

11          Judgment is entered on the terms set forth in the Order Granting Final

12   Approval of Class Action Settlement.

13

14   Dated:        _____              _____

15                                                   HON. KANDIS A. WESTMORE

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

**IMPORTANT LEGAL NOTICE**

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI, individually, and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>v.<br><br>SAVOYA, LLC,<br><br>                       Defendants. | CASE NO.: 4:18-cv-06510-KAW<br><br>**NOTICE OF (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) FINAL APPROVAL HEARING; AND (3) RIGHT TO OBJECT OR OPT OUT**<br><br>**THIS NOTICE AFFECTS YOUR RIGHTS - PLEASE READ IT CAREFULLY.** |

TO:    44 Previously-identified individuals who worked as drivers for Savoya in California at any time between January 1, 2016 through _____[date of Preliminary Approval]:

YOU ARE HEREBY NOTIFIED that a proposed class settlement (the "Class Settlement") of the above-captioned purported class action ("the Action") filed in the United States District Court, Northern District of California ("the Court") has been reached by the Parties and has been granted Preliminary Approval by the Court. The proposed Class Settlement will resolve all claims in this Action. The Court has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the Class Settlement of this Action and your legal rights under the Class Settlement.

## SUMMARY OF CASE

1.      Plaintiff Billy Alabsi ("Plaintiff") filed a complaint against Savoya, LLC on October 24, 2018, on behalf of himself and other workers in this Court. The Action alleges, among other things, that the Class Members are owed additional compensation for overtime hours worked based on an alleged misclassification as independent contractors, as well as additional amounts for meal and rest break violations, inaccurate itemized wage statements, and related penalties. The lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, attorneys' fees and expenses.

2.      The Action includes claims under the California Labor Code, related Wage Orders of the Industrial Welfare Commission, and California Business and Professions Code section 17200 *et seq*.

3.      After extensive investigation and an exchange of relevant information, the Parties agreed to enter into private mediation to try and resolve the claims. The Parties attended mediation on August 29, 2019, and reached the Class Settlement that is memorialized in the Settlement Agreement that is on file with the Court, and whose terms are generally summarized in this Notice.

4.      You have received this Notice because Savoya records show you worked as a Class Member and your rights may be affected by this Class Settlement.

## POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT

5.      Savoya contends that all of its contractors have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to properly calculate or pay any wages (including but not limited to overtime wages or otherwise), provide certain breaks, or provide accurate itemized wage statements. Savoya has denied and continues to deny each of the claims and contentions Plaintiff alleges in the Action. Savoya denies any wrongdoing or legal liability arising out of any of the facts or

conduct alleged in the Action, and believes that it has valid defenses to Plaintiff's claims.  Although Savoya believes it has meritorious defenses to the Action, Savoya has concluded that the further defense of this Action would be lengthy and expensive for all Parties.  Savoya has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Class Settlement to put to rest all claims that are or could have been asserted against it in the Action.  Neither the proposed Class Settlement nor any action taken to carry out the proposed Class Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Savoya of any fault, wrongdoing or liability whatsoever.

6.      Counsel for the Plaintiff ("Class Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto.  Class Counsel recognizes the expense and length of continued proceedings necessary to continue the Action against Savoya through trial and through any possible appeals, the uncertainty and the risk of the outcome of further litigation, including the risk that the Class might not be certified in light of Savoya's opposition to certification, as well as the difficulties and delays generally inherent in such litigation, the burdens of proof necessary to establish liability for the claims, Savoya's defenses thereto, and the difficulties in establishing damages for the Class Members.  Class Counsel has also taken into account the settlement negotiations conducted by the Parties.  Class Counsel believes the proposed Class Settlement is fair, adequate, reasonable and in the best interests of the Class Members.

7.      The Court has made no ruling on the merits of the Class Members' claims and has determined only that certification of the Class for settlement purposes is appropriate under the law.

### PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT

8.      On _____, the Court held a Preliminary Approval Hearing during which it preliminarily certified the Class for the purposes of the Class Settlement.

9.      At the Preliminary Approval Hearing, the Court appointed the following attorneys as Class Counsel to represent the Class in this Action:

BRYAN SCHWARTZ
RYAN CHIN
BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1380
Oakland, California 94612
Telephone:       (510) 444-9300
Facsimile:       (510) 444-9301

### SUMMARY OF SETTLEMENT TERMS

10.     <u>Class Settlement Amount</u>.  The Settlement Agreement provides that Savoya will pay up to $750,000.00 (the "Total Maximum Settlement Amount") to fully resolve the claims in the Action.

(a)     <u>Deductions.</u>  The following deductions will be made from the Total Maximum Settlement Amount:

(i)     <u>Settlement Administration</u>.  The Court has tentatively approved a payment of up to $_____ to the Settlement Administrator, _____[name], for the costs incurred in notifying the Class and processing claims.

(ii)     Attorneys' Fees and Expenses.  Class Counsel will ask the Court to approve a Fee and Expense Award of up to $250,000, plus reimbursement of the reasonable litigation expenses Class Counsel has incurred.  Class Counsel has been prosecuting the Action on behalf of the Class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses.  The Fee and Expense Award will constitute full compensation for all legal fees and expenses of Class Counsel in the Action, including any work they do in the future.  Class Members are not personally responsible for any fees or expenses.

(iii)     Incentive Award to Named Plaintiff.  Class Counsel will also ask the Court to approve an Incentive Award in the amount of $7,500.00 for Named Plaintiff Billy Alabsi for acting as the representative on behalf of the Class and spending time assisting with the lawsuit, which was not required of other Class Members.

(iv)     PAGA Payment.  A payment of $7,500 shall be paid to California's Labor and Workforce Development Agency to pay the government portion of any penalties allocated under California Labor Code's Private Attorneys General Act of 2004 ("PAGA"), as amended, California Labor Code sections 2699, 2699.3, and 2699.5.

(b)     Payment to Class Members: Plan of Allocation.  The balance of the Total Maximum Settlement Amount after the deductions described above is the "Net Settlement Sum".  The Net Settlement Sum is estimated to be $_____.  Settlement Class Members who do not opt out of the settlement ("Authorized Claimants") will receive a Settlement Award based on their relative number of weeks of work as Class Members since January 1, 2016, as reflected by Savoya's corporate records, exclusive of leaves of absence ("Work Weeks").  Approximations and averages will be used to cover periods where data are missing or otherwise not available.  Settlement funds that are ultimately unclaimed by Authorized Claimants will be allocated to _____[*cy pres* recipient].

(c)     Tax Matters.  IRS Form 1099 (and the equivalent California forms) will be distributed to Authorized Claimants reflecting the payments they receive under the Class Settlement.  Authorized Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Class Settlement.

11.     Class Release.  If approved by the Court, the Class Settlement will bar any Class Member who does not timely opt out of the Class Settlement from bringing certain claims against Savoya described below.  The Settlement Agreement contains the following provisions regarding the release of claims by Class Members:

The Settlement Class Members stipulate and agree that, upon the Final Payment Obligation and Class Release Date, they shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly waived and relinquished the Class Released Claims. With respect to the subject matter of the Class Released Claims, each Settlement Class Member, upon the Final Payment Obligation and Class Release Date, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Class Released Claims.  The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties for the Class Released Claims.  The Settlement Awards shall be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Class Released Claims and the covenant not to sue concerning the Class Released Claims.

"Class Released Claims" all claims, demands, rights, liabilities, and causes of action that were asserted in the Action based on the facts, transactions, events, policies, occurrences, acts, disclosures, statements, exhibits, omissions or failures to act that were pled in the Complaint regarding the failure to properly calculate overtime and minimum wage compensation; all other

3

claims, demands, rights, liabilities, and causes of action that were asserted in the Action other than the failure to properly calculate overtime compensation addressed in the preceding clause, including claims that Defendant failed to provide meal periods, failed to authorize and permit rest breaks, failed to keep records properly concerning time worked, failed to provide proper itemized wage statements (including but not limited to claims that Defendant's wage statements failed to show all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee), and/or engaged in unfair business practices; and any additional wage and hour claims that could have been asserted in the Action for violation of any law or regulation, whether legal or equitable, state or federal (including but not limited to the Fair Labor Standards Act, the California Labor Code, the California Business and Professions Code, the applicable Industrial Welfare Commission Wage Order(s), or any claim sounding in tort, contract, statute or otherwise), for any type of relief, based on the facts, transactions, events, policies, occurrences, acts, disclosures, statements, exhibits, omissions or failures to act that were pled in the Complaint.  Class Released Claims are limited to all claims as described above that arose during the Class Period.

"Complaint" means the First Amended Complaint filed in the Action on or about January 9, 2019, including any exhibits thereto.

"Class Period" means the period from January 1, 2016, through the date of Preliminary Approval.

"Released Parties" means Savoya, LLC, its past or present officers, directors, shareholders, employees, associates, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, parents, subsidiaries, affiliates, predecessors, successors, and assigns.

      12.    <u>Condition of Class Settlement</u>.  This Class Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Class Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class.

<u>**PROCEDURE FOR EXCLUDING YOURSELF FROM THE CLASS SETTLEMENT**</u>

      13.    Class Members may exclude themselves ("opt-out") from the Settlement Class by submitting a written exclusion request to the Settlement Administrator, on or before _____, at the following address:

<u>**Alabsi v. Savoya, LLC**</u>
c/o _____
[Settlement Administrator address]
[telephone]

      14.    To opt out, your written statement must include your name (and former names, if any), current address, telephone number, and last four digits of your social security number.  Opt-out requests that do not include all required information, or that are not submitted timely, will be disregarded.  Persons who submit valid and timely opt-out requests will not participate in the Class Settlement and will not be bound by either the Class Settlement or the Final Approval Order and Judgment.

      15.    If you are a Class Member and you do not exclude yourself from the Class Settlement in the manner described above, you will receive a Settlement Award and will be bound by all of the provisions of the Class Settlement, including a release of claims that will prevent you from separately suing any of the Released Parties for the Class Released Claims.  Each check sent by the Settlement Administrator will state "By cashing this check, you are agreeing to release all claims covered by this settlement. You will be opting

into the federal Fair Labor Standards Act ("FLSA") settlement, and you will also be exercising and releasing your claims under the FLSA."

## PROCEDURE FOR OBJECTING TO THE CLASS SETTLEMENT

16.     If you are a Settlement Class Member and believe that the Class Settlement should not be finally approved by the Court for any reason, you must file with the Court a written objection stating the basis of your objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.  The objection must be filed in the United States District Court, Northern District of California, at 1301 Clay Street, Oakland, CA 94612 on or before _____.  You must also at the same time mail copies of your objection to both Class Counsel and Savoya's Counsel at the addresses below.

| **Class Counsel** | **Savoya's Counsel** |
|---|---|
| BRYAN SCHWARTZ | CORTNEY C. THOMAS |
| BRYAN SCHWARTZ LAW | BROWN FOX PLLC |
| 180 Grand Avenue, Suite 1380 | 8111 Preston Road, Suite 300 |
| Oakland, California 94612 | Dallas, Texas 75225 |
| Telephone:      (510) 444-9300 | Telephone:  (214) 327-5000 |

17.     You may also appear at the Final Approval Hearing scheduled for _____ on _____, in Courtroom _____ of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, to have your objection heard by the Court.  Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.  Any attorney who intends to represent an individual objecting to the Class Settlement must file a notice of appearance with the Court and serve counsel for all Parties on or before _____.  All objections or other correspondence must state the name and number of the case, which is Alabsi v. Savoya, LLC, Case No. 4:18-cv-06510-KAW.  If you object to the Class Settlement, you will remain a Member of the Settlement Class, and if the Court approves the Class Settlement, you will be bound by the terms of the Class Settlement in the same way as Settlement Class Members who do not object.

18.     Any Member of the Settlement Class who does not object in the manner provided above shall be deemed to have approved the Class Settlement and to have waived such objections, and shall be forever foreclosed from making any objections (by appeal or otherwise) to the Class Settlement.

19.     Any Member of the Settlement Class who is satisfied with the Class Settlement need not appear at the Settlement Hearing.

## HEARING ON THE CLASS SETTLEMENT

20.     **You are not required to attend the Final Approval Hearing.**

21.     The Final Approval Hearing on the adequacy, reasonableness and fairness of the Class Settlement will be held at _____ on _____, in Courtroom _____ of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612.  The Hearing date may be changed without further notice; however, you can contact the Clerk of the Court to find out if the Hearing date has changed.

**CHANGE OF ADDRESS**

22.      If you move after receiving this Class Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Action and the Class Settlement to be sent to a different address, you should send your current preferred address to the Settlement Administrator.

**ADDITIONAL INFORMATION**

23.      This Class Notice is only a summary of the Action and the Class Settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at _____, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

24.      All inquiries by Class Members regarding this Class Notice and/or the Class Settlement should be directed to the Settlement Administrator or Class Counsel (see contact information above).  Upon request, Class Counsel will email a copy of the Plaintiff's Motion for Final Approval and/or the Plaintiff's Motion for Award of Attorneys' Fees and Reimbursement of Costs to the email address designated by the inquiring Class Member.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, SAVOYA, OR SAVOYA'S ATTORNEYS WITH INQUIRIES.**

DATED: _____, 20_____          BY ORDER OF THE COURT
                                             HON. KANDIS A. WESTMORE
                                             UNITED STATES DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 3



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5-31-12_

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

In re Novartis Wage and Hour Litigation        06-MD-1794 (PAC)

### [PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION *P.M.* SETTLEMENT AND DISMISSING WITH PREJUDICE

WHEREAS this matter comes before the Court on the joint request of Plaintiffs Simona

Lopes, Minel Hider-Tobertga, Catherine White, Terri Kelly and Kelli Shannon and a class and

collective action of persons similarly situated ("Class Representatives" or "Plaintiffs") and

Defendant Novartis Pharmaceuticals Corporation ("Defendant") for

(1)     final certification of the Settlement Class;

(2)     final approval of the Settlement of this case as memorialized in the Settlement

Agreement, dated January 25, 2012, including the award of service payments for the five

Named Plaintiffs and twenty-one Deponents, expenses at $400,000.00 and attorneys' fees

at 28% of the $99 Million Settlement Fund after expenses; and

(3)     entry of an Order and Judgment dismissing this action with prejudice; and

WHEREAS, Plaintiffs and Defendant entered into the Agreement to settle this Class and

Collective action; and

WHEREAS, the Court entered an Order Preliminarily Approving Settlement, dated

January 25, 2012, preliminarily certifying the proposed Class for settlement purposes under

Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act, ordering Notice to Class

Members, and scheduling a Final Fairness Hearing for May 31, 2012; and

WHEREAS, the Court has reviewed and considered the proposed Settlement Agreement

and the submissions of the parties in support thereof, and has held oral argument at the Final Fairness Hearing in this matter on May 31, 2012,

NOW THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Definitions. For purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Settlement Agreement.

2. Class Action Requirements. The Court finds that for the purpose of this settlement, the requirements of Federal Rule of Civil Procedure 23 have been met, in that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual members;

   c. The Settlement Class Representatives' claims are typical of the other Settlement Class Members' claims;

   d. The Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class and absent Settlement Class members. The Settlement Class Members retained counsel experienced in bringing class action and civil rights litigation.

3. Collective Action Requirements. The Court finds that for the purpose of this settlement, the requirements of the Fair Labor Standards Act have been met, in that:

   a. The FLSA Settlement Subclass II Members are similarly situated;

   b. Each FLSA Settlement Subclass II Member gave his or her consent in writing to become a party plaintiff in this action, and such consent is filed in this Court.

4. Certification of the Settlement Class. The requirements of Federal Rule of Civil

2

Procedure 23(b)(3) and the Fair Labor Standards Act having been met, the Court certifies

the following Settlement Class for the purpose of effectuating the Settlement:

### FLSA Settlement Subclass I:

*All persons who worked for Novartis Pharmaceuticals Corporation ("Novartis") as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2003 through April 7, 2007 and who filed Consent to Join as Party Plaintiff forms in the Civil Action in 2007 and June 2008. Henceforth, "Novartis" refers to Novartis Pharmaceuticals Corporation.*

### California Settlement Subclass I:

*All persons who worked for Novartis in the State of California as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Division or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2002 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.*

### New York Settlement Subclass I:

*All persons who worked for Novartis in the State of New York as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2000 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.*

### FLSA Settlement Subclass II:

*All persons who worked for Novartis in the States of Alabama, Arizona, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Michigan, Mississippi, Nebraska, New Hampshire, North Carolina, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, West Virginia or Wyoming as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period January 25, 2009 through the Preliminary Approval Date and who timely opt in to the Settlement by submitting an Opt In and Release Form and who are not FLSA Settlement Subclass I Members,*

*California Settlement Subclass I Members, New York Settlement Subclass I Members, or Remaining States Settlement Subclass Members.*

Remaining States Settlement Subclass:

*All persons who worked for Novartis in the States of Arkansas, Connecticut, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Vermont, Washington and/or Wisconsin and/or the District of Columbia as a full-time, active Sales Representative or Sales Consultant, or in the States of Alaska, California or Puerto Rico as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces during the Remaining States Settlement Subclass Eligibility Periods as defined below and who are not FLSA Settlement Subclass I Members, California Settlement Subclass I Members or New York Settlement Subclass I Members.*

| Work States | Remaining States Settlement Subclass Eligibility Period |
|---|---|
| Alaska, Arkansas, Connecticut, Illinois, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Washington, Wisconsin, District of Columbia and Puerto Rico | March 23, 2008 through the Preliminary Approval Date |
| California and New York | April 8, 2007 through the Preliminary Approval Date |
| Kentucky | March 23, 2006 through the Preliminary Approval Date |
| Maine and Vermont | March 23, 2005 through the Preliminary Approval Date |

5. <u>Notice.</u> The Court finds that dissemination of the Notice as provided for in the Preliminary Approval Order constituted the most effective and practicable notice, under the circumstances, to all Settlement Class Members concerning the pendency of this action, the proposed Settlement and the final fairness hearing, and constituted due and sufficient notice to all persons entitled to receive notice required by due process and Rule

4

23(b)(3) of the Federal Rules of Civil Procedure, the Fair Labor Standards Act and any other applicable law.

6.  <u>Final Approval of the Agreement.</u>  The Court finds that the proposed Agreement is APPROVED as fair, reasonable and adequate, pursuant to Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure, and as meeting the applicable standards for settlement under the Fair Labor Standards Act. The Court further finds that each and every term, provision, condition and agreement of the Settlement Agreement, including all exhibits thereto, apply and are adopted, incorporated, and made part of this Judgment, as if copied herein in extensor, and shall be effective, implemented and enforced as provided in the Settlement Agreement.

7.  <u>Monetary Relief.</u>  Defendant is required to pay administrative settlement costs in the amount of $170,000.00 in addition to the monetary relief to the class in the total amount of $99,000,000.00, as fully set forth in the Settlement Agreement and allocated as follows:

    a.  $233,500.00 committed to class representatives and deponents;

    b.  $27,608,000.00 committed to attorneys' fees;

    c.  $400,000.00 committed to reimbursement of litigation expenses; and

    d.  $70,758,500.00 committed to class member settlement awards.

8.  <u>Service Awards.</u>  The Court approves the awards of compensatory damages and service awards ranging from $20,000 to $40,000 to the 5 Named Plaintiffs, and an award of $3,500 in service payments to each of the 21 deponents, as set forth in the Settlement Agreement, which the Court finds to be reasonable, fair and appropriate.

9.  <u>Jurisdiction.</u>  The Court finds that it has jurisdiction over the subject matter of the Action,

the Settlement Class Representatives, the other Settlement Class Members, and the Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Agreement and/or Judgment.

10. <u>Attorneys' Fees, Costs and Expenses.</u>  The Court awards to Settlement Class Counsel Attorneys' fees in the amount of $28,594,000.00 and costs and expenses in the amount of $400,000.00, which amounts the Court finds are fair, adequate and reasonable.  The amounts shall be paid out of the Settlement Fund by the Claims Administrator no later than thirty (30) calendar days after the Effective Date as defined in the Settlement Agreement.

11. <u>Dismissal With Prejudice.</u>  The Court finds that this Class and Collective Action is hereby DISMISSED WITH PREJUDICE.

12. <u>Confidential or Highly Confidential Information.</u> The Court hereby orders that all materials containing Confidential or Highly Confidential Information pursuant to the Protective Order entered in the Civil Action shall be returned to the producing party or destroyed by the party to whom those materials were produced within sixty (60) calendar days after the Effective Date as defined in the Settlement Agreement.

13. <u>Entry of Judgment.</u>  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

USDC SDNY USDC PAC Document

SO ORDERED THIS 31st DAY OF May _____, 2012.

_____

Honorable Paul A. Crotty
UNITED STATES DISTRICT JUDGE

**United States District Court**
**Southern District of New York**
**Office of the Clerk**
**U.S. Courthouse**
**500 Pearl Street, New York, N.Y. 10007-1213**

**Date:**

**In Re:**

-v-

**Case #:**                    (        )

Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

**Ruby J. Krajick, Clerk of Court**

by: _____

_____, Deputy Clerk

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------X
                                    |
                                    |      NOTICE OF APPEAL
                                    |
         -V-                        |
                                    |
                                    |·      civ.        (   )
                                    |
------------------------------------X
```

Notice is hereby given that _____
                                                (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]




entered in this action on the _____ day of _____ , _____ .
                                   (day)              (month)              (year)


                                    _____
                                              (Signature)

                                    _____
                                              (Address)

                                    _____
                                         (City, State and Zip Code)

Date: _____           (     ) _____-_____
                                              (Telephone Number)


**Note:** You may use this form to take an appeal provided that it is underlined{received} by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS

FORM 1

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
---------------------------------X
                                 |
                                 |           MOTION FOR EXTENSION OF TIME
                                 |           TO FILE A NOTICE OF APPEAL
           -V-                   |
                                 |
                                 |              civ.          (    )
                                 |
---------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully

requests leave to file the within notice of appeal out of time. _____
(party)
(party)

desires to appeal the judgment in this action entered on _____ but failed to file a
(day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

<br/>
<br/>

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____     (     ) _____ - _____
(Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS

District Court will __receive__ it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 3

## United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
------- ------------------------------X
                                      |        AFFIRMATION OF SERVICE
                                      |
         -V-                          |
                                      |
                                      |        civ.           (   )
------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
     New York, New York

```
                              _____
                                       (Signature)

                              _____
                                       (Address)

                              _____
                              (City, State and Zip Code)
```

FORM 4

APPEAL FORMS

FORM 2

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

--------------------------------------------X
                        |

                        |      **NOTICE OF APPEAL**
                        |           **AND**

-V-               |  **MOTION FOR EXTENSION OF TIME**

                        |

                        |      civ.         (   )
--------------------------------------------X

1.     Notice is hereby given that _____ hereby appeals to

the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
                        [Give a description of the judgment]

2.     In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
         (party)

accordance with Fed. R. App. P. 4(a)(5).

     a.    In support of this request, _____ states that
                                   (party)

this Court's judgment was received on _____ and that this form was mailed to the
                            (date)

court on _____ .
       (date)

                        _____
                                (Signature)

                        _____
                                (Address)

                        _____
                         (City, State and Zip Code)

Date: _____       (    ) _____-_____
                                  (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the

# EXHIBIT 4

1  Alan Harris (SBN 146079)
   Priya Mohan (SBN 228984)
2  HARRIS & RUBLE
   4771 Cromwell Avenue
3  Los Angeles, California 90027
   Telephone: 323.962.3777; Facsimile: 323.962.3004
4  Email: aharris@harrisandruble.com
   pmohan@harrisandruble.com
5
   Attorneys for Plaintiff Christopher O'Sullivan
6  (Additional Counsel for Plaintiff O'Sullivan on Following Page)

7  Shaun Setareh (SBN 204514)
   LAW OFFICE OF SHAUN SETAREH
8  9454 Wilshire Blvd. Penthouse
   Beverly Hills, California 90212
9  Telephone: 310.888.7771; Facsimile: 310.888.7771
   Email: shaun@setarehlaw.com
10
   Attorneys for Plaintiff Alice Ogues
11 (Additional Counsel for Plaintiff Ogues on Following Page)

12                 UNTITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15 | CHRISTOPHER O'SULLIVAN, individually | Case No. 3:12-cv-02125 JCS
   | and on behalf of all others similarly situated, | Consolidated with 3:12-CV-3190 JCS
16 |
   |                     Plaintiff, | **PLAINTIFFS' NOTICE OF MOTION AND**
17 |                                | **MOTION FOR FINAL APPROVAL OF**
   |            v.                  | **CLASS ACTION SETTLEMENT;**
18 |                                | **MEMORANDUM OF POINTS AND**
   | AMN SERVICES, INC. dba Medical Express, | **AUTHORITIES IN SUPPORT THEREOF**
19 | and DOE 1 through and including DOE 100, |
   |                                | **SUBMITTED UNDER SEPARATE COVER:**
20 |                     Defendants. | **1. DECLARATIONS OF ALAN HARRIS,**
   |                                | **    SHAUN SETAREH, MARKHAM**
21 |————————————————————————————————| **    SHERWOOD, CHRISTOPHER**
   | ALICE OGUES, on behalf of herself and all | **    O'SULLIVAN, AND ALICE OGUES IN**
22 | others similarly situated,     | **    SUPPORT THEREOF; AND**
   |                                | **2. [PROPOSED] ORDER.**
23 |                     Plaintiff, |
   |                                | _Hearing Information_
24 |            v.                  | Date:         February 7, 2014
   |                                | Time:         9:30 a.m.
25 | AMN SERVICES, LLC, AMN HEALTHCARE, | Courtroom:    G
   | INC., AMN HEALTHCARE SERVICES, INC., | Judge:        Hon. Joseph C. Spero
26 | and DOES 1 to 50,              |
   |                                |
27 |                     Defendants. |

28

1

**ADDITIONAL COUNSEL FOR PLAINTIFF CHRISTOPER O'SULLIVAN**

2

David S. Harris (SBN 215224)

3

NORTH BAY LAW GROUP
116 E. Blithedale Avenue, Suite #2
Mill Valley, California 94941-2024

4

Telephone: 415.388.8788; Facsimile: 415.388.8770
Email: dsh@northbaylawgroup.com

5

6

James Rush (SBN 240284)
LAW OFFICES OF JAMES D. RUSH

7

7665 Redwood Blvd., Suite 200
Novato, California 94945-1405
Telephone: 415.897.4801l; Facsimile: 415.897.5316

8

Email: jimrush22@yahoo.com

9

10

**ADDITIONAL COUNSEL FOR PLAINTIFF ALICE OGUES**

11

David Spivak (SBN 179684)

12

THE SPIVAK LAW FIRM
9454 Wilshire Blvd. Suite 303
Beverly Hills, California 90212

13

Telephone: 310.499.4730; Facsimile: 310.499.4739
Email: david@spivaklaw.com

14

15

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ

16

9454 Wilshire Blvd. Penthouse
Beverly Hills, California 90212
Telephone: 310.844.5141; Facsimile: 310.492.4056

17

Email: louis@benowitzlaw.com

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on February 7, 2014 at 9:30 a.m., or as soon thereafter as may be heard, in Courtroom G of the San Francisco Courthouse of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102, plaintiffs Christopher O'Sullivan and Alice Ogues (collectively "Plaintiffs") will and hereby do move this Court for an order:

1. Confirming the conditional certification of the the Settlement Class, defined as "All persons employed by AMN Services, LLC as non-exempt healthcare professionals in the State of California during the Settlement Period (defined as January 30, 2008 through Preliminary Approval)," for settlement purposes only;

2. Finally approving the Class Settlement Agreement and Release of Claims (the "Settlement") submitted concurrently herewith;

3. Confirming the appointments of Plaintiffs as the Class Representatives for the Settlement Class;

4. Confirming the appointments of Alan Harris, of Harris & Ruble, and Shaun Setareh, of the Law Offices of Shaun Setareh, as Class Counsel for the Settlement Class; and

5. Confirming the California Labor and Workforce Development Agency as the *cy pres* recipient for uncashed settlement checks.

This Motion is made on the grounds that:

1. The Settlement Class continues to meet all of the requirements for class certification for purposes of settlement only pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

2. The Settlement is fair, adequate, and reasonable as required under Rule 23(e) of the Federal Rules of Civil Procedure;

3. Plaintiffs and their counsel are adequate to represent the Settlement Class as required by Rule 23(a)(4) and (g) of the Federal Rules of Civil Procedure;

4. The notice procedures and related forms have fully comported with all relevant due process requirements and requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure; and

5.      Based on the foregoing, final approval of the Settlement is warranted and the [Proposed] Order submitted herewith should be adopted so as to give finality to the Settlement.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declarations of Alan Harris, Shaun Setareh, Markham Sherwood, Christopher O'Sullivan, and Alice Ogues in support thereof, all accompanying exhibits, all papers on currently on file with this Court, and such further evidence and arguments as may be presented at hearing on the Motion.

Respectfully submitted,

HARRIS & RUBLE

Dated:  January 15, 2014                    BY____/s/ Alan Harris_____
                                            ALAN HARRIS
                                            Attorneys for Plaintiff
                                            CHRISTOPHER O'SULLIVAN

                                            LAW OFFICES OF SHAUN SETAREH

Dated:  January 15, 2014                    BY____/s/ Shaun Setareh_____
                                            SHAUN SETAREH
                                            Attorneys for Plaintiff
                                            ALICE OGUES

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.      INTRODUCTION .......................................................................................................... 1

II.     OVERVIEW OF THE LITIGATION .......................................................................... 1

III.    SUMMARY OF THE SETTLEMENT ......................................................................... 3

IV.     SUMMARY OF THE NOTICE AND CLAIMS PROCESS ..................................... 4

V.      ARGUMENT .................................................................................................................. 5

        A.      Overview of Class Action Settlement Approval Process. ................................. 5

        B.      This Court Should Confirm Its Conditional Certification of the Settlement Class for Settlement Purposes Only Because It Continues to Meet the Requirements of Rules 23(a) and 23(b)(3). ...................................................................................... 6

        C.      This Court Should Finally Approve the Settlement Because It Is a Fair, Adequate, and Reasonable Compromise of Disputed Wage and Hour Claims. ....................................... 7

                1.      The Settlement was negotiated at arms' length and reflects a fair, adequate, and reasonable compromise based on Defendant's estimated liability exposure compared against the risks of continued litigation. ............................................... 8

                2.      The Settlement provides for a fair, adequate, and reasonable distribution of the Net Fund Value to participating Settlement Class members. ............................... 9

                3.      The absence of objections, and extremely low number of requests for exclusion, confirm that the Settlement is a fair, adequate, and reasonable compromise of the disputed claims at issue and warrants final approval. ........................................... 9

                4.      The California Labor and Workforce Development Agency should be finally approved as the *cy pres* recipient because it furthers the objectives of the underlying statutes at issue in this case and is reasonably targeted to benefit the Settlement Class members. ................................................................................. 10

VI.     CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**CASES**

*7-Eleven Owners for Fair Franchising v. Southland Corp.*
    85 Cal.App.4th 1135 (2000) ............................................................................ 9

*Acosta v. Trans Union LLC*
    243 F.R.D. 377 (C.D. Cal. 2007) ...................................................................... 6

*Armstrong v. Bd. of Sch. Dirs. of Milwaukee*
    616 F.2d 305 (6th Cir. 1980) ............................................................................ 6

*Baldwin & Flynn v. Nat'l Safety Assoc.*
    149 F.R.D. 598 (N.D. Cal. 1993) ...................................................................... 6

*Blackie v. Barrack*
    524 F.2d 891 (9th Cir. 1975) ............................................................................ 6

*Dennis v. Kellogg Co.*
    697 F.3d 858 (9th Cir. 2012) .......................................................................... 10

*Eisen v. Carlisle & Jacquelin*
    417 U.S. 156 (1974) .......................................................................................... 6

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 2003) .......................................................................... 5

*In re Immune Response Sec. Litig.*
    497 F.Supp.2d 1166 (S.D. Cal. 2007) ............................................................... 7

*In re Rite Aid Corp. Sec. Litig.*
    396 F.3d 294 (3d Cir. 2005) .............................................................................. 9

*Linney v. Cellular Ala. P'Ship*
    1997 WL 450064 (N.D. Cal. 1997) ................................................................... 7

*Nordstrom Commission Cases*
    186 Cal.App.4th 576 (2010) .............................................................................. 9

*Officers for Justice v. Civil Serv. Comm'n*
    688 F.2d 615 (9th Cir. 1982) ............................................................................ 7

*Rodriguez v. West Publ'g Corp.*
    2007 WL 2827379 (C.D. Cal. 2007) ................................................................. 8

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) .................................................................... 5, 6, 7

*Van Bronkhorst v. Safeco Corp.*
    529 F.2d 943 (9th Cir. 1976) ............................................................................................ 5

**STATUTES**

Cal. Bus. & Prof. Code § 17200 *et seq.* ............................................................................... 2

Cal. Lab. Code § 203 ............................................................................................................ 2

Cal. Lab. Code § 204 ............................................................................................................ 2

Cal. Lab. Code § 221 ............................................................................................................ 2

Cal. Lab. Code § 223 ............................................................................................................ 2

Cal. Lab. Code § 226 ............................................................................................................ 2

Cal. Lab. Code § 226.7 ......................................................................................................... 2

Cal. Lab. Code § 510 ............................................................................................................ 2

Cal. Lab. Code § 512 ............................................................................................................ 2

Cal. Lab. Code § 1194 .......................................................................................................... 2

Cal. Lab. Code § 1197 .......................................................................................................... 2

Cal. Lab. Code § 1198 .......................................................................................................... 2

Cal. Lab. Code § 2698 *et seq.* ............................................................................................. 2

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 23 ....................................................................................................... 1, 5, 6, 7

**OTHER AUTHORITIES**

Manual for Complex Litigation § 1.46 (West 1977) ............................................................ 6

Schwarzer, Tashima & Wagstaffe
    Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 10:573 (Rutter Group 2006) .................... 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs Christopher O'Sullivan ("O'Sullivan") and Alice Ogues ("Ogues") (collectively, "Plaintiffs" or "Class Representatives") respectfully request that this Court finally approve the proposed class action settlement set forth in the Class Settlement Agreement and Release of Claims (hereafter "Settlement")[1] with defendant AMN Services, LLC ("AMN" or "Defendant"). Under the Settlement, AMN has agreed to pay a Gross Fund Value ("GFV") of $3 million to compromise disputed claims for alleged wage and hour violations. For the reasons discussed herein, the Settlement warrants this Court's final approval because: (1) the Settlement meets all the requirements for class certification for settlement purposes only under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (2) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (3) the Settlement bears all requisite indicia of fairness, reasonableness, and adequacy as required by Rule 23(e)(2); (4) the notice procedure and related forms fully comported with all Rule 23 and due process requirements; and (5) in view of the foregoing, final approval of the Settlement is warranted. Thus, this Court should grant Plaintiffs' motion in its entirety and adopt the [Proposed] Order submitted herewith.

### II.   OVERVIEW OF THE LITIGATION

O'Sullivan filed a class action complaint in Marin County Superior Court on January 30, 2012 and filed a first amended complaint on March 29, 2012. Harris Decl., ¶ 4. Defendant then removed the O'Sullivan lawsuit to this Court on April 27, 2012. *Id.*

Ogues filed a class action complaint in Los Angeles County Superior Court on April 2, 2012. Harris Decl., ¶ 5. On May 9, 2012, Defendant removed the Ogues lawsuit to the U.S. District Court for the Central District of California. *Id.* On June 7, 2012, the Ogues lawsuit was remanded *sua sponte* to the Los Angeles County Superior Court. *Id.* On June 19, 2012, the Ogues lawsuit, then-pending in the Los Angeles County Superior Court, was dismissed without prejudice. *Id.* On June 20, 2012, the Ogues lawsuit was re-filed in this Court and deemed related to the O'Sullivan lawsuit on July 12, 2012. *Id.*

///

---

[1] The Settlement is attached as Exhibit 1 to the Declaration of Alan Harris in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Harris Decl.").

On October 5, 2012, Plaintiffs filed an amended consolidated complaint incorporating both the O'Sullivan and Ogues actions. Harris Decl., ¶ 6. The consolidated complaint sets forth the following claims: (1) waiting time penalties (Cal. Lab. Code § 203); (2) failure to provide meal periods (Cal. Lab. Code §§ 226.7 and 512); (3) failure to provide rest periods (Cal. Lab. Code § 226.7); (4) failure to timely pay wages earned during employment (Cal. Lab. Code § 204); (5) failure to pay minimum and overtime wages (Cal. Lab. Code §§ 223, 510, 1194, 1197, and 1198); (6) failure to provide accurate wage statements (Cal. Lab. Code § 226); (7) unlawful wage deductions (Cal. Lab. Code § 221); (8) unfair competition (Cal. Bus. & Prof. Code § 17200 *et seq.*); and (9) civil penalties (Cal. Lab. Code § 2698 *et seq.*). Harris Decl., ¶ 6.

After the filing of the consolidated amended complaint, this Court ordered limited discovery aimed at resolving this case through mediation. Harris Decl., ¶ 7. On April 18, 2013, Plaintiffs and AMN participated in a full day mediation with Mark Rudy, a highly respected mediator with extensive experience in wage and hour class action matters, in Los Angeles, California. In connection with this litigation and the mediation, Plaintiffs and Defendant conducted substantial formal and informal discovery. *Id.* For Plaintiffs, this included responding to document production requests; analyzing thousands of pages of payroll and policy documents; developing models for estimating Defendant's potential liability exposure in this action on a class-wide basis; and preparing a detailed mediation brief. *Id.* During the mediation session itself, the parties negotiated extensively at arm's length without reaching a resolution. *Id.* However, with Mr. Rudy's assistance, the parties continued to engage in their arm's length negotiations following the mediation and ultimately agreed to the Settlement now before this Court as the result of a mediator's proposal. During their ongoing settlement negotiations, the parties kept the Court apprised of the status of their negotiations. *Id.*

On May 1, 2013, David Bell ("Bell"), represented by Aequitas Law Group, filed a third related action in the Los Angeles County Superior Court. Harris Decl., ¶ 8. That action sets forth the following claims: (1) failure to pay all wages; (2) failure to provide meal periods; (3) failure to provide proper rest breaks; (4) failure to timely pay wages during employment; (5) failure to provide accurate itemized wage statements; and (6) unfair competition. *Id.* The Bell lawsuit was removed to the U.S. District Court for the Central District of California on June 5, 2013, transferred to this Court pursuant to a

stipulation between the parties to that lawsuit on June 10, 2013, and deemed related to this consolidated action on July 11, 2013. *Id.*

On July 12, 2013, Plaintiffs filed the motion for preliminary approval of the Settlement. Harris Decl., ¶ 9. On August 16, 2013, the Court directed the parties to submit a long-form settlement agreement and related documents by August 30, 2013. *Id.* On August 30, 2013, Plaintiffs submitted these documents. *Id.* On September 10, 2013, this Court then granted preliminary approval of the Settlement. *Id.* In accordance with the order granting preliminary approval of the Settlement, Plaintiffs filed their motion for awards of attorneys' fees, costs, and class representative enhancement award on October 4, 2013. *Id.* Now that the notice process has been completed in accordance with the preliminary approval order, Plaintiffs submit this motion for final approval of the Settlement.

## III.    <u>SUMMARY OF THE SETTLEMENT</u>

The Settlement provides for a GFV of $3,000,000. Settlement, ¶ 4.1. The Net Fund Value ("NFV") is the portion of the GFV remaining after deductions for attorneys' fees (up to 25% of the GFV),[2] actual litigation costs, enhancement awards to Plaintiffs (up to $5,000 each to Ogues and O'Sullivan, and up to $2,000 for Bell), claims administration expenses, payment of civil penalties to the California Labor and Workforce Development Agency ($7,500), and the employer share of payroll taxes. *Id.*, ¶ 4.2. The Settlement Shares for Settlement Class members who submitted valid Claim Forms shall be calculated according to the following formula:

> Individual Settlement Payment = NFV * [(Individual Settlement Class Member Workweeks)/(Total Settlement Class Member Workweeks)].

*See* Settlement, ¶ 4.3. Becaise the Settlement Class members who submitted valid Claim Forms have claimed less than 100% of the NFV, the payments to those Settlement Class members who did submit valid Claim Forms will be increased proportionately based on their respective workweeks by a multiple of 2.34 times the amount initially yielded under the formula above. *Id*; *see also* Sherwood Decl., ¶ 15.[3]

The Settlement Class members who did not request exclusion shall release AMN and any parent,

---

[2] Aequitas Law Group, counsel for Bell, may also apply for attorneys' fees from the portion of the GFV allocated to attorneys' fees.

[3] It should also be noted that no unclaimed funds will be distributed to *cy pres* because the multiplier to be applied is less than three. *See* Settlement, ¶ 4.3; Sherwood Decl., ¶ 15.

subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors, attorneys, and healthcare facility clients including but not limited to Kaiser Permanente, Inc., thereof for all "Class Released Claims," defined as: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, or causes of action, contingent or accrued, which relate to wage and hour and California Labor Code or Federal wage and hour claims arising from the factual allegations specified in the October 5, 2012, Amended Consolidated Class Action Complaint for the O'Sullivan/Ogues Action ("Amended Consolidated Complaint") and the Bell Action. This includes but is not limited to waiting time penalties, meal periods, rest breaks, timely payment of wages, minimum and overtime wages or rates, wage statements, reimbursements, unlawful deductions from wages, and derivative or related claims, including but not limited to Private Attorney General Act claims, claims for restitution and other equitable relief, liquidated damages, punitive damages, or penalties of any nature whatsoever, and any other claims or legal theories asserted, or which could have been asserted, in the Amended Consolidated Complaint under the California Labor Code § 2699 or Business & Professions Code (including Section 17200), the California Wage Orders or California Labor Code or the Fair Labor Standards Act. Settlement, ¶ 5.1. The Class Released Claims do not include claims for workers' compensation benefits or any of the claims that may not be released by law or that are not based on the facts as alleged in the Amended Consolidated Complaint. *Id.*

Because no objections to the Settlement have been filed, Defendant shall fund the GFV within twenty (20) days of the final approval order and the Settlement Administrator shall make all disbursements within thirty (30) days of the final approval order. *See* Settlement, ¶ 7.1. After disbursements are made, Settlement Class members shall have one hundred twenty (120) days to cash their settlement checks. *Id.*, ¶ 7.5. In addition, for settlement checks returned as undeliverable, the Settlement Administrator shall search for updated addresses and re-mail any returned settlement checks within five (5) days. *Id.*, ¶ 7.4 Subject to approval by this Court, all checks not cashed within that time will be distributed to the California Labor and Workforce Development Agency. *Id.*, ¶ 7.5.

## IV.    SUMMARY OF THE NOTICE AND CLAIMS PROCESS

After this Court granted preliminary approval, and on or before September 24, 2013, Defendant

provided the Settlement Administrator with a data file containing the names, addresses, and dates of employment for all Settlement Class Members. Sherwood Decl., ¶ 4 On October 5, 2013, the Settlement Administrator mailed Notice Packets to all 11,685 unique identified Settlement Class members and posted information regarding this case and the Settlement to its website. *Id.*, ¶¶ 5-7.

As of January 10, 2014, 1,891 Notice Packets had been returned to the Settlement Administrator as undeliverable. Sherwood Decl., ¶ 7. After searching for updated addresses for these Notice Packets, 1,767 of them were re-mailed to updated addresses, but updated addresses could not be obtained for 124 Class Members. *Id.*

As of January 14, 2014, the Settlement Administrator had received 4,061 timely Claim Forms and 185 late Claim Forms. Sherwood Decl., ¶ 14. Because Defendant has agreed to accept the late Claim Forms, the total number of valid Claim Forms submitted is 4,246 (representing ~36.3% of all Settlement Class members). *See id.* In addition, as of January 14, 2013, only four (4) Settlement Class members submitted requests for exclusion and no Settlement Class members submitted objections. *Id.*, ¶¶ 12-13.

The average estimated payment to Settlement Class members who submitted valid Claim Forms is approximately $478.12 and the highest estimated payment is approximately $3,844. *See* Sherwood Decl., ¶¶ 14-15; Harris Decl., ¶ 12. These payments come out to approximately $14.46 per workweek. Sherwood Decl., ¶ 15.

## V.    ARGUMENT

### A.    Overview of Class Action Settlement Approval Process.

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). These concerns apply with particular force in a case such as this where allegedly illegal practices affected hundreds of employees. However, Rule 23(e)(C)(1) provides that a court may approve a settlement of a class action only when it finds after a hearing that the settlement is "fair, reasonable, and adequate." Rule 23(e)(C)(4 provides that any class member may object to a proposed settlement.

In reviewing a class action settlement, a court undertakes two fundamental inquiries. "First, the

district court must assess whether a class exists." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In other words, the court must determine that the lawsuit qualifies as a class action under Rule 23. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 2003) (reviewing settlement to ensure compliance with requirements of Rules 23(a) and (b)(3)). Second, the court must determine whether the settlement is "fair, adequate, and reasonable." *Staton*, 327 F.3d at 952. When the parties reach a settlement agreement before a trial class is formally certified, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Acosta v. Trans Union LLC*, 243 F.R.D. 377, 383 (C.D. Cal. 2007).

Thus, judicial review of a class action settlement entails a two-step process. "The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.' This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (6th Cir. 1980) (*quoting* Manual for Complex Litigation § 1.46, at 53-55 (West 1977)). At the second stage, after class members have had an opportunity to object to the settlement, the court makes a final determination whether the settlement is "fair, reasonable and adequate" under Rule 23(e). *Armstrong*, 616 F.2d at 314.

**B.** **This Court Should Confirm Its Conditional Certification of the Settlement Class for Settlement Purposes Only Because It Continues to Meet the Requirements of Rules 23(a) and 23(b)(3).**

Under the first step of the settlement approval analysis, this Court is obliged to make an initial determination that the Settlement Class meets the requirements of Rule 23. This requires that all four Rule 23(a) prerequisites and that at least one of the three Rule 23(b) requirements be met. Plaintiffs need only make a "prima facie showing" of the requirements under Rule 23. *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 10:573 (Rutter Group 2006). In determining the propriety of class certification, a court may not delve into the underlying merits of the claims. The fundamental question "is not whether . . . plaintiff [has] stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). Accordingly, the Ninth Circuit has established that, when ruling on the propriety of class certification, a district court "is bound to take the substantive allegations of the complaint as

true." *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975). A court "may not require plaintiff[] to make a preliminary proof of [his] claim; it requires only sufficient information to form a reasonable judgment." *Baldwin & Flynn v. Nat'l Safety Assoc.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993).

Here, when this Court granted preliminary approval on September 10, 2013, it found that the Settlement Class meets the requirements for class certification for settlement purposes only under Rules 23(a) and 23(b)(3). Harris Decl., ¶ 11. No subsequent events have cast doubt on this determination. *Id.* Accordingly, this Court should confirm its conditional grant of class certification for settlement purposes only.

> **C.** **This Court Should Finally Approve the Settlement Because It Is a Fair, Adequate, and Reasonable Compromise of Disputed Wage and Hour Claims.**

No single criterion is dispositive for whether a class settlement meets the requirements of Rule 23(e). The Ninth Circuit has directed district courts to consider a variety of factors without providing an "exhaustive list" or suggesting which factors are most important. *See Staton*, 327 F.3d at 959. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Due to the impossibility of predicting any litigation result with certainty, a district court's evaluation of a settlement essentially amounts to "nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Id.* at 625 (internal citations omitted).

Where a settlement results from arms' length negotiations after "relevant discovery" there is "a presumption that the agreement is fair." *Linney v. Cellular Ala. P'Ship*, 1997 WL 450064, at *5 (N.D. Cal. 1997). So long as the discovery is sufficient to give the parties a clear view of the relative strengths and weaknesses of their respective cases, it need not be exhaustive. *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1174 (S.D. Cal. 2007) (approving a settlement where informal discovery gave the parties a clear view of the strength and weaknesses of their cases). Notwithstanding any presumptions, the ultimate touchstone is whether "class counsel adequately pursued the interests of the class as a whole." *Staton*, *supra*, 327 F.3d at 961. As the Ninth Circuit explained in *Officers for Justice*, the district court's role in evaluating a class action settlement is therefore tailored to meet that

1    narrow objective. Indeed, Rule 23(e) review "must be limited to the extent necessary to reach a

2    reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

3    between, the negotiating parties." Thus, the Ninth Circuit will not reverse a district court's approval of

4    a settlement "unless the fees and relief provisions clearly suggest the possibility that class interests gave

5    way to self-interest." *Staton*, 327 F.3d at 961.

6              1.    **The Settlement was negotiated at arms' length and reflects a fair, adequate,**
                      **and reasonable compromise based on Defendant's estimated liability**
7                     **exposure compared against the risks of continued litigation.**

8              Plaintiffs have estimated that Defendant's liability exposure for meal and rest period premiums

9    and missed shift adjustments in this action theoretically might exceed $108 million, exclusive of

10   penalties and interest.[4] Harris Decl., ¶ 12. Notwithstanding the raw monetary amount of this exposure,

11   there are significant risks that continued litigation would entail that make the compromise amount fair,

12   adequate, and reasonable. Harris Decl., ¶ 13. These risks include, but are not limited to: (i) the risk that

13   the Court might conclude, outside the context of a settlement class, that individual questions

14   predominate over common questions as to liability and/or damages issues; (ii) the risk that potential

15   differences between the facilities where different class members worked could cause class certification

16   to be denied and/or narrow the scope of any certified class; (iii) the risk that Defendant could establish

17   that it maintained compliant practices with respect to rest periods before 2009, notwithstanding its

18   absence of a written policy; (iv) the risk that Defendant's issuance of a compliant rest period policy in

19   2009 could significantly limit the scope of its liability exposure for alleged rest period violations; (v)

20   the risk that the written meal period waivers that Defendant claims to have obtained from class

21   members might be considered lawful, thus precluding any recovery for most class members (as the

22   defense suggests that approximately 96.75% of class members signed written meal period waivers); (vi)

23   the risk that Defendant's policies and practices with respect to missed shift adjustments could be

24   deemed lawful, thus precluding any recovery under that theory; and (vii) the risk that good faith

25   disputes as to the viability of the underlying wage claims in this case could preclude any penalty awards

26   under California Labor Code §§ 203 and 226(e). Harris Decl., ¶ 13. While these risks are far from

27

28   _____

[4] It is proper for a court to evaluate the strength of a proposed settlement without taking potential
penalties into consideration. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 955 (9th Cir. 2009).

exhaustive, their magnitude shows that the Settlement is a fair, adequate, and reasonable compromise when taking them into account. *Id.*

Class Counsel are also of the opinion that the Settlement represents an excellent bargain for the class, given the inherent risks, hazards, and expenses of carrying the case through trial. As the Central District has explained, this weighs strongly in favor of approving the settlement. *See Rodriguez v. West Publ'g Corp.*, 2007 WL 2827379, at \*9 (C.D. Cal. 2007) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties."). Thus, in light of these considerable risks, Plaintiffs have achieved a fair settlement that reflects a meaningful recovery on behalf of class members that merits this Court's final approval. *See In re Cendant Corp., Derivative Action Litig.*, 232 F.Supp.2d 327 (D. N.J. 2002) (approving settlement that only provided a 2% recovery based on the estimated liability exposure).

### 2. The Settlement provides for a fair, adequate, and reasonable distribution of the Net Fund Value to participating Settlement Class members.

The Settlement fairly, adequate, and reasonably compensates class members based on the potential extent of their claims. Under the Settlement, all class members will be entitled to a share of the Net Fund Value based on their individual workweeks compared to the total workweeks for all class members, which will be increased proportionately based on their workweeks because the multiplier value is less than three. Harris Decl., ¶ 20. Because class members who worked more workweeks would have been subject to more of the alleged wage and hour violations than those who worked fewer workweeks in view of the theories of recovery advanced, this means of distribution compensates class members based on the potential extents of their injuries and is thus fair, adequate, and reasonable. *Id.* Further, the actual payments provided for under this allocation method—which are currently estimated to average approximately $478.12 —provide for meaningful monetary relief for disputed wage and hour claims. *See Nordstrom Commission Cases*, 186 Cal.App.4th 576, 590 (2010) (affirming final approval of reversionary wage and hour class action settlement where 20% of the fund allocated to the class was merchandise vouchers).

### 3. The absence of objections, and extremely low number of requests for exclusion, confirm that the Settlement is a fair, adequate, and reasonable compromise of the disputed claims at issue and warrants final approval.

The absence of objections and extremely small number of requests for exclusion show that the Settlement is fair, adequate, and reasonable and support its final approval. *See, e.g., In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (explaining that low level of objections is a "rare phenomenon"); *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal.App.4th 1135, 1152–53 (2000) (finding 9 objections, and 80 opt-outs, from a class of 5,454, showed a positive response from class members supporting settlement approval). Here, after notice was mailed to all 11,685 class members, no class members submitted objections and only four (4) (~0.03%) submitted requests for exclusion. Sherwood Decl., ¶¶ 9–10. As such, the absence of objections and extremely small number of requests for exclusion shows that the Settlement warrants this Court's final approval.

> **4.    The California Labor and Workforce Development Agency should be finally approved as the *cy pres* recipient because it furthers the objectives of the underlying statutes at issue in this case and is reasonably targeted to benefit the Settlement Class members.**

"A *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, . . . , and [3] must not benefit a group too remote from the plaintiff class[.]" *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (internal citations and quotation marks omitted). Here, the parties have agreed that any unclaimed portion of the NFV due to uncashed checks should be distributed to the California Labor and Workforce Development Agency. Settlement, ¶ 7.5. Because this organization provides services aimed at vindicating the legal rights of class members under the underlying statutes, it falls within the Ninth Circuit's guidelines for *cy pres* recipients and should be preliminarily approved. Harris Decl., ¶ 21.

## VI.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request for this Court to grant this Motion in its entirety and adopt the [Proposed] Order concurrently submitted herewith.

Respectfully submitted,

HARRIS & RUBLE


Dated:  January 15, 2014

BY   /s/ Alan Harris
     ALAN HARRIS
     Attorneys for Plaintiff
     CHRISTOPHER O'SULLIVAN

LAW OFFICES OF SHAUN SETAREH

Dated: January 15, 2014

BY  /s/ Shaun Setareh
SHAUN SETAREH
Attorneys for Plaintiff
ALICE OGUES

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:12-cv-02125 JCS

1   Alan Harris (SBN 146079)
    Priya Mohan (SBN 228984)
2   HARRIS & RUBLE
    4771 Cromwell Avenue
3   Los Angeles, California 90027
    Telephone: 323.962.3777; Facsimile: 323.962.3004
4   Email: aharris@harrisandruble.com
    pmohan@harrisandruble.com
5
    Attorneys for Plaintiff Christopher O'Sullivan
6   (Additional Counsel for Plaintiff O'Sullivan on Following Page)

7   Shaun Setareh (SBN 204514)
    LAW OFFICE OF SHAUN SETAREH
8   9454 Wilshire Blvd. Penthouse
    Beverly Hills, California 90212
9   Telephone: 310.888.7771; Facsimile: 310.888.7771
    Email: shaun@setarehlaw.com
10
    Attorneys for Plaintiff Alice Ogues
11  (Additional Counsel for Plaintiff Ogues on Following Page)

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14

15  CHRISTOPHER O'SULLIVAN, individually         Case No. 3:12-cv-02125 JCS
    and on behalf of all others similarly situated,   Consolidated with 3:12-CV-3190 JCS
16
                    Plaintiff,                   [PROPOSED] ORDER GRANTING FINAL
17                                               APPROVAL OF CLASS ACTION
           v.                                    SETTLEMENT
18
    AMN SERVICES, INC. dba Medical Express,          ___Hearing Information___
19  and DOE 1 through and including DOE 100,     Date:       February 7, 2014
                                                 Time:       9:30 a.m.
20                  Defendants.                  Courtroom:  G
                                                 Judge:      Hon. Joseph C. Spero
21  _____

22  ALICE OGUES, on behalf of herself and all
    others similarly situated,
23
                    Plaintiff,
24
           v.
25
    AMN SERVICES, LLC, AMN HEALTHCARE,
26  INC., AMN HEALTHCARE SERVICES, INC.,
    and DOES 1 to 50,
27
                    Defendants.
28

                                        1

1

**ADDITIONAL COUNSEL FOR PLAINTIFF CHRISTOPER O'SULLIVAN**

2

3   David S. Harris (SBN 215224)
    NORTH BAY LAW GROUP
    116 E. Blithedale Avenue, Suite #2
4   Mill Valley, California  94941-2024
    Telephone: 415.388.8788; Facsimile: 415.388.8770
5   Email: dsh@northbaylawgroup.com

6   James Rush (SBN 240284)
    LAW OFFICES OF JAMES D. RUSH
7   7665 Redwood Blvd., Suite 200
    Novato, California 94945-1405
    Telephone: 415.897.4801l; Facsimile: 415.897.5316
8   Email: jimrush22@yahoo.com

9

10

**ADDITIONAL COUNSEL FOR PLAINTIFF ALICE OGUES**

11  David Spivak (SBN 179684)
    THE SPIVAK LAW FIRM
12  9454 Wilshire Blvd. Suite 303
    Beverly Hills, California 90212
13  Telephone:  310.499.4730; Facsimile: 310.499.4739
    Email: david@spivaklaw.com
14

15  Louis Benowitz (SBN 262300)
    LAW OFFICES OF LOUIS BENOWITZ
16  9454 Wilshire Blvd. Penthouse
    Beverly Hills, California 90212
    Telephone: 310.844.5141; Facsimile: 310.492.4056
17  Email: louis@benowitzlaw.com

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**[~~PROPOSED~~] ORDER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On February 7, 2014 the Court heard the Named Plaintiffs Christopher O'Sullivan and Alice Ogues' unopposed motions for final approval of the class action settlement, and for awards of attorneys' fees, costs, and incentive payments as set forth in the Settlement Agreement, in the above-captioned action. In accordance with the Preliminary Approval Order, Settlement Class members have been given notice of the terms of the Class Action Settlement Agreement and Release of All Claims (hereafter "Settlement Agreement" or "Agreement") and an opportunity to object to the Agreement, comment on it, participate it in, and exclude themselves from it. Having considered the Agreement, the papers submitted by the Parties in support of final approval of the Settlement Agreement, and the argument at the final approval hearing held on February 7, 2014, the Court **HEREBY ORDERS AND MAKES DETERMINATIONS AS FOLLOWS:**

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties and Settlement Class members in this litigation.

3. The Court finds that certification of the following class for settlement purposes only, is appropriate under Rule 23 of the Federal Rules of Civil Procedure: "All persons employed by AMN Services, LLC as non-exempt healthcare professionals in the State of California during the period from January 30, 2008 to September 10, 2013."

4. The Court finds that the Settlement Class meets the ascertainability, numerosity, commonality and typicality requirements to justify certification and that resolution of this matter through a class action is superior to other available methods.

5. The Court finds that Named Plaintiffs Christopher O'Sullivan, Alice Ogues and David Bell are adequate class representatives and appoints them as such.

6. The Court finds that Class Counsel, Alan Harris, of Harris & Ruble, and Shaun Setareh, of the Law Offices of Shaun Setareh, have adequately represented the Settlement Class, and their appointment as Class Counsel is confirmed.

7.     Four (4) individuals filed timely request for exclusion in accordance with the requirements set forth in the Class Notice, and are therefore not members of the Settlement Class.

## FINAL APPROVAL OF NOTICE PROGRAM

8.     Pursuant to the Court's Preliminary Approval Order, the form of Class Notice was mailed to Settlement Class members by first class mail.  The Notice informed Settlement Class members of the terms of the Settlement Agreement, their opportunity to file claims to opt-out of the Settlement Class, to file written objections, and to appear in person or by counsel at the fairness hearing.  The Court finds that these procedures afforded protections to Settlement Class members and provided the basis for the Court to make an informed decision and approval of the Agreement.  The Court finds further that the Class Notice provided in this case was both the best notice practicable and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and Constitutional due process.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9.     The Court has reviewed the Settlement Agreement and finds that the Settlement Agreement is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability, and damages.  The Court finds further that extensive investigation, formal and informal discovery, and research have been conducted such that counsel for all Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs such as those already incurred by the Parties, and will avoid the delay and risks that would be presented by further prosecution of the Action. The Court finds that the Settlement Agreement has been reached after intensive, serious, and non-collusive arm's-length negotiations.

10.     The Court finds that no Settlement Class members validly and timely objected to the Settlement.

11.     Pursuant to the terms of the Settlement Agreement, in exchange for the Settlement Class members agreeing to release the Class Released Claims, the total maximum amount Defendants may be required to pay under the Agreement is $3,000,000.00 ("Gross Fund Value"), which is inclusive of the individual settlement payments to Class Members who submitted valid Claim Forms, Defendants'

portion of payroll taxes, the enhancement awards to the Named Plaintiffs, the awards of attorneys' fees and costs to Class Counsel, the reasonable expenses of the Claims Administrator and any payments made to the California Labor and Workforce Development Agency. Taking into account the (1) value of the Settlement Agreement, (2) the risks inherent in continued litigation, (3) the extent of discovery completed and the stage of litigation when Settlement was reached, (4) the complexity, expense, and likely duration of the litigation in the absence of settlement, and (5) the experience and views of counsel, the Court finds that the Settlement Agreement is fair, adequate, reasonable, and deserves this Court's final approval. The Court further finds that the Settlement Agreement was made in good faith, negotiated at arm's length and represents the best interests of the Parties. Accordingly, the Court orders the Parties to consummate the settlement in accordance with the terms of the Settlement Agreement.

12. Neither this Final Approval Order, nor the Settlement Agreement shall constitute an admission by Defendants of any liability or wrongdoing whatsoever, nor is this Final Approval Order a finding of the validity or invalidity of any claims in the action or a finding or wrongdoing by Defendants. Nor is any act performed or document executed pursuant to, or in furtherance of, the Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Class Released Claims, or of any wrongdoing or liability of Defendants and other released persons, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants and other released persons, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, except for purposes of settling the Actions pursuant to the terms of the Settlement Agreement or enforcing the release of the Class Released Claims.

## DISMISSAL AND RELEASE

13. In accordance with the terms of the Settlement Agreement, this Action shall be dismissed on the merits and with prejudice, with each party bearing its own costs, except as provided in the Settlement Agreement.

14. By this Final Approval Order, in exchange for the consideration provided, Plaintiffs and each member of the Settlement Class who does not submit a valid Request for Exclusion release AMN and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers,

directors, attorneys, and healthcare facility clients including but not limited to Kaiser Permanente, Inc.,

thereof for all "Class Released Claims," defined as: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, or causes of action, contingent or accrued, which relate to wage and hour and California Labor Code or Federal wage and hour claims arising from the factual allegations specified in the October 5, 2012, Amended Consolidated Class Action Complaint for the O'Sullivan/Ogues Action ("Amended Consolidated Complaint") and the Bell Action, including but not limited to waiting time penalties, meal periods, rest breaks, timely payment of wages, minimum and overtime wages or rates, wage statements, reimbursements, unlawful deductions from wages, and derivative or related claims, including but not limited to Private Attorney General Act claims, claims for restitution and other equitable relief, liquidated damages, punitive damages, or penalties of any nature whatsoever, and any other claims or legal theories asserted, or which could have been asserted, in the Amended Consolidated Complaint under the California Labor Code § 2699 or Business & Professions Code (including Section 17200), the California Wage Orders or California Labor Code or the Fair Labor Standards Act. The Class Released Claims do not include claims for workers' compensation benefits or any of the claims that may not be released by law or that are not based on the facts as alleged in the Amended Consolidated Complaint.

15.     The only Settlement Class members entitled to payment pursuant to this Final Approval Order are Settlement Class members who submitted valid Claim Forms.

16.     Without affecting the finality of the Final Approval Order, the Court reserves continuing and exclusive jurisdiction over the Parties and Settlement Class members to administer, supervise, construe, and enforce the Agreement and this Final Approval Order in accordance with its terms for the mutual benefit of the Parties. Under Federal Rules of Civil Procedure, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Approval Order.

## **ALLOCATION OF THE SETTLEMENT**

17.     Because no objections have been lodged to the Settlement Agreement, the Final Effective Date of the Settlement Agreement shall be the date of the Final Approval Order.

18.     Defendant shall fund the Gross Fund Value within twenty (20) calendar days of the Final Effective Date.

19.     The Court finds that Class Counsel, Alan Harris, of Harris & Ruble, and Shaun Setareh, of the Law Offices of Shaun Setareh, and Counsel for Class Representative David Bell, Joseph Cho, of Aequitas Law Group, having conferred a benefit on Named Plaintiffs and the Settlement Class members and having expended efforts to secure compensation to the Settlement Class, are entitled to a fee, and accordingly, within thirty (30) calendar days after the Final Effective Date, Class Counsel shall be paid a fee award of twenty-five percent (25%) of the Gross Fund Value, or $750,000, of the Maximum Settlement Amount, plus the Class Counsel's actual out-of-pocket expenses in prosecuting the Actions of $14,007.44. The Aequitas Law Group shall be reimbursed its actual out-of-pocket expenses in the amount of $3,490.25.  The attorneys' fees shall be allocated as follows:  93% to Counsel for Class Representative O'Sullivan and Ogues and 7% to Counsel for Class Representative Bell.

20.     Within thirty (30) calendar days after the Final Effective Date, Named Plaintiffs Christopher O'Sullivan and Alice Ogues shall be paid Enhancement Awards of $5,000 each from the Gross Fund Value, and David Bell shall be paid an Enhancement Award of $2,000, in exchange for general releases in accordance with the Settlement Agreement.

21.     The Court further approves that Gilardi & Co., LLC will administer the settlement pursuant to the Agreement.   Gilardi & Co., LLC shall be paid Claims Administration costs of $60,000.00 _____ from the Gross Fund Value for its services rendered in administering the settlement, in accordance with the Agreement, within thirty (30) calendar days of the Final Effective Date.

22.     Within thirty (30) calendar days after the Final Effective Date, Settlement Class Members who submitted valid Claim Forms shall receive Settlement Shares from the Net Fund Value, in accordance with the Settlement Agreement.

23.     Settlement Class members who submitted valid Claim Forms shall have 120 days from when their checks for Settlement Shares are issued to cash their checks.  Not fewer than 120 days, nor more than 130 days, after the issuance of checks for Settlement Shares to Settlement Class members who submitted valid Claim Forms, the funds from any checks that remain uncashed for more than 120 days shall be paid to the California Labor and Workforce Development Agency.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

24.     The Court further finds that four (4) Settlement Class members have requested exclusion from the Settlement. Attached hereto as Exhibit A is a true and correct copy of those Settlement Class members who have requested exclusion from the Settlement to date, and therefore, are not members of the Settlement Class, not bound by this Final Approval Order, and not entitled to any Settlement Shares under the Agreement.

25.     Except as stated in this Final Approval Order, all other terms of the Settlement Agreement will remain as stated in the Settlement Agreement and all accompanying documents and the orders of this Court.

26.     The Court will retain jurisdiction for purposes of enforcing this Agreement, addressing settlement administration matters, and addressing such matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

Dated: __2/7____, 2014          BY_____



HON. JOSEPH
United States Magistrate Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| ALLEN BUCKINGHAM, EUNICE ANN ROBINSON, ALVIN COURTS, and MELISSA AGOSTO-CRUZ, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>               Plaintiffs,<br><br>  vs.<br><br>BANK OF AMERICA, National Association,<br><br>      Defendant. | Case No.: 3:15-cv-6344-RS<br><br>[proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT) |

This matter, a wage and hour class and collective action under the federal Fair Labor Standards Act (FLSA) and several state laws, comes before the Court on plaintiffs' motion for final approval of class action settlement (ECF No. 96), and motion for payment of attorney fees and costs (ECF No. 92). A hearing was held on June 29, 2017.

The Court has reviewed and considered the record in this matter, including the memorandum and declarations submitted in support of the motion for preliminary approval and the exhibits attached thereto; the proposed settlement agreement and each of the class notices; Plaintiffs' motion for final approval of the Settlement Agreement; the memorandum in support of the motion for final approval submitted by plaintiffs; and the memorandum and declarations submitted in support of the fee petition.

Good cause appearing, the Court GRANTS the final approval and fee motions. The Court's order is based upon the following:

## I.    BACKGROUND

Plaintiffs were Client Fulfillment Consultants (CFCs) (also called Implementation Advisors), employees in the treasury services department of defendant Bank of America, N.A. ("BANA"), who allege they were misclassified as exempt from overtime. They now seek final approval of a class-wide settlement that achieves a common fund, in addition to prospective relief for the class.

On January 26, 2017, this Court granted preliminary approval of this settlement, certifying the settlement class, preliminarily approving the settlement, and ordering dissemination of notice to class members (ECF No. 87). This Court granted the parties' amendment to this settlement on March 9, 2017 (ECF No. 91).

The claims administrator provided notice in accordance with this Court's order. Out of the 529 initial class members, only one class member requested exclusion from the class, and no objections were filed. This settlement will result in recovery of $6.6 million for class members, in addition to the reclassification of the vast majority of currently employed class members and other current CFCs as non-exempt. Under the settlement, defendant will deposit the settlement fund

[proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)

1

1   with the claims administrator within 15 days of this Order, and class members will receive their

2   pro-rata allocations shortly thereafter by mail.

3   **II.      SUMMARY OF SETTLEMENTS**

4          **A.      Settlement Terms**

5          The proposed settlements resolve all wage-and-hour claims against defendant stemming

6   from its alleged misclassification of CFCs. The settlement classes are defined as follows (ECF No.

7   91 at 3-4):

8          The California Class shall be "All persons who are or who have been employed by

9   defendant as exempt employees in its internal job code CI066, which includes the job titles

10  Implementation Advisors and Client Fulfillment Consultants, within the State of California from

11  December 31, 2011 through October 17, 2016."

12         The North Carolina Class shall be "All persons who are or who have been employed by

13  Defendant as exempt employees in its internal job code CI066, which includes the job titles

14  Implementation Advisors and Client Fulfillment Consultants, within the State of North Carolina

15  from December 31, 2013 through October 17, 2016."

16         The Illinois Class shall be "All persons who are or who have been employed by Defendant

17  as exempt employees in its internal job code CI066, which includes the job titles Implementation

18  Advisors and Client Fulfillment Consultants, within the State of Illinois from December 31, 2012

19  through October 17, 2016."

20         The Connecticut Class shall be "All persons who are or who have been employed by

21  Defendant as exempt employees in its internal job code CI066, which includes the job titles

22  Implementation Advisors and Client Fulfillment Consultants, within the State of Connecticut from

23  December 31, 2013 through October 17, 2016."

24         The FLSA Collective shall be: "All persons who are or who have been employed by

25  Defendant as exempt employees in its internal job code CI066, which includes the job titles

26  Implementation Advisors and Client Fulfillment Consultants, from December 31, 2012 through

27  October 17, 2016 and who timely joins the Collective Action."

28  **[proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)**

The proposed settlement classes mirror the classes certified for settlement purposes by this Court on January 26 and March 9, 2017.

**B.     The Settlement Consideration**

Under the proposed settlement, defendant will pay a total of $6.6 million in cash, in addition to the employer share of payroll taxes. Defendant also committed to reviewing all CFCs and either (1) reclassifying current CFCs as non-exempt, or (2) modifying their job duties, all of which it completed last year.

**C.     Release of Claims**

Class members will release all federal and state-law wage-and-hour claims against defendant if the settlement becomes final, relating to the conduct alleged in plaintiffs' complaint, including:

> [C]laims, demands, rights, liabilities, and causes of action that were asserted in the Second Amended Complaint ("SAC") in the Lawsuit on behalf of Implementation Advisors and any additional wage and hour claims that could have been brought based on the facts alleged in the SAC on behalf of Implementation Advisors. The Released Claims include all claims relating to or arising out of the designation and treatment of the Class Representative and Class Members as "exempt" from overtime compensation while they worked as Implementation Advisors, including claims for violations of any state or federal statutes, rules, or regulations. This includes, but is not limited to, claims that, during the Class Periods, Defendant failed to pay overtime or any other wages due under California, North Carolina, Illinois, or Connecticut state laws; failed to pay overtime or any other wages due under the Fair Labor Standards Act; failed to provide legally-required meal and rest periods or pay wages due for such failure; failed to timely furnish accurate itemized wage statements; engaged in conduct subjecting Defendant to any statutory or civil penalties under any statute, ordinance, or otherwise arising from or related to the classification of Plaintiffs and Class Members as exempt from overtime, including, without limitation, California Labor Code section 2698, et seq. and Labor Code sections 203 and 226; engaged in any unfair business practices arising from the misclassification alleged; and failed to pay all wages due to Class Representative and Class Members upon termination of employment.

ECF No. 77-1 at ¶ 26. Class representatives Buckingham, Robinson, Courts, and Agosto-Cruz will execute a general release of claims related to their employment with defendant, unlike absent class members. *Id.*

---

**[proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)**

3

**III. THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE**

In order to approve a settlement in a class action, the court must conduct a three-step inquiry. *First*, it must assess whether defendants have met the notice requirements under the Class Action Fairness Act (CAFA). *See* 28 U.S.C. § 1715(d). *Second*, it must determine whether the notice requirements of Federal Rule of Civil Procedure 23(c)(2)(B) have been satisfied. *Finally*, it must conduct a hearing to determine whether the settlement agreement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2); *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (discussing the Rule 23(e)(2) standard); *Adoma v. Univ. of Phoenix. Inc.*, 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012) (conducting three-step inquiry). Each of these requirements is met here.

**A. The Parties Have Complied with the Class Action Fairness Act**

CAFA requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve [notice of the proposed settlement] upon the appropriate State official of each State in which a class member resides and the appropriate Federal official[.]" *See* 28 U.S.C. § 1715(b). The court may not grant final approval of a class action settlement until the CAFA notice requirement is met. *See* 28 U.S.C. § 1715(d). Here, defendant timely provided the required CAFA notice. No Attorneys General have submitted statements of interest or objections in response to these notices.

**B. The Settlement Class Meets All Requirements of Rule 23(e)**

In its order granting preliminary approval, and its order certifying the class on January 26, 2017 (ECF No. 87), the Court certified the class pursuant to Rule 23(b)(3). The same analyses apply here, and the Court affirms its order certifying the class for settlement purposes under Rule 23(e).

**C. The Parties Have Complied with Rule 23(c) Notice Requirements**

Class actions brought under Rule 23(b)(3) must satisfy the notice provisions of Rule 23(c)(2), and upon settlement of a class action, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(l). Rule 23(c)(2) prescribes the "best notice that is practicable under the circumstances, including

[**proposed**] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)

4

1  individual notice" of particular information. Fed. R. Civ. P. 23(c)(2)(B).

2  The proposed notice plan was undertaken and carried out pursuant to the preliminary

3  approval order. The notice administrator provided direct notice via mail and, where possible, e-

4  mail (obtained from defendant) to class members. In addition, the notice administrator established

5  a toll-free telephone number that class members could contact with any questions. Plaintiffs'

6  counsel also made a case website publicly available which contained the full settlement

7  agreement, the operative complaint, the Court's order granting preliminary approval to this

8  settlement, plaintiffs' motion for preliminary approval, plaintiffs' motion for attorney fees and

9  costs, and the notices.

10  The Court previously found that the notice itself informed class members of the nature of

11  the action, the terms of the proposed settlements, the effect of the action and the release of claims,

12  as well as class members' right to exclude themselves from the action and their right to object to

13  the proposed settlements (ECF Nos. 87, 91). Plaintiffs have complied with all of the requirements

14  of Rule 23 and have complied with the notice provisions of the Class Action Fairness Act of 2005,

15  28 U.S.C. § 1715.

16          **D.**       **The Proposed Settlement is Fair, Adequate and Reasonable**

17  The Court may approve a settlement that is fair, reasonable, and adequate.  Fed. R. Civ. P.

18  23(e)(2).  "It is the settlement taken as a whole, rather than the individual component parts, that

19  must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.

20  1998). The factors typically considered when evaluating the fairness of a settlement agreement

21  are:

22        (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely
23        duration of further litigation; (3) the risk of maintaining class action status
      throughout the trial; (4) the amount offered in settlement; (5) the extent of
24        discovery completed and the stage of the proceedings; (6) the experience and views
      of counsel; (7) the presence of a governmental participant; and (8) the reaction of
25        the class members of the proposed settlement.

26  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (citing *Churchill*

27  *Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). "[W]here, as here, a settlement is

28      [proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
    SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)

negotiated prior to formal class certification, consideration of the[ ] eight *Churchill* factors alone is not enough to survive appellate review." *Id.* at 946. The award must also be scrutinized for evidence of collusion between class counsel and the defendant, including: "when counsel receive a disproportionate distribution of the settlement"; "when the parties negotiate a 'clear sailing' arrangement"; and "when the parties arrange for fees not awarded to revert to defendants." *Id.* at 947.

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" when determining a proper attorney fees award. *In re Bluetooth*, 654 F.3d at 942. Under the percentage-of-recovery method, the Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon*, 150 F.3d at 1029. Yet the lodestar method, which multiplies "the number of hours reasonably expended by a reasonable hourly rate," *id.*, also produces a "presumptively reasonable" fee award, *Bluetooth*, 654 F.3d at 941. Although the Court has discretion to use either method, in either case the Ninth Circuit encourages a cross-check with the alternative method in order to ensure the reasonableness of any award. *Id.* at 944. The Court may also award reasonable litigation costs. *Id.* at 941.

The proposed settlement is sufficiently fair, reasonable, and adequate to qualify for final approval. The settlement secures a substantial recovery for the plaintiff class members — 35% of the case's arguable value of over $18 million — and resulted in reclassification of hundreds of class members as nonexempt from the overtime laws at issue. Like the monetary reward, the reclassification of CFCs as nonexempt represents something of value to the class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002) ("the litigation also benefitted employers and workers nationwide by clarifying the law of temporary worker classification . . . many workers who otherwise would have been classified as contingent workers received the benefits associated with full time employment").

Other factors favoring approval include the inherent risks of litigation, and the fact that plaintiffs' theories of liability have apparently never been tested for CFCs. Moreover, plaintiffs'

[proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)

6

1    recovery under the FLSA and California Labor Code would be diminished if they could not prove

2    BANA willfully misclassified them as exempt, and BANA could bar or diminish the value of

3    many claims if it successfully raised a good faith defense. Likewise, the settlement was reached

4    with the assistance of an experienced mediator. Finally, there are not strong indicia of collusion

5    between class counsel and the defendant: proposed attorney fees are at the 25% benchmark and

6    are not disproportionate to the common fund, *see infra* Part IV, and there is no reversion of

7    unclaimed funds to defendants.

8          There is, however, a "clear sailing" provision, which is to be viewed with disfavor,

9    notwithstanding the fact the settlement agreement is not predicated on approval of the fee request.

10   *See Bluetooth*, 654 F.3d at 948. Yet the theoretical problem with a "clear sailing" provision is that

11   it "increases the likelihood that class counsel will have bargained away something of value to the

12   class," *id.*, a circumstance which does not appear to have occured, given that the class members

13   are set to receive substantial compensation (and non-monetary benefit in the form of

14   reclassification), no class members have objected, and class counsel is seeking fees at the

15   benchmark percentage.

16                                              * * *

17         In summary, the proposed settlement is fair, reasonable and adequate is approved.

18   **IV.    ATTORNEY FEES AND COSTS**

19         Although the request for attorney fees is at the presumptively acceptable 25% benchmark,

20   *see Bluetooth*, 654 F.3d at 942, it should nonetheless be cross-checked according to the lodestar

21   method. Class counsel has thus far expended 806.7 hours on this action. Billed at rates of $675 to

22   $375 per hour for attorneys, and $200 to $150 per hour for law clerks, paralegals, and

23   administrative support, the hours worked result in a lodestar calculation of $310,917.50, meaning

24   the requested $1,650,000 in attorney fees is a 5.31-times multiple of the lodestar. (Class counsel

25   represents that, after all its work in this matter is complete, the attorney fees request will amount a

26   4.89-time multiple of the lodestar.)

27

28   **[~~proposed~~] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
     SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)**

1    Class counsel's billing rates are clearly reasonable for the market; similar and higher rates

2 have been approved in this District. *See, e.g.*, *In re Magsafe Apple Power Adapter Litig.*, No. 5:09-

3 CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable

4 hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for

5 paralegals and litigation support staff from $150 to $240."). The multiple, meanwhile, is certainly

6 on the high side, but is not fatal.  *See Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir.

7 2007) (citation omitted) ("Although this [6.85 times] multiplier is higher than those in many

8 common fund cases . . . it still falls well within the range of multipliers that courts have

9 allowed.").

10    Similar multiples have been approved in this District. *See, e.g.*, *Gutierrez v. Wells Fargo

11 Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *7 (N.D. Cal. May 21, 2015)

12 ("Accordingly, this order allows a multiplier of 5.5 mainly on account of the fine results achieved

13 on behalf of the class, the risk of non-payment they accepted, the superior quality of their efforts,

14 and the delay in payment."); *In re Apple iPhone/iPod Warranty Litig.*, 40 F. Supp. 3d 1176, 1181

15 (N.D. Cal. 2014) ("Furthermore, plaintiffs are correct that the resulting [3.62 times] multiplier

16 necessary to reach a $15.9 award would not be out of bounds, given the success they achieved in

17 this action and the other relevant factors."). While the multiple is high, class counsel has achieved

18 substantial recovery for the class, and the lack of objections and opt-outs indicates the class is

19 pleased with the results.  Accordingly, and because the fee request is at the 25% benchmark, the

20 motion for attorney fees is granted.

21    Class counsel also seeks $15,000 in costs.  Most of the claimed costs are from mediation

22 fees ($6,250), mailing notices and reminders ($4,043), and conducting depositions ($2,280.45).

23 The remaining $2,785.04 is for travel, document reproduction, legal research, and other litigation

24 costs.  This cost request is reasonable, and is granted.

25 **V.    SERVICE AWARDS FOR CLASS REPRESENTATIVES**

26    Plaintiffs request service awards in the amount of $15,000 for plaintiff Buckingham, and

27 $2,500 each for plaintiffs Robinson, Courts, and Agosto-Cruz, to be deducted from the gross

28    **[proposed]** ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
     SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)

common fund. In the Ninth Circuit, service awards "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

Here, the four class representatives have spent a significant amount of time assisting in the litigation of this case. Plaintiff Buckingham sat for a full-day deposition and attended the parties' mediation in person. Each class representative provided relevant information to plaintiffs' counsel, reviewed the settlement agreement to ensure it was in the best interest of the class, and, more generally, took a reputational risk by representing the other class members. The class representatives made these efforts on behalf of class members without receiving the benefits of the reclassification, because they are all former employees. Moreover, each class representative executed a broader release than absent class members, warranting additional consideration. The requested awards are therefore approved.

## VI. THE REQUESTED CY PRES IS APPROPRIATE

The requested *cy pres* beneficiary, Legal Aid at Work (formerly called Legal Aid Society-Employment Law Center), meets the test under *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012), "that there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries." This suit seeks to enforce wage protections for workers. Legal Aid at Work (https://legalaidatwork.org), provides direct legal services for low-wage workers in California. Accordingly, the beneficiary is approved.

## VII. CONCLUSION

The Court hereby enters Judgment approving the terms of the Settlement. This document shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure, and the Settlement Class Members are barred and permanently enjoined from initiating or prosecuting the Released Claims as defined in the Agreement.

---

**[proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)**

9

1      The claims of the Settlement Class Members are hereby DISMISSED WITH PREJUDICE,

2  with each party to bear his, her, or its own attorney fees and costs, except as set forth herein, and

3  with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including

4  jurisdiction regarding the disbursement of the Settlement Fund. Without affecting the finality of

5  this Order and Final Judgment, the Court retains jurisdiction over the Class Representatives, the

6  Settlement Class, and the Defendant as to all matters concerning the administration,

7  consummation, implementation, interpretation, and enforcement of the Settlement Agreement.

8  **IT IS SO ORDERED.**

9

10  DATED: July 11, 2017

11                            HON. RICHARD SEEBORG
                          UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **[proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)**

10

# EXHIBIT 6

BRYAN SCHWARTZ LAW
BRYAN SCHWARTZ (SBN 209903)
WILLIAM C. WEEKS (SBN 289984)
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
Email: bill@bryanschwartzlaw.com

RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
DAVID A. LOWE (SBN 178811)
JOHN T. MULLAN (SBN 221149)
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: dal@rezlaw.com
Email: jtm@rezlaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER WRIGHT and MICHELLE TRAME, individually, on behalf of all others similarly situated, and on behalf of the general public, | Case No. CV 12-00982 EMC |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| ADVENTURES ROLLING CROSS COUNTRY, Inc., dba ADVENTURES CROSS COUNTRY (ARCC), a California Corporation, SCOTT VON ESCHEN, and DOES 1 through 50 inclusive | Date: January 23, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Hon. Edward M. Chen |
| Defendants. | |

_____/

**NOTICE OF MOTION AND MOTION**

**TO THE COURT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that a hearing will be held on the Motion for Final Approval of Class Action Settlement of Plaintiffs Peter Wright and Michelle Trame ("Plaintiffs," together with Defendants Adventures Rolling Cross Country, Inc. and Scott Von Eschen, the "Parties"). At the hearing, the Parties will request that the Court grant final approval of the Parties' class action settlement pursuant to Federal Rule of Civil Procedure 23(e), awarding enhancements to the representative Plaintiffs, and entering judgment pursuant to the Parties' Settlement Agreement. The hearing will be held on January 23, 2014, at 1:30 p.m., along with the hearing on the previously filed motion seeking attorneys' fees and costs (ECF No. 165), in the Courtroom of the Honorable Edward M. Chen, located at 450 Golden Gate Avenue, San Francisco, CA 94102.

Class Counsel will, and hereby does, respectfully move the Court to approve the Parties' settlement, which the Court already granted preliminary approval. Specifically, Class Counsel requests that the Court (a) grant final approval of the settlement of $500,000; (b) approve $15,000 enhancements to each of the two representative Plaintiffs; and (c) enter judgment, as stipulated in the settlement.

Plaintiffs make this motion on the grounds that the proposed settlement is fair, adequate and reasonable. The Motion is based upon this Notice of Motion and Motion for Final Approval of Class Action Settlement; the Memorandum of Points and Authorities in Support Thereof; the Declaration of Mary Butler of Simpluris, Inc., the Class Action Claims Administrator, in support of the motion; the Declaration of Bryan J. Schwartz, Esq., in support of the motion; the Unopposed Motion for Preliminary Approval and all pleadings and supplemental statements in support (already on file), including the Settlement Agreement and its exhibits; the arguments of

//

//

//

//

//

1

counsel; the complete files, records, and pleadings in the above-captioned matter; and such additional matters as the Court may consider.

A Proposed Order is submitted herewith.

Dated: December 9, 2013           RUDY EXELROD ZIEFF & LOWE
BRYAN SCHWARTZ LAW

By: _____*/s/ Bryan J. Schwartz*_____
BRYAN J. SCHWARTZ

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     PROCEDURAL BACKGROUND ............................................................................. 2

    A.      Claims Made in the Case. ................................................................................. 2

    B.      Settlement of the Case. ..................................................................................... 3

III.    THE PROPOSED SETTLEMENT AND THE NOTICE AND CLAIMS
       PROCESS ..................................................................................................................... 5

    A.      The Terms of the Settlement Agreement. ........................................................ 5

    B.      The Notice and Claims Process. ....................................................................... 5

          1.      Summary of the Notice Process. ........................................................... 5

IV.     ARGUMENT ............................................................................................................... 7

    A.      Standard for Approval. ..................................................................................... 7

    B.      All of the Pertinent Facts Weigh in Favor of Final Approval. ........................ 8

          1.      Strength of the Case. ............................................................................. 8

          2.      Size of the Claims and Amount Offered to Settle Them. .................... 9

          3.      The Risk, Expense, Complexity and Likely Duration of Further
              Litigation. ............................................................................................ 10

          4.      The Stage of the Proceedings. ............................................................ 11

          5.      Class Representation. .......................................................................... 11

          6.      The Reaction of the Class to the Proposed Settlement. ..................... 12

    C.      The Class Representatives' Requested Enhancement Payments Are
        Appropriate. ................................................................................................... 13

    D.      The Requested *Cy Pres* Beneficiaries Are Appropriate. ............................... 14

V.      CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Federal Cases**

*In re American Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418 (S.D.N.Y. 2001) ............... 12

*In re Art Materials Antitrust Litigation*, 100 F.R.D. 367 (N.D. Ohio 1983) ............................... 13

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ...................................................... 9

*Cody v. Hillard*, 88 F. Supp. 2d 1049 (D.S.D. 2000) .................................................................... 12

*Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2013) .................................................................... 14

*In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366
   (S.D. Ohio 1990) ......................................................................................................................... 12

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) .............................................................. 7

*Grant v. Bethlehem Steel Corp.,* 823 F.2d 20 (2d Cir. 1987) ....................................................... 12

*In re GMC Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768
   (3d Cir. 1995) ............................................................................................................................. 10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .............................................................. 8

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234 (9th Cir. 1998) .......................................... 9

*Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832 (9th Cir. 1976) .............................. 12

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523
   (C.D. Cal. 2004) ......................................................................................................................... 12

*Officers for Justice v. Civil Service Commission*, 688 F. 2d 615 (9th Cir. 1982) ...................... 8, 9

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) .................................................................. 1, 8

*In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735 (S.D.N.Y 1985), *aff'd* 798 F.2d 35
   (2d Cir. 1986) ............................................................................................................................. 11

**Rules and Statutes**

Fed. R. Civ. P. 23(e) .................................................................................................................. 1, 8

**Other Authorities**

Schwarzer, *et al.*, *Cal. Practice Guide: Federal Civil Procedure Before Trial*
(The Rutter Group) § 10:849 (rev. #1 2008) ................................................................................ 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs request that this Court grant final approval of the Parties' settlement of Plaintiffs' claims for overtime compensation and related wage and hour claims.

This settlement, in the amount of $500,000, is "fair, reasonable, and adequate" under the meaning of Federal Rule of Civil Procedure 23(e). A telling indicator of the fairness, adequacy and reasonableness of this Settlement is the favorable response of the class. Specifically, over 80% of the class affirmatively opted into the settlement. *See* Declaration of Mary Butler of Simpluris, Inc., submitted herewith ("Butler Decl.") ¶ 15. No Class Members filed objections to the settlement, and none requested to be excluded from the action. *Id.* ¶ 17. The estimated average recovery per class member who opted to participate in the suit is approximately $1,000. *See* Declaration of Bryan J. Schwartz, Esq. ("Schwartz Decl.") ¶ 3. The percentage of favorable responses is particularly high in light of: (i) the nature of the Class, which consists of young people who are often transient, difficult to locate, and living abroad while performing temporary work; (ii) the fact that many of the Class Members worked for Defendants only for a portion of a single summer; and (iii) the modest dollar amount at stake for individual Class Members. *Id.* ¶ 5.

Class Counsel has conducted sufficient investigation and formal and informal discovery to evaluate the claims and defenses in this action, and believes that the settlement is in line with the strength of the Plaintiffs' claims, given the risk, expense, complexity, and likely duration of further litigation, and given Defendants' financial status. *See* Schwartz Decl. ¶ 6; *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003). Defendants have expressed no opposition to this Motion and have agreed to cooperate with Plaintiffs' request for final approval of the Settlement. *See* Schwartz Decl. ¶ 2.

Accordingly, Plaintiffs respectfully request that this Court: (a) grant final approval of the class action settlement reached in this matter; (b) approve the representative Plaintiffs' enhancement payments; and (c) enter the proposed judgment accordingly.[1]

---

[1] Plaintiffs' counsel's motion for fees and costs was filed separately. *See* ECF No. 165.

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

## II.    PROCEDURAL BACKGROUND

### A.    Claims Made in the Case.

As set forth in the Motion for Preliminary Approval, Plaintiffs commenced their class and collective action in Marin County Superior Court on February 17, 2012. Defendants removed this action to the federal court on February 27, 2012. Plaintiffs' Complaint alleged nine causes of action, including (1) Breach of Contract; (2) Failure to Pay Overtime in violation of California Labor Code §§ 510, 1194, 1198 and IWC Wage Orders; (3) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in violation of California Labor Code §§ 200-03; (4) Failure to Provide Timely, Accurate Itemized Wage Statements in violation of California Labor Code § 226; (5) Failure to Provide and/or Authorize Meal and Rest Periods in violation of California Labor Code §§ 226.7, 512 and IWC Wage Orders; (6) Failure to Compensate for all hours worked in violation of California Labor Code §§ 221, 223, and IWC Wage Orders; (7) Failure to Pay Minimum Wage in violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, California Minimum Wage Order, MW-2007; (8) Violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, 207, 216; and, (9) Unlawful and/or Unfair Business Practices in violation of California Business & Professions Code § 17200, *et seq*. On August 20, 2013, Plaintiffs filed a First Amended Complaint, pursuant to a stipulation with Defendants, adding claims under the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code §2698, *et seq.*

Defendants filed a Motion to Dismiss (ECF No. 7), which the Court granted in part and denied in part (ECF No. 22). The Court dismissed Plaintiffs' breach of contract claim. With respect to Plaintiffs' wage and hour claims, the Court dismissed those claims to the extent that they were based on work performed outside of California or the United States that was not covered by the California Labor Laws or FLSA. The Court also rejected Plaintiffs' theory that because their contract stated that it would be governed by California law, all of Plaintiffs' time worked for ARCC was subject to the California Labor Code, regardless of where the work was performed.

On May 4, 2012, as a result of communications sent to the Class by ARCC staff and Mr. Von Eschen, Plaintiffs moved for an Order prohibiting Defendants from contacting members of the potential Class, and for Corrective Notice (ECF No. 23).

On May 17, 2012, Defendants filed an Answer, as well as Counterclaims against Plaintiffs Peter Wright and Michelle Trame for breach of contract, and against Plaintiff Trame for fraud (ECF No. 44).

On June 15, 2012, the Court issued an Order prohibiting Defendants from directly contacting Plaintiffs and potential Class Members, and directing issuance of a corrective notice (ECF No. 63).

On October 24, 2012, Defendants stipulated to the dismissal of their counterclaims (ECF No. 90), and the Court dismissed those claims with prejudice on October 26, 2012 (ECF No. 92).

On February 28, 2013, after conducting discovery, including the taking of Mr. Von Eschen's deposition and the exchange of extensive documents, the Parties filed cross-motions for partial summary judgment, focused primarily on whether ARCC qualified for the "organized camp" exemption under the FLSA and California's Labor Code. On April 24, 2013, the Court issued an Order granting in part Plaintiffs' motion and denying Defendants' motion. The Court ruled that, as a matter of law, ARCC did not qualify for the state or federal "organized camp" exemption. The Court also ruled that with respect to weeks during which part of the work-week was performed in the United States or California, all work performed during such weeks would be covered by the FLSA or the California Labor Code, respectively.

On May 22, 2013, Plaintiffs moved to certify a class under Rule 23 and a collective action under the FLSA, and to issue Notice to the potential classes (ECF No. 127). Defendants filed a statement of non-opposition (ECF No. 133), and the Court issued an Order on July 15, 2013 certifying the classes and ordering the Parties to meet and confer on the contents of the Notice.

**B.       Settlement of the Case.**

Although two mediations failed to result in settlement of the case, the Parties continued to exchange detailed information regarding ARCC and the potential outcomes if ARCC were to file for bankruptcy. Schwartz Decl. ¶ 7. The Parties engaged in extensive, back-and-forth

3

communications over several months to arrive at specific settlement terms, with Plaintiffs' counsel pushing for the most advantageous terms for the class, under the circumstances. *Id.* In connection with the settlement discussions, ARCC reclassified all Trip Leaders as non-exempt with respect to the time they work in the United States and California, and, as of 2013, revised its time and payroll practices to comply with applicable California or federal minimum wage and overtime laws and, as appropriate, with California meal and rest period laws. *See* Further Supplemental Decl. of Scott Von Eschen in Support of Motion for Preliminary Approval (ECF No. 163) ¶ 2.

On August 2, 2013 the Parties, through counsel, signed a Memorandum of Understanding to settle this case, and on August 16, 2013, the Parties signed the Settlement Agreement, through counsel. (ECF No. 149-1).

On August 16, 2013, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 145).

On August 29, 2013, the Court issued an Order re Supplemental Briefing (ECF No. 153). Per the Order, Plaintiffs filed a Supplemental Statement in Support of their Motion for Preliminary Approval of Class Action Settlement (ECF No. 157), providing, among other things, an explanation of the estimated average settlement payment to each Class Member assuming full participation (*id.* at 1-2), an estimate of the maximum settlement value of the case (*id.* at 2-3), documentation of Defendants' inability to pay a judgment in excess of $500,000 (*id.* at 3 & Decl. of Scott von Eschen, filed under seal), an estimate of the settlement value of the case absent an insolvency/bankruptcy problem (*id.* at 3-5), authority establishing that the risk of bankruptcy is a legitimate factor in the decision to settle and that such a risk provides further support for Plaintiffs' requested attorneys' fees and class representative enhancements (*id.* at 5-8); and the factual basis for the retaliation claims that the representative plaintiffs are waiving in the settlement, as is relevant to their requested enhancements (*id.* at 8-14).

On November 8, 2013, Plaintiffs filed their Motion for Approval of Attorneys' Fees and Costs (ECF No. 165).

**III.    THE PROPOSED SETTLEMENT AND THE NOTICE AND CLAIMS PROCESS**

    **A.    The Terms of the Settlement Agreement.**

The terms of the Settlement are described in detail in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 145, at 9-12). The Settlement Agreement was entered into the Record as Exhibit 1 to the Declaration of Bryan J. Schwartz in Support of Plaintiffs' Unopposed Motion for Preliminary Approval (ECF No. 149-1). Essentially, in exchange for a full release of wage/hour claims, the Settlement provides compensation to be paid immediately to a group of employees who led one or more summer trips for Defendants. The amount of compensation, given the current opt-in rate of just over 80%, results in an average of approximately $1,000 per participating Class Member – an amount approaching the average total wages of $1,200 that a Trip Leader received for leading a summer trip for Defendants. *See* Schwartz Decl. ¶ 3.

    **B.    The Notice and Claims Process.**

        **1.    Summary of the Notice Process.**

Per the Court's preliminary approval order and the terms of the Settlement Agreement, the Parties retained the professional claims administration firm of Simpluris, Inc. (the "Claims Administrator") to perform the notice and claims administration procedures in this matter. *See* ECF No. 164 ¶ 10; *see also* Declaration of Mary Butler, of Simpluris, Inc. ("Butler Decl.") submitted herewith, at ¶¶ 1-4. The Class Notice, which the Court approved as to form and content (ECF No. 164 ¶ 7), described the litigation, the terms of the settlement, and each class member's options with regard to the proposed settlement. Butler Decl. Ex. A. Each Class Notice also stated, on its face, the Settlement payment amount that the recipient would receive if he or she opted into the case (not including an additional payment that the recipient would receive, consisting of his or her pro rata share of the unclaimed settlement funds, given that the settlement is non-reversionary). *Id.*

The initial mailing of the Claim Package for the *Wright* class action Settlement occurred on October 10, 2013. *See* Butler Decl. ¶ 6. Of the 369 Class Members, Simpluris initially sent a Claim Package to the 356 Class Members for whom an address could be located. *Id.* The Claim Package consisted of a Notice, Opt-in and Claim Form, and a mailing envelope. *Id.* The forms

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

1   stated the initial settlement payment amount the Class Member would receive if he or she opted

2   into the suit. *Id.* & Ex. A. The Class Notices advised Class Members of the pertinent formula used

3   to determine their portion of the settlement sum and the specific settlement payment each Class

4   Member would receive. *Id.* Thus, the Claim Forms were individualized such that each Class

5   Member could evaluate the settlement and its financial implications, and could request credit for

6   additional trips or training sessions if he or she believed the amount reflected on the Claim Forms

7   was incorrect. *Id.* On October 17, 2013, Class Members were sent a Corrected Notice Packet, in

8   an envelope labeled "CORRECTED VERSION ENCLOSED," which corrected an error by

9   Simpluris in the calculation of the payment that Class Members would receive. Butler Decl. ¶ 8.

10  The Corrected Notice Packet included a Notice, Opt-in and Claim Form, and a letter from

11  Simpluris explaining the correction and informing Class Members that it was necessary for them

12  to submit a corrected Claim form, even if they already submitted the initial claim form. *Id.* & Ex.

13  B.

14      For the 13 Class Members for whom no address was initially available, Simpluris was

15  able to identify mailing addresses for 12 of them and mail them the Corrected Notice Packet; 8 of

16  those Class Members have submitted claims forms. *Id.* ¶ 15. With respect to the one Class

17  Member for whom no address was located, Simpluris sent him the Corrected Notice Packet by

18  email. *Id.*

19      Beginning on November 7, 8, and 9, 2013, Simpluris placed telephone calls to all of the

20  Class Members who had not submitted a valid claim form for whom a telephone number could be

21  identified. *Id.* ¶ 11. Simpluris also sent Class Members who had not submitted a Corrected Claim

22  form an email with the subject line "Wright v. ARCC; YOU MUST RE-SUBMIT YOUR

23  CLAIM FORM," explaining the need to submit a corrected claim form and attaching PDFs of the

24  corrected notice and claim forms. *Id.* ¶ 13. On November 15, 2013, Simpluris mailed a reminder

25  postcard to all of the Class Members who had not submitted valid claim forms. *Id.* ¶ 12 & Ex. C.

26  Simpluris also sent an email reminder to the 310 valid email addresses it received from

27  Defendants' counsel (10 of which resulted in "failed delivery" notifications). *Id.* ¶ 13.

28

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

Plaintiffs' counsel and Defendants worked proactively to contact all Class Members about the settlement. Between November 22, 2013 and November 26, 2013, Plaintiffs' counsel contacted all of the Class Members by phone and email who had not submitted a Claim Form, and for whom Defendants had a telephone number or email address. Schwartz Decl. ¶ 10. In addition, Defendants ARCC and Mr. Von Eschen sent at least two emails to all Trip Leaders for whom Defendants had email addresses, encouraging them to participate in the settlement. *Id.* Defendants have also attempted to reach Trip Leaders by other means, including via Facebook messages. *Id.* Counsel for both sides have worked extensively with Simpluris to ensure that all available methods of communication were used to ensure that the Class Members are aware of this settlement. *Id.*

## 2. The Reaction of the Class Members

Of the 369 Class Members, 297 (over 80% of the Class) submitted valid Claim forms to the Claims Administrator, opting into the Settlement. Butler Decl. ¶ 15. None of the Class Members filed an objection to the settlement, or requested to be excluded from the action. *Id.* ¶ 17. As of the filing date of this Motion, there were 11 Class Members who submitted an Original Claim form but not a Corrected Claim form – counsel and the Claims Administrator have been working to reach all such Class Members, and will deem Corrected Claim forms to be timely submitted if an Original Claim form was timely submitted. *See* Schwartz Decl. ¶ 9. The Claims Administrator has processed and satisfactorily resolved disputes by several Class Members about the amount of their claims, with the parties agreeing that at least 3 Class Members are entitled to higher allocations than originally calculated, because they worked more domestic trips or attended more domestic training sessions.

## IV. ARGUMENT

### A. Standard for Approval.

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[I]t hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits.") (citations omitted). Moreover, when reviewing a motion

7

for approval of a class settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiated between the parties," and must therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Comm'n*, 688 F. 2d 615, 625 (9th Cir. 1982).

To approve a proposed settlement of a class action under Fed. R. Civ. P. 23(e), the Court must find that the proposed settlement is "fair, adequate and reasonable," recognizing that "it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Staton*, 327 F.3d at 960 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Although Rule 23 provides no precise formula for making this determination, the Ninth Circuit has identified several factors to be considered. These factors include: (1) the strength of the case; (2) the size of the claims and amount offered to settle them; (3) the risk, expense, complexity and likely duration of further litigation; (4) the stage of the proceedings, *i.e.*, whether the plaintiffs and their counsel have conducted sufficient discovery to make an informed decision on settlement; (5) whether the class has been fairly and adequately represented during settlement negotiations by experienced counsel; and (6) the reaction of the class to the proposed settlement. *See id.* (noting that the relative importance of each of these factors will depend on the circumstances of the case); *see also* Schwarzer, *et al.*, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group) § 10:849 (rev. #1 2008) (listing factors). Here, all of the relevant factors weigh in favor of final approval.

**B.      All of the Pertinent Facts Weigh in Favor of Final Approval.**

**1.      Strength of the Case.**

Plaintiffs' counsel have analyzed and evaluated the merits of Plaintiffs' claims against ARCC, ARCC's defenses, and the impact of the Settlement Agreement on Plaintiffs and the Class Members. Specifically, while Plaintiffs' counsel believe that Plaintiffs' claims are meritorious, Plaintiffs' counsel have also considered factors such as: ARCC's potential insolvency and inability to satisfy a full judgment; the risk that Plaintiffs would not succeed in obtaining and

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

enforcing a judgment against Defendant von Eschen in his individual capacity as Plaintiffs' joint employer; the possibility of reversal on appeal on the "organized camp" exemption; and the potential that Plaintiffs would be unable to establish willfulness. Plaintiffs have detailed these considerations at length in their Preliminary Approval Motion (ECF No. 145) at 12-14, and in their Supplemental Statement in Support of Preliminary Approval Motion (ECF No. 157) at 3-8. Taking these factors into account, Class Counsel assessed the strength of this matter and believe that the settlement is fair and reasonable. Schwartz Decl. ¶ 6.

### 2. Size of the Claims and Amount Offered to Settle Them.

The Notice of Settlement provided information regarding the nature of the claims, the amount each Class Member could expect to receive, and the formula used to calculate the Settlement Sums. *See* Butler Decl. Ex. B. This Notice and Claim Form thus provided the Class Members with accurate information on the value of the settlement potentially available to them. Notably, the Class Members reacted favorably to the offered settlement, with no Class Members objecting and zero class members opting out. The average recovery per Class Member participating is a substantial sum, considering the short duration of their work for Defendants and the ratio between the average settlement amount and the average total wages that ARCC Trip Leaders received when they were paid by ARCC – an average recovery of approximately $1,000 per Class Member, compared to average wages per trip led of approximately $1,200. Schwartz Decl. ¶ 4.

Plaintiffs believe the recovery is substantial, especially as its adequacy must be judged as "a yielding of absolutes and an abandoning of highest hopes . . . Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation. . ." *Officers for Justice*, 688 F.2d at 624 (citations omitted). Accordingly, the Settlement is not to be judged against a speculative measure of what might have been achieved. *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). In addition, the Court should consider that the Settlement provides for payment to the Class now, rather than a speculative payment many years down the road. *See, e.g.*, *City of Detroit v. Grinnell Corp.*, 495 F.2d 448,

9

463 (2d Cir. 1974) (abrogated on other grounds). Therefore, considering the present value of Settlement and the Class Members' full knowledge of their claims and their estimated settlement award, the Settlement amount obtained by Plaintiffs is well within the range of reasonableness.

### 3. The Risk, Expense, Complexity and Likely Duration of Further Litigation.

Class Members will receive settlement payments without waiting years for payment, and without facing substantial risk of non-recovery, including the risk of delay and discounted payments in a bankruptcy proceeding. Further litigation of this matter would not serve the interests of the Class Members, because it could require each Class Member to offer individualized evidence, and perhaps more importantly, the delay, uncertainty and litigation costs associated with such efforts would be significant, without any assurance of recovery. *See In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) ("[T]he law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."). By the same token, further litigation would result in a significant delay of eventual payments to Class Members, if any. Under the Settlement Agreement, however, it is anticipated that participating Class Members will be mailed their payments 10 days after the Date of Finality (i.e., the later of (i) the date Court both enters an order granting Final Approval of the settlement reflected in this Agreement, and dismisses the Action with prejudice, or (ii) the date the Order Granting Final Approval of Class Settlement and/or other Judgment becomes Final). *See* ECF No. 149-1 (Settlement Agreement) at 6, 19.

Consequently, this factor supports granting Final Approval here. The Settlement affords the Class prompt and substantial relief, while avoiding significant legal, enforceability, and factual hurdles that otherwise may have prevented the Class from obtaining any recovery at all. While Class Counsel believe that Plaintiffs' claims are meritorious, they are experienced and understand that the outcome of class certification, trial and any attendant appeals, and enforcement efforts, are inherently uncertain.

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

### 4. The Stage of the Proceedings.

The Settlement Agreement was reached following litigation of several major issues in the case which clarified the scope of potential liability, and two mediation sessions with Barry Winograd, a widely respected mediator with significant experience in mediating wage and hour class action disputes. Schwartz Decl. ¶ 7. Counsel, who are experienced in wage and hour class actions, continued negotiating and exchanging information, in consultation with bankruptcy counsel, and eventually were able to obtain sufficient information to evaluate the strengths and weaknesses of the claims and defenses, whether to pursue litigation or settle, and the appropriate settlement value for the claims at issue in light of ARCC's financial condition. *Id.* As such, the litigation had reached a stage where "the parties certainly [had] a clear view of the strengths and weaknesses of their cases." *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y 1985), *aff'd* 798 F.2d 35 (2d Cir. 1986). Therefore, review of the stage of proceedings and discovery also favors approval of the Settlement.

### 5. Class Representation.

The Class Members have been represented by attorneys who are experienced in the areas of law at issue here. *See generally* ECF Nos. 166, 167 (Schwartz and Lowe Declarations in support of fees/costs motion). The undersigned firm (Bryan Schwartz Law) has negotiated wage/hour class action settlements granted approval by several judges of this Court, including Judges White, Wilken, Illston, and Armstrong. Schwartz Decl. ¶ 8. As set forth more fully in documents submitted with the motion for attorneys' fees and costs, Class Counsel have significant experience in both the substance of wage and hour claims and the procedures for class and collective actions. Class Counsel wholly support approval of this Settlement and respectfully submit that their support should be accorded significant consideration. Schwartz Decl. ¶¶ 5-6; *see also* David Lowe Declaration in Support of Motion for Attorneys' Fees and Costs, ECF No. 167 ¶ 37. "'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because 'parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation' [and] [t]hus, 'the trial judge, absent fraud,

collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'" *Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citations omitted). In addition, and as explained in the context of the Motion for Preliminary Approval, the proposed settlement was the product of arm's-length (and often contentious) bargaining and was conducted before an experienced mediator. Schwartz Decl. ¶ 7.

The Class Representatives, Mr. Wright and Ms. Trame, have also ably represented the Class. As discussed in the submission in support of preliminary approval, and as discussed regarding enhancements, *infra*, the Class Representatives have remained very engaged in the litigation, twice attended mediations, provided four declarations each in support of motions, maintained no conflicts with class, and persevered in the litigation despite being attacked with counterclaims, hostile letters and emails.

### 6.      The Reaction of the Class to the Proposed Settlement.

The Ninth Circuit and other federal courts have made clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976); *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy" (internal quotation marks and citation omitted)). On one hand, numerous federal courts have held that a relatively high percentage of objectors or opt outs will not necessarily preclude approval of a class settlement. *See, e.g.*, *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 23 (2d Cir. 1987) (citing numerous cases in which class settlements were approved despite the fact that significant percentages, ranging from 15% to 56%, of relevant Class Members opted out of the settlement or otherwise objected). At the same time, other courts have made clear that a relatively low percentage of objectors or opt outs is a very strong sign of fairness that factors heavily in favor of approval. *See Cody v. Hillard*, 88 F. Supp. 2d 1049, 1059-60 (D.S.D. 2000) (approving the relevant settlement in large part because only 3% of the apparent class had objected to the settlement); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) (approving the relevant settlement and affording "substantial weight" to the fact that fewer than 5% of the class members elected to opt out of the settlement);

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

*In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (N.D. Ohio 1983) (approving the settlement and holding that the fact that none of the class members had objected and a small percentage opted out of the settlement was "entitled to nearly dispositive weight").

In this case, *not one* Class Member has objected to or opted out of the settlement. Butler Decl. ¶ 17. Out of 369 Settlement Class Members, 297 have made claims. *Id.* ¶ 15. The remainder have not responded to the notice, despite repeated attempts to contact them by mail, email, telephone and other means. *Id.* ¶¶ 1-16; Schwartz Decl. ¶ 10. Both the settlement administrator and the parties have made extensive efforts to increase the level of the claims rate. Schwartz Decl. ¶ 10. However, because this settlement is not reversionary, the claiming Settlement Class Members will receive a pro-rata increase in their settlement amounts, and none of the Settlement Funds will revert to Defendant. *See* Settlement Agreement (ECF No. 149-1) at 7.

In sum, all of the relevant factors demonstrate that this is a fair, adequate and reasonable settlement, and final approval is therefore appropriate.

**C.   The Class Representatives' Requested Enhancement Payments Are Appropriate.**

The Class Representatives' requested enhancement payments of $15,000 each are appropriate and within the range of such awards commonly provided in litigation of this nature, as argued extensively in Plaintiffs' Motion for Preliminary Approval (ECF No. 145, at 18-21) and Supplemental Statement in Support of Motion for Preliminary Approval (ECF No. 157, at 9-14).

As set forth in the Motion for Preliminary Approval, the two named Plaintiffs experienced financial and reputational risks, consisting of, among other things, a letter from the Defendant threatening that:

> "This [lawsuit] is going to cost you a great deal of money, likely much more than you will receive from the lawsuit against ARCC: I'm not sure if your lawyers have told you this, but because they initiated these proceedings, we are compelled at this time to file a countersuit against you … for breach of contract. … I say all this not to scare you, but to give you a realistic view of the impact on your life if we continue to move forward. [Plaintiffs] are the ones putting your professional reputations and bank accounts at risk … *Even if you win the case, [your attorneys will] pocket the money and you are left with tattered reputations and substantial legal bills.*

13

*See* Declaration of Peter Wright (ECF No. 146) in Support of Plaintiffs' Motion for Preliminary Approval ("Wright Decl.") ¶ 12. Defendants did, in fact, file counterclaims against the Representative Plaintiffs, exposing Plaintiffs to personal liability. Defendants also widely disseminated correspondence to current and former Trip Leaders tarnishing the Representative Plaintiffs' reputation within the industry. *See* Prelim. Approval Mot. at 19.

The Class Representatives estimate that they have each spent over 100 hours of time on this case, including two days of mediation, the time required to review, revise, and finalize four declarations each, and the time to consult extensively with Plaintiffs' counsel, both before and after the case was filed. *Id.* at 20 (citing Wright, Trame and Schwartz Decls. in support of Preliminary Approval Motion). As reflected in the Representative Plaintiffs' declarations, the requested enhancement is appropriate to compensate them for the costs that representing the Class has imposed on them. *Id.*

As discussed in significant detail in Plaintiffs' Supplemental Statement in Support of the Preliminary Approval Motion, Plaintiffs Wright and Trame are executing a much broader waiver of claims, including the retaliation claims, and the case law supports a request for enhancements under these circumstances. *See* Supp. Stmt. (ECF No. 157) at 9-14.

Undersigned counsel believes that $15,000 is the minimum enhancement in a case of this nature which would viably promote the public policy interest in encouraging those with wage/hour claims to assert them, despite the fears associated with doing so. Schwartz Decl. in Supp. of Prelim. Appr. Mot. (ECF No. 149) ¶ 14.

**D.     The Requested *Cy Pres* Beneficiaries Are Appropriate**

The Court's Order on Plaintiffs' Motion for Preliminary Approval stated that "[t]he *cy pres* recipients identified in the Settlement, Legal Aid Society-Employment Law Center and Summer Search, appear to meet the tests under *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2013), 'that there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries.'" ECF No. 164 ¶ 6.

For the reasons stated in Plaintiffs' Motion for Preliminary Approval, the *cy pres* beneficiaries are appropriate. This case is a workers' rights suit seeking minimum wages in

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

California, among other claims, to benefit summer trip leaders. The Legal Aid Society–Employment Law Center (www.las-elc.org) is the leading provider of direct legal services in employment law for low-wage workers in California. Schwartz Decl. ¶ 11. Summer Search describes itself on its website as having a mission to find "resilient low-income high school students and inspire them to become responsible and altruistic leaders by providing year-round mentoring, life-changing summer experiences, college advising, and a lasting support network." *See* http://www.summersearch.org/about/what.aspx. As such, it is related to ARCC's purpose and the purpose of the suit to benefit the Class of Trip Leaders. The Court should approve these beneficiaries.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs, on their own behalf and on behalf of the Settlement Class Members, respectfully request that this Court grant final approval of the class settlement reached in this matter, award each class representative a $15,000 enhancement, and enter the proposed judgment accordingly.


Dated: December 9, 2013                    /s/ *Bryan J. Schwartz*
                                           Bryan J. Schwartz, Class Counsel
                                           BRYAN SCHWARTZ LAW
                                           RUDY EXELROD ZIEFF & LOWE

MOTION FOR FINAL APPROVAL
CV 12-00982 EMC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PETER WRIGHT and MICHELLE TRAME,
individually, on behalf of all others similarly
situated, and on behalf of the general public,

        Plaintiffs,

        v.

ADVENTURES ROLLING CROSS
COUNTRY, Inc., dba ADVENTURES
CROSS COUNTRY (ARCC), a California
Corporation, SCOTT VON ESCHEN, and
DOES 1 through 50 inclusive

        Defendants.

_____/

Case No. CV 12-00982 EMC

**[PROPOSED] ORDER GRANTING
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Date:     January 23, 2014
Time:    1:30 p.m.
Place:   Courtroom 5, 17th Floor

    Hon. Edward M. Chen

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

       Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement came before this Court on January 23, 2014. The proposed settlement in this case was preliminarily approved by this Court on September 24, 2013. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the Parties and has heard arguments presented by counsel at the hearing.

For the reasons cited herein, the Court hereby grants final approval of the Class Settlement based upon the terms set forth in the Preliminary Approval Order and the Settlement Agreement filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Class.

1.      Except as otherwise specified herein, for purposes of this Order, the Court adopts and incorporates by reference all defined terms set forth in the Settlement Agreement.

2.      The Court finds that this action satisfies the requirements for class action settlement under Rule 23 and further finds that the Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.

3.      The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. Efforts were also made to contact Class Members by telephone and e-mail. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for incentive payments to the Named Plaintiffs, and Class Counsel's request for an award of attorneys' fees and costs.

4.      The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

5.      The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the Parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act 29 U.S.C. § 200 *et seq*. The Court finds that the uncertainty and delay of further litigation, as well as the risk of insolvency of the Defendants, strongly supports the reasonableness and adequacy of the $500,000 Settlement Fund established pursuant to the Settlement Agreement.

6.      Out of the identified Class Members who were notified, none have objected to any aspect of the proposed settlement. The reaction of the Class to the proposed settlement (with more than 85% settlement class members affirmatively opting into the settlement class) strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

[PROPOSED] ORDER GRANTING MOTION
FOR FINAL APPROVAL, CV 12-00982 EMC

7.      The Settlement is HEREBY APPROVED in its entirety and the releases encompassed therein are effectuated.

8.      The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Motion for Preliminary Approval of Class Action Settlement, granted on September 24, 2013.

9.      Representative Plaintiffs Peter Wright and Michelle Trame are hereby awarded $15,000 each for their time and effort in pursuing this litigation, and in recognition of their broader releases and the hardships they faced in representing the class.

10.     Plaintiffs' application for Attorneys' fees in the amount of $166,666.67 and litigation costs in the amount of $13,314.72 is hereby granted in accordance with *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007*); Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003); and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Further, the Court approves $14,000 for the Settlement Administrator, Simpluris, Inc.

11.     The Court approves the *cy pres* recipients identified in the Settlement: Legal Aid Society-Employment Law Center, and Summer Search, which meet the test under *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2013) that "there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries."

12.     If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Order and Judgment and all orders entered in connection herewith shall be vacated and shall have not further force or effect.

13.     The Court hereby enters Judgment approving the terms of the Settlement. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

//

//

//

//

//

3

[PROPOSED] ORDER GRANTING MOTION
FOR FINAL APPROVAL, CV 12-00982 EMC

14.    This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction regarding over the disbursement of the Settlement Fund.

Dated: _____1/24_____ 2014



_____

HONORABLE
UNITED

APPROVED
Judge Edward M. Chen

[PROPOSED] ORDER GRANTING MOTION
FOR FINAL APPROVAL, CV 12-00982 EMC

# EXHIBIT 7

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Terry P. Boyd, Ethel Joann Parks, Sonia Medina, Linda Zanko, and Victor Galaz individually, on behalf of others similarly situated, and on behalf of the general public,

     Plaintiffs,

 vs.

Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1-10, inclusive

     Defendants.

Case No. SA13-CV-00561 DOC (JPRx)

**ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [387]**

Date:  January 19, 2016
Time:  8:30 a.m.
Place:  Courtroom 9D, Santa Ana
Hon. David O. Carter

   The Parties came for hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement on January 19, 2016 at 8:30 a.m. in the District Court for the Central District of California, the Honorable David O. Carter presiding. The proposed settlement in this case was preliminarily approved by this Court on September 28, 2015. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of

1

Civil Procedure 23(e). The Court has reviewed the materials submitted by the Parties and has heard arguments presented by counsel at the hearing.

For the reasons cited herein, the Court hereby grants final approval of the Settlement based upon the terms set forth in the Preliminary Approval Order and the Settlement Agreement filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Staff Appraiser California and Collective Classes (collectively, the "Settlement Class").

1. Except as otherwise specified herein, for purposes of this Order, the Court adopts and incorporates by reference all defined terms set forth in the Settlement Agreement.

2. The Court finds that this Settlement satisfies the requirements for class action settlement under Rule 23 and further finds that the Settlement Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.

3. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members, after first processing such addresses through the U.S. Postal Service change-of-address database, as stated in the declaration of the Claims Administrator. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. Efforts were also made to contact Settlement Class Members by telephone and e-mail. Furthermore, a private investigator was engaged to locate two class members with out-of-date contact information. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for service payments to the Class Representatives, Class Member Deponents, and Class Member Discovery Respondents, and Class Counsel's request for an award of attorneys' fees and costs.

4. The Court finds that the Notice given to the Settlement Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process

2

concerns, and provides the Court with jurisdiction over the Settlement Class Members.

5.   The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the Parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*. The Court finds that the uncertainty and delay of further litigation support the reasonableness and adequacy of the $36,000,000 Settlement Fund established pursuant to the Settlement Agreement.

6.   Out of the identified Settlement Class Members, none has objected to any aspect of the proposed Settlement, and none has opted out of the proposed Settlement. The reaction of the Settlement Class to the proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

7.   The Settlement is HEREBY APPROVED in its entirety and the releases encompassed therein are effectuated.

8.   The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Motion for Preliminary Approval of Class Action Settlement, granted on September 28, 2015.

9.   Representative Plaintiffs Terry Boyd, Ethel Joann Parks, Sonia Medina, and Linda Zanko are each hereby awarded $25,000 for their time and effort in pursuing this litigation, and in recognition of the broader releases they have signed and the hardships they faced in representing the class.

10. Class Member Deponents, as that term is defined in the Settlement Agreement, are each hereby awarded $2,000 for their time and effort in providing deposition testimony in support of the class claims.

11. Class Member Discovery Respondents, as that term is defined in the Staff Appraiser Settlement Agreement, are each hereby awarded $1,000 for their time and effort in providing document and interrogatory discovery responses in support of the class claims.

12. Plaintiffs' application for Attorneys' fees in the amount of $12,000,000 and reimbursement of litigation costs in the amount of $175,528.54 is hereby granted in accordance with *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003), and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In addition, the Court finds that the fee rates set forth in Plaintiffs' application for Attorneys' fees are fair and reasonable. *See* ECF Nos. 380-1 and 381-1. Further, the Court approves payment of $19,608.88 for the Settlement Administrator, Kurtzman Carson Consultants LLC.

13. The Court approves the *cy pres* recipient identified in the Settlement: Legal Aid Society-Employment Law Center, which meets the test under *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2013) that "there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries."

14. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $75,000 as its share of the settlement of civil penalties under the Private Attorney General Act in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Fund in accordance with the Settlement Agreement.

15. Neither this Order nor the Settlement Agreement constitutes an admission or concession by any of the released parties of any fault, omission, liability or wrongdoing. This order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendants. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, Defendants, or the Class Members.

16. The Court hereby enters Judgment approving the terms of the Settlement. This document shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure, and

the Settlement Class Members are barred and permanently enjoined from initiating or prosecuting the Released Claims as defined in the Agreement.

The claims of the Settlement Class Members are hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction over the disbursement of the Settlement Fund.

IT IS SO ORDERED

DATED: January 19, 2016

_David O. Carter_
HON. DAVID O. CARTER
UNITED STATES DISTRICT COURT

ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; 13-CV-00561 DOC (JPRx)