UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ALABSI,<br>　　　　Plaintiff,<br>　　v.<br>SAVOYA, LLC,<br>　　　　Defendant. | Case No. 18-cv-06510-KAW<br><br>**ORDER RE SUPPLEMENTAL BRIEFING ON MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 62 |

The Court has reviewed Plaintiff's motion for preliminary approval, and hereby orders the parties to provide a joint supplemental brief regarding the following issues. The supplemental briefing shall be filed no later than **December 2, 2019**. The hearing on Plaintiff's motion for preliminary approval is CONTINUED to **December 19, 2019** at **1:30 p.m.**

   A.   **Range of Reasonableness**

At the preliminary approval stage, courts in this district "have stated that the relevant inquiry is whether the settlement falls within the range of possible approval or within the range of reasonableness." *Cotter v. Lyft*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (internal quotation omitted). "In determining whether the proposed settlement falls within the range of reasonableness, perhaps the most important factor to consider is plaintiff's expected recovery balanced against the value of the settlement offer." *Id.*; *see also O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1120-21 (N.D. Cal. 2016). This determination "requires evaluating the relative strengths and weaknesses of the plaintiffs' case; it may be reasonable to settle a weak claim for relatively little, while it is not reasonable to settle a strong claim for the same amount." *Cotter*, 176 F. Supp. at 936 (citing *In re High-Tech Emp. Antitrust Litig.*, Case No: 11-cv-2509-LHK, 2014 WL 3917126, at *4 (N.D. Cal. Aug. 8, 2014). Furthermore, the Ninth Circuit has

recognized that where no class has been formally certified, "there is an even greater potential for a breach of fiduciary duty owed the class during settlement. Accordingly, such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Signs of collusion that the Court must consider include: (1) whether counsel receives a disproportionate distribution of the settlement, (2) where the parties negotiate a "clear sailing" provision for payment of attorneys' fees separate and apart from class funds; and (3) when the parties arrange for fees not awarded to revert to the defendants. *Id.*

In the instant case, Plaintiff brings employment misclassification claims, including failure to pay minimum wage and overtime, failure to reimburse drivers for expenses, failure to provide meal and rest periods, failure to provide accurate itemized wage statements, waiting time penalties, and civil penalties pursuant to the Private Attorney Generals Act ("PAGA"). (First Amended Compl. ("FAC") at 1-2, Dkt. No. 29.) Plaintiff estimates that the unpaid wages (including missed meal and rest breaks) is $639,000, while the unreimbursed expenses is $637,000, for a total of $1,312,000. (Pl.'s Mot. at 14, Dkt. No. 62.) The Court requires further information on how Plaintiff calculated the estimated value of these claims, as Plaintiff provides no information on his calculations. (*See* Schwartz Decl. ¶ 24, Dkt. No. 62-2.) Thus, the Court is unable to verify the accuracy of the calculations, and cannot determine if the settlement does, in fact, fall within the range of reasonableness.

Additionally, Plaintiff provides no estimate for the failure to provide accurate wage statements, waiting time penalties, and civil penalties pursuant to PAGA. While Plaintiff contends that a court may calculate settlement reasonableness without considering penalties, the Court will require such information to determine the reasonableness of the settlement.[1]

---

[1] Plaintiff cites to *Rodriguez v. West Publishing Corp.*, which found that a court is not obliged to consider estimated treble damages in every antitrust class action. 563 F.3d 948, 955 (9th Cir. 2009). Indeed, several courts in this district have raised concerns where counsel failed to properly consider the value of the PAGA claims. *See Cotter*, 176 F. Supp. 3d at 931-32 (denying preliminary approval where the settlement's treatment of PAGA penalties was "arbitrary"); *O'Connor*, 201 F. Supp. 3d at 1132 (finding "the parties' inclusion of waiver of PAGA claims as

B. **Settlement Administration**

The parties must explain what the expected costs of the class action administration will be. The Class Action Notice ¶ 10(a)(i) should also be updated accordingly.

C. **PAGA Penalty**

The parties must clarify if the $7,500 PAGA penalty goes to the Labor Workforce Development Agency ("LWDA") alone, or if it is subject to the Labor Code § 2699(i), which distributes civil penalties as 75% to the LWDA and 25% to the aggrieved employees.

D. **Class Action Fairness Act ("CAFA") Notice**

CAFA requires that notice of a settlement be given to the appropriate government officials. 28 U.S.C. § 1715(b). The parties should address whether CAFA notice is required and, if so, when it will be given.

E. **Class Notice (Exhibit A of Settlement Agreement)**

    **i. Paragraph 9**

The parties shall include information as to the Court-appointed settlement administrator, and provide contact information for the settlement administrator. Otherwise, the only contact information for the settlement administrator is in Paragraph 13, which concerns exclusions from the class settlement.

    **ii. Paragraph 10(a)(ii) (Attorneys' Fees and Expenses)**

The first sentence should be corrected as follows: "Class Counsel will ask the Court to approve a Fee and Expense Award **of** $187,500, plus reimbursement of the reasonable litigation expenses Class Counsel has incurred."

    **iii. Paragraph 11 (Class Release)**

The parties shall add a plain language explanation for what claims the class members will be releasing. It is inadequate to only quote the settlement agreement language, which, in this case, is difficult for a layperson to follow.

    **iv. Paragraphs 16 and 17**

---

part of the settlement considerably alters the Court's assessment of the fairness and adequacy of the settlement as a whole").

3

Paragraph 16 should be modified to be consistent with the Northern District of California's Procedural Guidance for Class Action Settlements regarding objections. Additionally, it is not clear why class members should be required to mail objections to both Plaintiff's and Defendant's counsel when objections will be submitted to the Court and filed on the docket.

Paragraph 17 should be modified to remove any unnecessary language that is already contained in Paragraph 16, as modified.

### v. Paragraph 21

The Class Notice should be modified so that class members may contact class counsel (and/or the settlement administrator, if appropriate) regarding the final approval hearing. Information on the final approval hearing should also be included on the settlement website.

### vi. Paragraph 23

Paragraph 23 refers to a website that will contain the settlement agreement. The website should also include the class notice, motions for approval and for attorney's fees, and other important documents in the case (*i.e.*, the operative complaint). The class notice language should be updated accordingly.

Paragraph 23 should also be corrected as follows: "by contacting class counsel at rchin@bryanschwartzlaw.com, **or** by accessing the Court docket in this case, for a fee . . . ."

IT IS SO ORDERED.

Dated: November 13, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge